IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN CLARK,

*Plaintiff,*

v.

TIDEWATER MACK, INC., et al.,

*Defendants.*

Case No. 1:07cv00883 (RJL)
Next Deadline: June 7, 2007
(Responsive Pleadings Due)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TIDEWATER'S CONSENT MOTION FOR ENLARGEMENT OF TIME IN WHICH TO FILE A RESPONSIVE PLEADING**

Defendant Tidewater Mack, Inc. ("TMI"), by counsel and pursuant to Rules 6 and 7 of the Federal Rules of Civil Procedure, hereby files this Memorandum of Points and Authorities in Support of Defendant Tidewater's Consent Motion for Enlargement of Time in Which to File a Responsive Pleading.

**STATEMENT OF FACTS**

Plaintiff Joan Clark ("Clark") filed the instant action on May 10, 2007. In her complaint ("Complaint"), Clark alleges that Defendant John Doe ("Doe") negligently collided a 2003 Jaguar into Clark's vehicle, causing Clark serious personal injuries. (Compl. ¶¶ 10, 15.) Clark further alleges that "one or more of the defendants" owned the automobile driven by Doe, and that those defendants negligently "failed to secure and/or control their vehicle." (Compl. ¶ 14.) Clark served TMI with process on May 18, 2007. (Affidavit of Donald C. Schultz ("Schultz Aff."), attached as **Exhibit 1**, at ¶ 3.)

Upon receipt of service, TMI's counsel, the Law Offices of Crenshaw, Ware & Martin, P.L.C. ("Norfolk Counsel") notified Plaintiff's counsel that "[a]t no time has [TMI] had any

interest in the vehicle described in the Complaint." (Letter from D. Schultz to E. McIntosh, dated May 30, 2007, attached as **Exhibit 2**.) Norfolk Counsel accordingly requested that Clark dismiss the suit as it pertains to TMI. (Id.)

Upon further investigation, Norfolk Counsel learned from TMI that it does not sell Jaguar automobiles, nor has it ever owned the Jaguar referenced in the Plaintiff's Complaint. (Schultz Aff. at ¶ 4.) Indeed, on June 8, 2007, the Virginia Department of Motor Vehicles ("DMV") confirmed with TMI orally that TMI did not hold title to the vehicle described in the Complaint. (Id.) TMI currently seeks a record from DMV attesting to this fact. (Id.)

On June 4, 2007, Norfolk Counsel again explained that TMI was improperly named in this action because it did not have any interest in the automobile alleged to have caused Clark her injuries. (See Letter from D. Schultz to E. McIntosh, dated June 4, 2007, attached as **Exhibit 3**.) Plaintiff's counsel suggested to Norfolk Counsel he would issue a subpoena to the Washington, D.C. police department in an effort to retrieve information concerning the ownership of the 2003 Jaguar at issue. (Id.) Plaintiff's counsel agreed to grant Norfolk Counsel's request for an extension of time in which to file responsive pleadings to August 6, 2007. (Id.) By letter dated June 4, 2007, Norfolk Counsel notified and confirmed this agreement with the Court. (Id.)

On June 11, 2007, Norfolk Counsel received a telephone call from this Court. (Schultz Aff. at ¶ 5.) The Court indicated that a request for an enlargement of time in which to file a responsive pleading, such as the request at issue in this case, must be made by motion. (Id.)

TMI immediately secured McGuireWoods LLP as local counsel to file the instant Motion. (Id. at ¶ 5.)

## ARGUMENT

This Court should grant TMI's Consent Motion for Enlargement in Which to File Responsive Pleadings because (1) TMI satisfied the Federal Rules by notifying this Court of the extension request several days before its responsive pleadings were due, and, in any event, (2) TMI's failure to file a responsive pleading within the time prescribed by Rule 12 constitutes excusable neglect.

### A. This Court Should Grant TMI's Motion Because The Extension Request Was Made Before Its Responsive Pleadings Were Due.

This Court should grant TMI's unopposed extension request because it notified this Court of its agreed extension three days before TMI's responsive pleadings were due.

Rule 12 of the Federal Rules of Civil Procedure requires that a defendant shall serve an answer within 20 days after being served with the summons and the complaint. Rule 6(b)(1) provides that when an act an act required by the Federal Rules must be done within a specified time, a court, for cause shown, may at any time in its discretion order the period in which to act enlarged if the extension request is made before the expiration of the period originally prescribed by the Rules.

Here, Clark served TMI on May 18, 2007, and so TMI's responsive pleadings were due on June 7, 2007. TMI secured an agreed extension to August 6, 2007, from Plaintiff's counsel on June 4, 2007. By letter dated June 4, TMI notified this Court that a request for an extension had been granted by Plaintiff's counsel. Clearly, this Court was aware of the request for an extension prior to the June 7, 2007 deadline. Accordingly, this Court should grant TMI's consent motion.

**B. This Court Should Grant TMI's Motion Because TMI's Failure to File a Responsive Pleading By June 7, 2007 Is – At Worst – Excusable Neglect.**

Even if this Court determines that TMI's June 4, 2007 letter notifying the Court of the parties' agreed extension does not constitute a "request made before the expiration of the period originally prescribed," it should grant TMI's consent motion because its failure to file a responsive pleading by June 7 was, at worst, excusable neglect.

Rule 6(b) provides that when an act an act required by the Federal Rules must be done within a specified time, a court, for cause shown, may at any time in its discretion order the period in which to act enlarged if the failure to act was the result of excusable neglect. Whether a party's neglect is excusable is an equitable one, taking into account all relevant circumstances surrounding the party's omission. *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 55 -56 (D.D.C. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). The court must consider the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*; *see also Smith v. District of Columbia,* 430 F.3d 450, 456 n. 5 (D.C. Cir. 2005).

In this case, there is no prejudice to Clark, the short delay has no impact on the proceedings in this case, and TMI at all times has acted responsibly and in good faith. Three days before TMI's responsive pleadings were due, TMI secured Clark's agreement to extend the time in which to file a responsive pleading to August 6, 2007. Relying on its agreement with Clark, TMI did not file responsive pleading on or before June 7, 2007. Clark, however, clearly is not prejudiced by TMI's omission because she continues to agree to the enlargement of time and consents to this motion.

Furthermore, the delay in filing a responsive pleading actually is predicated on the responsible conduct of Norfolk Counsel from the time Clark served TMI. Since that time, Norfolk Counsel has indicated to Plaintiff's counsel that TMI is not a proper party to this action. Norfolk Counsel allowed Plaintiff's counsel to further investigate TMI's claim that it never owned the 2003 Jaguar at issue in this case. By allowing Plaintiff's counsel more time to investigate TMI's claims, Norfolk Counsel hoped to conserve the resources of Plaintiff, TMI, and this Court by seeking to avoid the more expensive alternative – filing a Motion for Summary Judgment. Furthermore, the delay in proceedings is negligible at best because this motion is filed only three business days after responsive pleadings were due, and only five business days after it secured the extension agreement from Plaintiff's counsel.

Finally, TMI has at all times acted in good faith. TMI has been actively responsive since being served with the Complaint, has engaged Plaintiff's counsel several times to discuss this action, and immediately responded to this Court's indication that a request for enlargement must be done by motion.

TMI's failure to file a responsive pleading by June 7, 2007, constitutes, at worst, excusable neglect. Indeed, TMI was and remains responsible and responsive to the Plaintiff.

## CONCLUSION

For the foregoing reasons, this Court should grant TMI's Consent Motion for Enlargement of Time in Which to File Responsive Pleadings, and order that TMI's responsive pleadings are due on or before August 6, 2007.

**NO ORAL ARGUMENT REQUESTED.**

Dated: June 12, 2007

Respectfully Submitted,

**TIDEWATER MACK, INC.**

*By Counsel*

**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22101-3892
Tel: (703) 712-5000
Fax: (703) 712-5220

Aramana

M. Melissa Glassman, Esq. (D.C. Bar No. 417074)
Anand V. Ramana, Esq. (D.C. Bar No. 489478)

**OF COUNSEL:**

**CRENSHAW, WARE, & MARTIN, P.L.C**
1200 Bank of America Center
One Commercial Place
Norfolk, Virginia 23510
Tel: (757) 623-3000
Fax: (757) 623-5735

Aramana for D.C. Schultz, Esq.

Donald C. Schultz, Esq. (*not admitted to this bar*)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2007, I served a true and correct copy of the foregoing document via first-class U.S. mail on:

Ernest W. McIntosh, Jr., Esq.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814
*Counsel for Plaintiff*

Anand V. Ramana

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK,<br>*Plaintiff*,<br>v.<br>TIDEWATER MACK, INC., et al.,<br>*Defendants*. | Case No. 1:07cv00883 (RJL)<br>Next Deadline: June 7, 2007<br>(Responsive Pleadings Due) |

**AFFIDAVIT OF DONALD C. SCHULTZ, ESQ.**

I, Donald C. Schultz, state and declare as follows:

1. I, Donald C. Schultz, am over the age of 18 years and am competent to testify in this matter. Furthermore, I have personal knowledge of the matters about the matters that I herein testify. I am a resident of the Commonwealth of Virginia.

2. I am a partner at the Law Offices of Crenshaw, Ware & Martin, P.L.C., with its offices located in Norfolk, Virginia. My law firm is counsel to Tidewater Mack, Inc. ("TMI").

3. The Plaintiff in this matter, Joan Clark, served TMI with process on May 18, 2007.

4. TMI has informed me that it does not sell Jaguar automobiles and that it has never owned the Jaguar referenced in the Plaintiff's Complaint. TMI has informed me that on June 8, 2007, the Virginia Department of Motor Vehicles ("DMV") confirmed with TMI orally that TMI did not hold title to the vehicle described in the Complaint. TMI currently seeks a record from DMV attesting to this fact.





5. On June 11, 2007, I received a telephone call from this Court. The Court indicated that a request for an enlargement of time in which to file a responsive pleading, such as the request at issue in this case, must be made by motion.

I immediately secured McGuireWoods LLP as local counsel to file the Unopposed Motion for Enlargement of Time in Which to File a Responsive Pleading.

Further The Affiant Sayeth Not.

Executed this 12th day of June, 2007.

Donald C. Schultz, Esq.
Partner
Law Offices of Crenshaw, Ware & Martin, P.L.C.

COMMONWEALTH OF VIRGINIA )
~~COUNTY~~ CITY OF NORFOLK ) TO WIT:

This day, personally appeared before me, Donald C. Schultz, Esq., who made oath that the foregoing statements are true and correct to the best of his knowledge, information and belief, based upon information provided to him.

Subscribed and sworn to before me this 12th day of June, 2007.

Glenda T. Gant
Notary Public

My commission expires: August 31, 2007.

LAW OFFICES
CRENSHAW, WARE & MARTIN, P.L.C.
1200 BANK OF AMERICA CENTER
ONE COMMERCIAL PLACE
NORFOLK, VIRGINIA 23510

TELEPHONE (757) 623-3000
FACSIMILE (757) 623-5735

DONALD C. SCHULTZ
EMAIL: dschultz@cwm-law.com

May 30, 2007

**VIA FACSIMILE AND FIRST-CLASS MAIL**
Ernest W. McIntosh, Jr., Esq.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814

Re: *Joan Clark v. Tidewater Mack, Inc., et al.*
U.S. District Court (D.C.) Case No. 1:07cv00883

Dear Mr. McIntosh:

This law firm represents Tidewater Mack, Inc., a named defendant in the suit that you filed on behalf of Joan Clark. Tidewater Mack sells trucks and truck equipment. At no time has it had any interest in the vehicle described in the Complaint.

If you have evidence that contradicts this set of facts, please provide it to me immediately; otherwise, I respectfully request that you dismiss the suit as it pertains to Tidewater Mack.

I appreciate your prompt attention to this request and look forward to hearing from you.

Very truly yours,

Donald C. Schultz

DCS/gtg

cc: Mr. John C. Doub

CW &M Est. 1923

EXHIBIT 2

LAW OFFICES
**CRENSHAW, WARE & MARTIN, P.L.C.**
1200 BANK OF AMERICA CENTER
ONE COMMERCIAL PLACE
NORFOLK, VIRGINIA 23510

TELEPHONE (757) 623-3000
FACSIMILE (757) 623-5735

DONALD C. SCHULTZ
EMAIL: dschultz@cwm-law.com

June 4, 2007

**VIA FACSIMILE AND FIRST-CLASS MAIL**
Ernest W. McIntosh, Jr., Esq.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814

Re: *Joan Clark v. Tidewater Mack, Inc., et al.*
U.S. District Court (D.C.) Case No. 1:07cv00883

Dear Mr. McIntosh:

This letter will confirm our telephone conversation earlier today in which you granted Tidewater Mack, Inc., an extension of time to file pleadings in response to the above-referenced Complaint to August 6, 2007. During this time you will subpoena the Washington, D.C., police department in an effort to ascertain information concerning the ownership of the vehicle referenced in your Complaint.

Thank you for your courtesies and I look forward to hearing from you concerning the results of your investigation.

Very truly yours,

Donald C. Schultz

DCS/gtg

cc: U.S. District Court for the District of Columbia
Attn: Ms. Peggy Trainum (via facsimile and first-class mail)
Mr. John C. Doub (via facsimile and first-class mail)

CW &M Est. 1923

EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOAN CLARK,

*Plaintiff,*

v.

TIDEWATER MACK, INC., et al.,

*Defendants.*

Case No. 1:07cv00883 (RJL)
Next Deadline: June 7, 2007
(Responsive Pleadings Due)

**CONSENT ORDER**

This matter came before this Court upon the Consent Motion for Enlargement of Time in Which to File Responsive Pleadings filed by Defendant Tidewater Mack, Inc. ("TMI") on June 12, 2007.

IT APPEARING to the Court from the arguments advanced by TMI, it is hereby

*ORDERED*, that TMI's Consent Motion for Enlargement of Time in Which to File Responsive Pleadings is GRANTED; and it is

*ORDERED*, that TMI shall file responsive pleadings in this action on or before August 6, 2007; and it is

*FURTHER ORDERED*, that this cause continues.

ENTERED this __________ day of June, 2007.

______________________________
Judge Richard J. Leon
United States District Court Judge

**SEEN AND AGREED:**

**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800

McLean, Virginia 22101-3892
Tel: (703) 712-5000
Fax: (703) 712-5220
*Counsel for Defendant Tidewater Mack, Inc.*

/s/ AKamana

M. Melissa Glassman, Esq. (D.C. Bar No. 417074)
Anand V. Ramana, Esq. (D.C. Bar No. 489478)

**NEWMAN, MCINTOSH & HENNESSEY, LLP**
Ernest W. McIntosh, Jr., Esq.
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814
Tel: (301) 654-3400
*Counsel for Plaintiff Joan Clark*

AKamana for E.W. McIntosh, Esq.

Ernest W. McIntosh