IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN CLARK

       Plaintiff,

     v.                          Civil Action No. 1:07cv-00883
                                     Judge Richard J. Leon

TIDEWATER MACK, INC.

 And

G&H SALES ASSOCIATES, INC.

And

JOHN DOE
Unknown Individual

And

JOHN DOE, INC.
Unknown Corporate and/or
business entity

       Defendants,


_____/


**DEFENDANT G&H SALES ASSOCIATES, INC.'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF CONSENT MOTION
TO EXTEND TIME WITHIN WHICH TO FILE RESPONSIVE PLEADING**

     G&H Sales Associates, Inc. submits this Memorandum of Points and Authorities in

Support of its Consent Motion to Extend Time within which to file Responsive Pleading.

     This matter arises out of an automobile accident which allegedly occurred on May

10, 2007.  The plaintiff alleges that the "John Doe" defendant was driving a 2003 Jaguar,

and collided with the plaintiff's vehicle, causing her serious personal injury.  The allegations

are quite limited, and the plaintiff only asserts that "one or more" of the defendants own the vehicle driven by "John Doe".

The service of the Complaint was G&H Sales Associates, Inc.'s first knowledge of the claim, and G&H Sales Associates, Inc. had no information concerning the incident before it occurred. Once they were served, G&H Sales Associates, Inc. timely contacted its insurance carrier and requested that the insurance carrier investigate the matter. Erie Insurance Group began to investigate the matter, but because of limited information concerning the accident, and because counsel for the plaintiff was attempting to locate information which would identify this defendant as the appropriate defendant, an agreement was reached to extend the time within which to file a responsive pleading. According to G&H Sales Associates, Inc.'s investigation, it has never owned the vehicle in question, and, in fact, has never owned Jaguar vehicles. The vehicle in question, a 2003 Jaguar, is not owned by this defendant, and it is anticipated that the facts of this case will ultimately show that this defendant had nothing to do with the accident in question.

Rule 6, Fed. R. Civ. P, allows this Court the discretion to extend the time within which to file a responsive pleading. Here, because of the agreement of counsel to extend the time, and because of the ongoing nature of the investigation and the tenuous involvement of G&H Sales Associates, Inc., the extension of time was reasonable and appropriate. Further, the extension of time in this case is consistent with the extension of time sought by Tidewater Mack, Inc.

WHEREFORE, this Court should grant the defendant, G&H Sales Associates, Inc. an extension of time within which to file a responsive pleading up to and including August 6, 2007.

By filing this Memorandum, G&H Sales Associates, Inc. is expressly reserving its objections to the Court's *in personam* jurisdiction.

Respectfully submitted,

**G&H SALES ASSOCIATES, INC.**

/s/ Stephen A. Horvath
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000;
Fax: (703) 385-1555
Shorvath@vadctriallaw.com
*Counsel for G&H Sales Associates, inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Memorandum of Points and Authority in Support of Consent Motion to Extend Time within Which to File Responsive Pleadings** was served electronically on the 17th day of July, 2007 using the EM/EFC system, which will then send a notification of such filing (NEF) to the following:

Ernest W. McIntosh, Jr.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue
Suite 7003
Bethesda, Maryland 20814
*Counsel for Plaintiff, Joan Clark*

Anand V. Ramana, Esquire
McGuire Woods, LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102
*Counsel for Defendant Tidewater Mack, Inc.*

/s/ Stephen A. Horvath
Stephen A. Horvath