UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN CLARK                          :
                                    :
            Plaintiff,              :
                                    :
v.                                  :       Case No. 1:07-cv-00883
                                    :       Judge Richard J. Leon
TIDEWATER MACK, INC. et al.         :
                                    :
            Defendants.             :

PLAINTIFF'S MOTION TO COMPEL, FOR CONTEMPT FOR FAILURE TO
COMPLY WITH SUBPOENA AND FOR SANCTIONS

## I.    INTRODUCTION

Plaintiff moves this Court to hold the Metropolitan Police Department in
contempt of court for its refusal to respond to a subpoena, to compel it to provide the
information requested, and to impose sanctions for its unwillingness to comply with the
rules of this court.  The police department's actions have made it impossible to move this
case forward and resolve all issues in a timely manner.

Plaintiff filed her complaint on May10, 2007.  She served a subpoena *duces
tecum*, pursuant to Fed.R.Civ.P. 30(b)(6), on the police department on June 25, 2007. The
subpoena requested the police department produce all information it had about the theft
of a car and the circumstances leading to an accident in which Plaintiff was involved.
The 30(b)(6) notice asked the department to designate a compentent person to testify
fully about the subject matter of the subpoena and explain all documents produced.  The
deposition was to be held on June 29, 2007.  After much contention, the deposition was
held on August 28, 2007.  A review of the deposition transcript clearly reveals that the

Metropolitan Police Department willfully failed to comply with the subpoena.  The facts

and law entitle Plaintiff to the relief she seeks

## II.    FACTS

### A.    Pre Suit

On May 13, 2005, Plaintiff was a passenger in a vehicle traveling along Southern

Avenue S.E., in the District of Columbia. Suddenly a stolen car, with Virginia tags,

crashed into the vehicle in which Plaintiff was riding.  The occupants of the stolen car

fled the scene.  They have never been identified. Plaintiff was severely injured.  She

suffered a severed aorta, fractured left elbow, right leg, left hip and left eye socket.  She

was in the hospital for three months.  She has been unable to walk since the accident and

is still receiving medical treatment for her injuries.

In 2005, Plaintiff's counsel reviewed the accident report and conducted an

investigation regarding the stolen car.  Counsel spoke to police officials and sent a letter

requesting information regarding the theft of the car and the accident.  Counsel never

received a response.  Counsel filed a Freedom of Information Act Request on April 30,

2007, seeking information about the circumstances of the theft and the accident.  Plaintiff

did not receive a response to her inquiry.[1]

### B.    Law Suit

Plaintiff filed her complaint on May 10, 2007.  The Defendants had been

identified in her initial investigation.  Plaintiff needed information that only the DC MPD

---

[1] Plaintiff received a reply on September 11, 2007; however it was not responsive to her requests.

had, so she served the police department with a subpoena *duces tecum*, pursuant to F.R.Civ. Pr. 30(b)(6) on June 25, 2007, setting a June 29, 2007 date for deposition.[2]

The subpoena directed the police department to produce all records and information concerning the theft of the vehicle and the circumstances of the accident. The subpoena also directed the police department to designate a person who could explain the documents and explain the circumstances of the theft and the accident. **(Exhibit 1)**

Plaintiff received no response to her subpoena so she contacted the Office of General Counsel for the police department on June 27, 2007. The police department had not planned to attend the deposition on June 29, 2007, had not produced any documents and had not contacted Plaintiff's counsel. After a discussion, it was agreed that the Office of General Counsel would call Plaintiff and comply with the subpoena

Plaintiff made approximately 34 phone calls to the general counsel's office from June 27, 2007 until August 2007. The general counsel's office made some documents available in July 2007. Depositions were scheduled on several occasions and canceled. Plaintiff reviewed the documents and found them not to be responsive to the subpoena. Plaintiff sent a letter to the police department about the "incomplete" response. **(Exhibit 2)**

On or about August 23, 2007, Plaintiff was contacted by the Attorney General's office of the District of Columbia. Plaintiff was informed that a new deposition date would be set in the Attorney General's Office. The first date was scheduled on August 24, 2007. It was cancelled and rescheduled for August 28, 2007.

---

[2] Defendants provided information which casts doubt on their involvement in this case. It was imperative that Plaintiff obtain information from the police department so that these matters could be resolved as soon as possible.

Officer Lavern Battle, the officer who prepared the accident report, was designated to testify in response to the subpoena's requests.  Officer Battle's testimony about recorded tapes concerning the events leading up to the accident showed that one of the tapes had not been produced.  She did not have sufficient knowledge or information to address the subpoena's requests.  In response to basic questions, Officer Battle testified as follows:

She did not know how the car was stolen.

> (Battle depo., p. 46, ll 15-20; p. 47, ll 1-8)
> Q: Officer Battle, based upon your presence at the accident scene and based upon your review of the records you've testified before, can you tell me how this Jaguar was stolen?
> A: I don't know exactly how the Jaguar was stolen, but according to this Event Chronology Report it states that the ORI, which is the originating agency in reference to the stolen vehicle, is Manassas Police Department.  They have it listed as stolen on 4/27 of 2005 from Manassas,Virginia.

She could not provide information about the facts leading up to the accident.

> (_Id._ at p. 21, ll 3-22; p. 22, ll 1-3)
> Q: I understand.  When we go down to the narrative, it states that "On May 13th at approximately 1355 hours the Jaguar, D1, was traveling eastbound in the 800 block of Southern Avenue at a high rate of speed, crossed over double yellow lines striking D2, Ms. Clark's vehicle, causing it to spin out of control.  D1, the Jaguar, also spun out of control before coming to a complete stop, at 12   which time D1 and the passenger jumped out of the vehicle and fled the scene in a wooded area of the 800 block of Southern Avenue, Southeast." Did you actually observe this?
> A: No.
> Q: How did you get this information?
> A: Once I got to the scene -- I can't recall right off the top of my head exactly who I spoke with.  I know some of the information came from the dispatcher as far as the suspect

information, the driver.  As I say, this accident has been
some time ago and I've had several accidents since then, so
I can't –

(*Id.* at p. 48, ll 10-18; p. 49, ll 1-9)
Q: Now the Event Chronology indicated that a cruiser was
following this vehicle before it crashed.  Do you have any
information about what caused these officers to start
following this vehicle, what went on when they were
following this vehicle, and what went on before this vehicle
hit the car in which Ms. Clark was riding?
A: I can only elaborate on the Event Chronology record
which states that the Cruiser 8632 was behind the stolen
vehicle; the vehicle refused to stop.  And I'm not certain if
the vehicle eluded 8632 -- Cruiser 8632 because it doesn't
state here, but it does state that the vehicle was involved in
a motor vehicle accident and it gives the location of
Southern Avenue and Chesapeake Street, Southeast.

She could not fully explain the documents the police department

produced in response to the subpoena

(*Id.* at p. 34, ll 4-8)
Q: Okay. And then I come down under that it has
complainant or decedent, David Slack. Where does that
information come from?
A: That information I wouldn't have because I didn't
prepare this report.

(*Id.* at p. 34, ll 15-20)
Q: Then we come down, it says "To commanding officer
OSD." What does OSD mean?
A: It's a specialized unit. I assume that it's a part of the
Forensic Science Division. It doesn't say here exactly what
it stands for and I don't work for that unit so I wouldn't be
able to tell you.

(*Id.* at p. 36, ll 3-11)
Q: So, it would be safe to assume that some detective has
worked on this case?
A: That information I wouldn't be able to elaborate on
because it doesn't state in this identification Report. It just
said it was assigned to a detective, but, because it doesn't
give a name of a detective, I'm not aware who would have

- 5 -

done the follow-up or who it would have been forwarded
to.

(*Id.* at p. 47, ll 20-22 – p. 48, ll 1-7)
Q: And also I showed you the Evidence Technician report
which indicated a subject, Eric Jerome Brown. Do you
have any knowledge as to what is going on with that?
A: No. I don't have any knowledge of it, but it does say
that a subject was identified according to the latent prints.
Now what his status is as of today's date, I wouldn't have
that information.

At the end of the deposition Plaintiff's counsel stated that the police department

did not provide the information requested in the subpoena. Counsel for the police

department took the position that the department had complied.  On September 7, 2007,

plaintiff's counsel wrote to the Office of the Attorney General for the District of

Columbia in an attempt to resolve the outstanding issues regarding the subpoena.

**(Exhibit 3)**  As of this date, Plaintiff has not received the information requested in her

subpoena.

### III.    ARGUMENT

**A.    This Court Should Hold the DC MPD in Contempt and Compel It To
Provide the Information Requested and Provide a Competent,
Knowledgeable Corporate Officer as Required by Fed. R. Civ. P. 30(b)(6).**

**1.    The DC MPD Failed to Designate a Competent Deponent as Required
by Fed.R.Civ.P. 30(b)(6).**

Fed. R. Civ. P. 30(b)(6) requires a corporation, or organization, to designate "one

or more officers, directors, or managing agent, or other persons who consent to testify on

its behalf."  Inherent in this designation is that the designee be competent to testify on the

matters set forth in the subpoena.  Officer Battle, the DC MPD's designee, testified

repeatedly that she had no knowledge of the matters set forth in the subpoena.  When

plaintiff's counsel pointed out that Officer Battle's testimony was not satisfactory,

counsel for the DC MPD responded by saying:

> we believe that Ms. Battle did testify satisfactorily as a
> 30(b)(6) witness, and if you believe she hasn't, we ask that
> you follow up with a written motion opposing it.

(Battle Depo., p. 51, ll 10-14).

The Court, in *Alexander v. F.B.I.*, set forth specific obligations imposed on an

organization in designating a witness for a 30(b)(6) deposition.  *186 F.R.D. 148 (D.D.C.*

*1999)*.   The organization must: 1) designate a deponent who is knowledgeable on the

subject matter identified as the area of inquiry; 2) designate more than one deponent if it

is necessary to convey all the information requested in the subpoena; 3) prepare the

deponent to testify on all matters reasonably known by the designating party, not just

those within that particular deponent's personal knowledge; and 4) substitute an

appropriate deponent when it becomes apparent that the previous deponent is unable to

respond to certain relevant areas of inquiry.  *Id.* at 151-152.  The DC MPD failed to

comply with each of these obligations.

An organizational designee has to be knowledgeable on the subject matter

identified in the subpoena.  Officer Battle testified that she could not provide information

requested in the subpoena.  Obviously, supplying someone who lacks knowledge about

the subject areas of a deposition is non-compliant with the duties under a subpoena.  *Id.* at

151 (citing *United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.1996)*; *SEC v.*

*Morelli, 143 F.R.D. 42, 44-45 (S.D.N.Y.1992)*; *In re Air Crash Disaster at Detroit Metro.*

*Airport, 130 F.R.D. 627, 630-32 (E.D.Mich.1989)*).

First, it is clear that Officer Battle had no knowledge about any of the investigative facts into the theft of the vehicle; she had no knowledge of who, if anyone, would have done any follow-up investigation or the results of that investigation. This is all in violation of the requirements of Fed.R.Civ.P. 30(b)(6).

Second, the DC MPD was well aware that several units were involved in the circumstances involving the motor vehicle accident and, yet, they failed to identify more than one deponent. Further, the only deponent the DC MPD provided had no knowledge of any of the other department division's information or investigative materials. The Court in _Alexander_ noted that the obligations imposed by Rule 30(b)(6) cannot be met "by producing a witness with only selected information to offer.... The Federal Rules and this Court do not countenance self-selecting discovery by either party." 186 F.R.D. at 151-152 (citing ) _Buycks-Roberson v. Citibank Fed. Sav. Bank, 162 F.R.D. 338, 343 (N.D.Ill.1995)_). Thus, the DC MPD failed in its obligation to provide more than one deponent where that one deponent only had selected information to offer.

Third, the DC MPD did not prepare Officer Battle or inform her of any of the facts involving the theft of the vehicle or any subsequent investigation thereto. The purpose of a Fed.R.Civ.P. 30(b)(6) deposition is "to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know." _Id._ at 152. Throughout Officer Battle's deposition she said that she didn't know about relevant facts because they weren't in her department or she didn't have personal knowledge. As explained by the United States District Court for the Northern District of Illinois, Western Division:

> In providing a Rule 30(b)(6) witness, the business entity is presenting testimony **not of the knowledge or opinion of**

**the deponent, but that of the business entity**. In effect, the deponent is "speaking for the corporation." The deponent must testify to **both the facts within the knowledge of the business entity and the entity's opinions and subjective beliefs**.

*Beloit Liquidating Trust v. Century Indem. Co.*, 2003 WL 355743, *3 (N.D.Ill.,2003).

Officer Battle was testifying about her personal knowledge, not the knowledge of the DC MPD as was her obligation as a Rule 30(b)(6) deponent. Therefore, the DC MPD failed in its third obligation under the Rules.

Finally, the DC MPD failed to provide a substitute deponent when it became obvious that Officer Battle did not have the knowledge necessary to comply with the subpoena. As stated earlier, counsel for the DC MPD stated at the conclusion of the deposition that she believed that "Ms. Battle did testify satisfactorily as a 30(b)(6) witness, and if you believe she hasn't, we ask that you follow up with a written motion opposing it." Counsel for the DC MPD refused to provide additional or substitute deponents to comply with the subpoena. Instead, DC MPD counsel insisted that plaintiff's counsel involve the Court, which Plaintiff is now forced to do.

**2.**    **This Court Should Compel DC MPD to Produce A Competent Rule 30(b)(6) Deponent to Testify About the Circumstances DC MPD's Investigations into the Theft of and the Accident Involving the Vehicle that Hit Plaintiff.**

This Court, pursuant to Fed.R.Civ.P. 45 should compel DC MPD to produce any relevant documents not yet produced pursuant to Plaintiff's Subpoena *Duces Tecum* and provide competent deponents to provide relevant testimony in compliance with the subpoena. The obligations of an organization under Fed.R.Civ.P. 30(b)(6) are to provide a competent, prepared witness to produce the requested documents and to testify about the *organization's* knowledge into the subject areas of the subpoena. DC MPD's

designated witness could not provide her organizations knowledge about the circumstances surrounding the theft of the car or the facts leading up to the accident. The documents produced indicate that there are other documents and the deposition revealed that the department did not produce the tape of the police department "tactical channel."

**B.    This Court Should Hold DC MPD In Contempt and Levy Appropriate Sanctions**

This Court should hold DC MPD in contempt of Court and levy sanctions because it is clear that DC MPD did not comply with Plaintiff's Subpoena *Duces Tecum*. A court may hold a party in contempt where there is no adequate excuse and where: (1) the order the party allegedly failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted in a reasonable manner to comply. *New York State Nat. Organization for Women v. Terry, 886 F.2d 1339, 1351 (2nd Cir.,1989)*(citing *EEOC v. Local 638, Local 28 of Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1178 (2d Cir.1985), aff'd, 478 U.S. 421(1986).

Plaintiff served DC MPD with her subpoena and Rule 30(b)(6) notice on June 25, 2007. The subpoena was clear and unambiguous and subsequent conversations with DC MPD counsel further showed that DC MPD understood what Plaintiff requested in her subpoena. It is clear that DC MPD failed to comply with the subpoena by sending a witness who had no knowledge of several subject areas of the subpoena and failed to produce documents requested in the Rule 30(b)(6) notice. DC MPD's intransigence has impeded the orderly process of this case. DC MPD had no adequate excuse for failing to comply with Plaintiff's subpoena. A finding of contempt is warranted.

C.    <u>Sanctions</u>

The facts of this case show DC MPD refused to comply with the Rules of this Court.  This Court should: 1) set a time, within 10 days, for DC MPD to comply with the subpoena; 2) levy an appropriate fine for each day, beyond the 10 days, that DC MPD has not complied; 3) order DC MPD to reimburse Plaintiff for expenses incurred in taking the deposition on August 28, 2007 and to pay for all future depositions; 4) to pay Plaintiff's attorney's fees and costs for the time expended in attempting to get the department to comply with the subpoena to include the time expended in June, July, August and September 2007, and the time involved in filing this motion and litigating this matter.

## IV.    <u>Conclusion</u>

The law and facts justify the finding of contempt as to the DC MPD. The police department has willfully failed to comply with the Rules fo the Court. Plaintiff should not have had to come to the Court to order the DC MPD to comply with her Subpoena *Duces Tecum*.  This Court should compel DC MPD to produce an appropriate designated agent under Rule 30(b)(6) to testify as to the subject areas on Plaintiff's Subpoena *Duces Tecum* and to produce the requested documents. Further, this Court should levy the sanctions and grant any other relief the Court deems appropriate.

Respectfully Submitted,

  /s/ Ernest W. McIntosh
Ernest W. McIntosh, Jr.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, MD 20814
(301) 654-3400

## CERTIFICATE OF GOOD FAITH

In accordance with Federal Rules of Civil Procedure and Local Rule of Civil Procedure

7(m), this certificate will confirm that the parties conferred in several phone calls

between June 29, 2007 and August 9, 2007 and again at the deposition on August 28,

2007.  The parties could not resolve the matter at issue and, therefore, the present Motion

was filed.

                                                   /s/ Ernest W. McIntosh
                                                  Ernest W. McIntosh


## CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing Plaintiff's Motion to Compel, for
Contempt for Failure to Comply with Subpoena and for Sanctions was served
electronically on October 1, 2007 using the EM/EFC system to:

Anand V. Ramana, Esq.
McGuire Woods, LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102

and

Stephen A. Horvath, Esq.
Trichilo, Bancroft, McGavin, Horvath and Judkins, PC
3920 University Drive
Fairfax, VA 22030

and was mailed postage pre-paid to:

Linda Singer, Esq.
Attorney General for the District of Columbia
Office of the Attorney General
441 4th Street NW, Suite 1060N
Washington, DC 20001

Nicole Lynch, Esq.
Chief, General Litigation, Section III
District of Columbia Office of the Attorney General
441 4th Street NW, 6th Floor South
Washington, DC 20001

and

Terrance Ryan, Esq.
Office of the General Counsel for the Metropolitan Police Department
300 Indiana Avenue, Room 4115
Washington, DC 20001

                                        /s/ Ernest W. McIntosh
                                        Ernest W. McIntosh

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOAN CLARK** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **Case No. 1:07-cv-00883** |
| ) | **Judge Richard J. Leon** |
| **TIDEWATER MACK, INC., et al.,** ) | |
| ) | |
| **Defendants** ) | |
| ——————————————————) | |

## <u>ORDER</u>

Upon consideration of Plaintiff Joan Clark's Motion To Hold The Metropolitan

Police Department in Contempt, To Compel It To Provide The Information Requested by

Plaintiff's Subpoena and to Impose Sanctions, the Points and Authorities in support

thereof, any opposition and the entire record herein it is hereby

**ORDERED** that Plaintiff's Motion be **GRANTED**;

**FURTHER ORDERED** that the Metropolitan Police Department shall be held in

contempt of Court until if fulfills the requests of Plaintiff's subpoena;

**FURTHER ORDERED** that the Metropolitan Police Department provide the

information requested by Plaintiff's Subpoena no later than _____ days after the

date of this Order;

**FURTHER ORDERED** that the Metropolitan Police Force shall pay a fine in the

amount of $_____ for each day Plaintiff's requests have not

been met;

**FURTHER ORDERED** that the Metropolitan Police Department shall reimburse Plaintiff for the costs of the deposition held on August 28, 2007, and shall pay for all future depositions until Plaintiff's requests have been met;

**FURTHER ORDERED** that the Metropolitan Police Department shall pay attorney fees and costs to Plaintiff in the amount of $\underline{\$\qquad\qquad\qquad}$ as a result of the Metropolitan Police Department's failure and refusal to obey the subpoena.

_____     _____
Date                                                                      Judge Richard J. Leon

Copies to:

Ernest W. McIntosh, Esq.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue
Suite 700E
Bethesda, MD 20814

Anand V. Ramana, Esq.
McGuire Woods, LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102

Stephen A. Horvath, Esq.
Trichilo, Bancroft, McGavin, Horvath and Judkins, PC
3920 University Drive
Fairfax, VA 22030

Linda Singer, Esq.
Attorney General for the District of Columbia
Office of the Attorney General
441 4th Street NW
Suite 1060N
Washington, DC 20001

Nicole Lynch, Esq.
Chief, General Litigation, Section III
District of Columbia Office of the Attorney General
441 4th Street NW
6th Floor South
Washington, DC 20001

and

Terrance Ryan, Esq.
Office of the General Counsel for the Metropolitan Police Department
300 Indiana Avenue
Room 4125
Washington, DC 20001

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

**UNITED STATES DISTRICT COURT**

DISTRICT OF COLUMBIA

JOAN CLARK, Plaintiff,

V.

TIDEWATER MACK, INC., et al., Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:07-cv-00883-RJL

TO: District of Columbia
Metropolitan Police Records Department
300 Indiana Avenue, NW
Washington, DC 20001

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  7315 Wisconsin Avenue, Suite 700E Bethesda, MD 20814 | DATE AND TIME 6/29/2007 1:00 pm |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All records and documents relating to the investigation of stolen vehicle involved in motor vehicle accident on 5/13/05; see attached notice of deposition

| PLACE   7315 Wisconsin Avenue Suite 700E Bethesda, MD 20814 | DATE AND TIME 6/29/2007 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   PLAINTIFF'S ATTORNEY | DATE 6/21/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ernest W. McIntosh, Jr., attorney for Plaintiff
(301) 654-3400

7315 Wisconsin Avenue Suite 700E
Bethesda, MD 20814

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN CLARK,                    )
Plaintiff,                     )
                               )
v.                             )        Case No. 1:07-cv-00883-RJL
                               )        Honorable Richard J. Leon
TIDEWATER MACK, INC., et al.   )
Defendants.                    )
_____)

PLAINTIFF'S NOTICE OF DEPOSITION
FOR THE TESTIMONY OF A CORPORATE REPRESENTATIVE
OF DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT
PURSUANT TO Fed.R.Civ.P. 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Fed.R.Civ.P. 30(b)(6),

the Plaintiff, Joan Clark, by and through counsel, will take the

deposition of a person designated by the District of Columbia

Metropolitan Police Department, on **Friday, June 29, 2007,**

**beginning at 1:00 pm** at the offices of Newman, McIntosh &

Hennessey, LLP, 7315 Wisconsin Avenue, Suite 700E, Bethesda,

Maryland 20814, for the purposes of discovery and/or evidence at

the trial of the above cause or for other purposes as permitted

under the rules of this court.  The deposition will be continued

from day to day thereafter until completed.  Said deposition is

to be taken before a Notary Public or other person authorized to

administer oaths in the District of Columbia.

The plaintiff wishes to examine the witness so designated in

the following matters: Matters relating to their investigation of

a stolen Jaguar automobile involved in an accident with Plaintiff

on May 13, 2005 referenced in the District of Columbia

Metropolitan Police Departments PD-10, Complaint no. 061-468, and matters relating to the investigation of the stolen vehicle and accident.

The witness is instructed that the deposition will be *duces tecum* and the designated representative is requested to bring the originals of any and all documents, records, procedures and manuals relating to:

1. All records and any documents relating to the investigation of the stolen vehicle involved in a motor vehicle collision with Plaintiff on May 13, 2005 and referenced in Plaintiff's FOIA request to the District of Columbia Metropolitan Police Department's FOIA Office dated April 30, 2007 and assigned FOIA 295-07.
2. All records and any documents relating to the investigation of the motor vehicle accident on May 13, 2005 referenced in the PD-10 complaint no. 061-468 involving the Plaintiff.
3. All records and any documents indicating the owner of and insurance coverage for the stolen vehicle.
4. All records and any documents relating to the circumstances surrounding the theft of the vehicle and any witnesses thereto including all information regarding who towed the stolen vehicle, where it was towed and the final disposition of the vehicle.

Ernest W. McIntosh, Jr.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue
Suite 700E
Bethesda MD 20814
(301) 654-3400
Attorney for Plaintiff

- 2 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Plaintiff's Notice of Deposition was delivered with the accompanying subpoena by private process server to:

District of Columbia
Metropolitan Police Records Department
300 Indiana Avenue, NW
Washington, DC 20001

and sent via USPS mail first-class postage prepaid to:

Donald C. Schultz, Esq.
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, VA 23510

and

Robert Reed, Esq.
Counsel for G&H Sales Associates, Inc.
555 Main Street, Suite 1400
Norfolk, VA 23514

Ernest W. McIntosh, Jr.

- 3 -

# NEWMAN McINTOSH & HENNESSEY, LLP

Anthony G. Newman (DC, MD)
Ernest W. McIntosh (DC, MD, MI)
Joseph A. Hennessey (MD, DC)
Wendy Wyeth (MD)

THE AIR RIGHTS BUILDING
7315 Wisconsin Avenue, 700E
Bethesda, Maryland 20814
(301) 654-3400 Main

Fax: (301) 907-2975

August 13, 2007

**VIA FACSIMILE**
**(202) 727-3308**

Ms. Brenda Wilmore
Metropolitan Police Department
Office of the General Counsel
300 Indiana Avenue, N.W.
Room 4115
Washington,D.C. 20001

   RE: Joan Clark v. Tidewater Mack, Inc.,
     U.S. District Court For The District Of Columbia
  Case No: 1:07cv00883

Dear Mr. Wilmore:

   It is my understanding, pursuant to my conversation with Detective Michael Miller, that the deposition of Detective Miller, along with formal production of materials requested by the subpoena will occur at my office at 10:00am on August 15, 2007.

   A review of the material submitted indicates that some documents are missing. There is no incident report or record of any police official receiving a complaint that the vehicle was stolen or the circumstances of the theft. The subpoena and notice of deposition specifically requested this information. Please confirm that these missing documents will be provided by Detective Miller at the deposition.

     Sincerely,

     /s/ Ernest W. McIntosh

     Ernest W. McIntosh

# NEWMAN MCINTOSH & HENNESSEY, LLP

Anthony G. Newman (DC, MD)
Ernest W. McIntosh (DC, MD, MI)
Joseph A. Hennessey (DC, MD)
Wendy Wyeth (MD)

THE AIR RIGHTS BUILDING
7315 Wisconsin Avenue, 700E
Bethesda, Maryland  20814

Main: (301) 654-3400
Fax: (301) 907-2975
www.nmhlaw.com

September 7, 2007

Nicole Lynch, Esq.
Chief, General Litigation, Section III
DC Office of the Attorney General
441 4th St. NW
6th Floor South
Washington, DC 20001

   RE: **Joan Clark v. Tidewater Mack, et al**
      **Case No. 1:07-cv-000883-RJL**
      **United States District Court for the District of Columbia**

Dear Ms. Lynch:

   I appreciate your help in setting up the deposition which occurred on August 28, 2007. Enclosed you will find a copy of the subpoena and 30(b)(6) notice which was served on the Metropolitan Police Department.  Please note that it asked the police department to designate a person to testify about the department's investigation of a stolen vehicle which was involved in an accident with Ms. Joan Clark on May 13, 2005.  The notice asks for ***all*** information pertaining to the stolen vehicle and the accident.

   Before I go further, I think you should have some background on this matter.
   I contacted 7D regarding this case on December 2, 2005.  I made several calls and was told that the hit and run unit did not have any information.  I was referred to the 7D auto theft unit.  I sent a letter to the auto theft unit on December 9, 2005.  I made several follow-up calls, but received no response.

   In April of 2007, our office sent a FOIA request. As of this date, we have not received a response.  We filed a lawsuit on June 26, 2007.  We had no alternative but to serve the Metropolitan Police Department (MPD) with a subpoena on June 25, 2007. The subpoena set a date for a representative to appear with documents for deposition on June 29, 2007.

   Receiving no response from the MPD, we contacted the MPD's general counsel office on June 27, 2007.  We were told that we would get a return phone call but one was never received. Our office made several calls to MPD's general counsel office from June 29, 2007 – August 9, 2007. Throughout this time period, deposition dates were set and then cancelled.  Finally, our office sent a letter regarding missing documents to the MPD general counsel office on August 9,

2007. When you contacted us, the deposition date was changed from August 24, 2007 to August 28, 2007.

At the deposition, we learned that the police department produced only one tape concerning the incident. We know there is more than one tape. Officer Battle testified that she had no first hand knowledge of the facts leading up to the accident. She received her information from someone else. The accident report stated "pending further investigation" and the evidence report indicated that a subject had been identified. Officer Battle could not provide any information as to the circumstances involved in the theft of the car and/or the accident.

She was only able to go over the events and say that the Manassas, VA Police Department had reported a car stolen; that the stolen vehicle was followed by Cruiser 8632; and that 7D Auto Theft Officer Racklin may be able to provide us information about the facts surrounding the vehicle theft and accident.

It is clear that the police department failed to comply with the subpoena. Court deadlines are becoming very important. I should have had this information years ago. Please contact me as soon as possible to ascertain if we can resolve this matter without the need for litigation.

Sincerely,

/s/ Ernest W. McIntosh, Jr.

Ernest W. McIntosh, Jr.

Enclosure
cc.    Anand V. Ramana, Esq.
       Stephen Horvath