IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK,<br><br>    *Plaintiff*,<br><br>v.<br><br>TIDEWATER MACK, INC., et al.,<br><br>    *Defendants*. | Case No. 1:07cv00883 (RJL)<br>Next Deadline: October 5, 2007<br>(Responsive Pleadings Due) |

### DEFENDANT TIDEWATER MACK, INC.'S ANSWER

Defendant Tidewater Mack, Inc. ("TMI"), by counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files its Answer to the Complaint filed by Plaintiff Joan Clark ("Clark") in the above-captioned action. For its Answer, TMI states as follows:

### Jurisdiction and Venue

1. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore TMI denies those allegations.

2. TMI admits the allegations contained in Paragraph 2 of the Complaint.

3. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore TMI denies those allegations.

4. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore TMI denies those allegations.

5. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore TMI denies those allegations.

6. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 6 of the Complaint, because it does not know whether Clark is a citizen

of the District of Columbia. TMI, therefore, denies those allegations.

7. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 7 of the Complaint, because it does not know whether a substantial part of the events or omissions giving rise to Clark's claim occurred in the District of Columbia. TMI, therefore, denies those allegations.

### Negligence

8. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore TMI denies those allegations.

9. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore TMI denies those allegations.

10. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore TMI denies those allegations. TMI has never owned, operated, or possessed the vehicle referenced in the Complaint.

11. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore TMI denies those allegations.

12. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore TMI denies those allegations.

13. TMI denies the allegations contained in Paragraph 13 of the Complaint. Specifically, TMI has never owned, operated, possessed, or been in custody of the vehicle referenced in the Complaint, and so TMI denies that it owes Clark or anyone else any legal duty involving the vehicle.

14. TMI denies the allegations contained in Paragraph 14 of the Complaint. Specifically, TMI has never owned, operated, possessed, or been in custody of the vehicle

referenced in the Complaint, and so TMI denies that it negligently breached any duty owed to Clark or anyone else involving the vehicle.

15. TMI is without sufficient information or belief to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore TMI denies those allegations. TMI denies that it was negligent because TMI did not have a duty to Clark or anyone else, nor did TMI breach any duty involving the vehicle.

16. TMI denies all allegations not expressly admitted herein.

### Affirmative Defense

17. TMI is the wrong party defendant in this case. It has no knowledge of any of the material facts alleged in the Complaint, and has no connection with the referenced vehicle, or the unknown individuals alleged to have collided with Clark.

WHEREFORE, Defendant Tidewater Mack, Inc. respectfully requests that this Court dismiss this action brought by Plaintiff Joan Clark, or, in the alternative, grant judgment in favor of Defendant Tidewater Mack, Inc., plus any other relief that this Court deems just and proper.

Dated: October 4, 2007                     Respectfully Submitted,

**TIDEWATER MACK, INC.**

*By Counsel*

**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22101-3892
Tel: (703) 712-5000
Fax: (703) 712-5220
E-mail: mglassman@mcguirewoods.com
E-mail: aramana@mcguirewoods.com

3

\_\_\_\_/s/_____
M. Melissa Glassman, Esq. (D.C. Bar No. 417074)
Anand V. Ramana, Esq. (D.C. Bar No. 489478)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2007, I served a true and correct copy of the foregoing document via electronic mail and first-class U.S. mail, postage prepaid, on:

>Ernest W. McIntosh, Jr., Esq.
>NEWMAN, MCINTOSH & HENNESSEY, LLP
>7315 Wisconsin Avenue
>Suite 700E
>Bethesda, Maryland 20814
>*Counsel for Plaintiff Joan Clark*

>Stephen A. Horvath, Esq.
>TRICHOLO, BANCROFT, MCGAVIN,
>HORVATH & JUDKINS, P.C.
>3920 University Drive
>Fairfax, Virginia 22030
>*Counsel for Defendant G&H Sales Associates, Inc.*

      /s/
Anand V. Ramana, Esq.  (D.C. Bar No. 489478)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22101-3892
Tel:  (703) 712-5000
Fax:  (703) 712-5220
E-mail: aramana@mcguirewoods.com
*Counsel for Defendant TideWater Mack, Inc.*