## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOAN CLARK ,** ) | |
| ) | |
| **Plaintiff,** ) | **C.A. No. 07-CV-00883** |
| ) | **Judge Richard J. Leon** |
| **v.** ) | |
| ) | |
| **TIDEWATER MACK, INC.** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

### OPPOSITION OF NON-PARTY, THE METROPOLITAN POLICE DEPARTMENT, TO PLAINTIFF'S MOTION TO COMPEL

Non-party, the Metropolitan Police Department ("MPD") strongly opposes the motion of Plaintiff to compel them to (1) produce any documents yet to be produced and (2) produce or provide an additional 30(b)(6) witness. As discussed more fully below, the MPD explained to Plaintiff on more than one occasion that they *do not have any additional documents* to produce and that Officer Laverne Battle was the best and most competent designee of the District pursuant to Rule 30(b)(6). Officer Battle had first - hand knowledge of the accident, prepared the PD-10 accident report, and already testified on August 28, 2007, as the MPD's 30(b)(6) witness. Accordingly, Plaintiff has no basis to compel MPD to produce another designee for deposition.

### FACTUAL BACKGROUND

The case underlying this dispute involves a car accident that took place on May 13, 2005, in the District of Columbia, between Plaintiff and an alleged stolen vehicle with Virginia Tags. *See* PD-10. MPD Officer Laverne Battle arrived at the scene, gathered all relevant information, and completed the PD-10 accident report. *See Id.*

On June 25, 2007, Plaintiff served the MPD with a subpoena requesting documents and a 30(b)(6) witness. Specifically, Plaintiff requested "Plaintiff wishes to examine the witness as to matters relating to their investigation of a stolen jaguar automobile involved in an accident with Plaintiff on May 13, 2005, referenced in the District of Columbia Metropolitan Police Department PD-10." *See* Notice of Deposition.

The District informed Plaintiff that the MPD already produced all documents, pictures, and the tape of the radio run of the traffic accident, and that MPD did not have any documents concerning the investigation of the alleged stolen jaguar. Notwithstanding this fact, the District designated Officer Battle, and she appeared for deposition on August 28, 2007.

Plaintiff's counsel challenged Officer Battle's testimony and in a letter dated October 9, 2007, the MPD responded and set forth its reasons supporting its position that MPD had fully complied with Plaintiff's Subpoena and 30(B)(6) Notice. *See* Letter at Exhibit 1 with relevant attachments. The reasons were that MPD had produced all of its documents of the accident and had produced a witness to testify regarding these documents. Moreover, the District explained that MPD did not have any records of the alleged theft of the jaguar as the theft apparently took place in Virginia. This motion to compel followed.

## ARGUMENT

Federal Rule of Procedure 26(b)(2) permits a court to limit discovery that is, *inter alia*, burdensome. "Non-party status is one of the factors the court uses in weighing the burden of imposing discovery." *Wyoming v. United States Dep't of Agriculture*, 208

F.R.D. 449, 452 (D.D.C. 2002), citing *Katz v. Batavia Marina & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).

In this case, MPD is not a party to this action, but has worked with Plaintiff's counsel and produced any and all documents pursuant to Plaintiff's request. As explained on many occasions to Plaintiff's counsel, there are no additional documents or tapes to be produced. *See* Letter at Exhibit 1. Moreover, MPD has already produced for deposition the most knowledgeable MPD witness, Officer Battle, and should not have the burden of producing any additional 30(b)(6) witnesses. Officer Battle had first-hand knowledge of the traffic accident and was the best and most competent designee. In its letter dated October 9, 2007, the MPD stated through undersigned counsel:

> … you appear to be challenging the competency of Officer Laverne Battle to testify, on behalf on the District at deposition. Your (30)(B)(6) request states "that the Plaintiff wishes to examine the witness as to matters relating to their investigation of a stolen Jaguar automobile involved in an accident with Plaintiff on May 13, 2005, referenced in the District of Columbia Metropolitan Police Department PD-10." *See* Request at Exhibit 2.

> …Office Battle had first-hand knowledge of the accident, as she completed the PD-10, and was the responding officer to the accident. Accordingly, she was the best witness in this matter. Officer Battle testified that she was at the accident scene and completed the PD-10. *See* PD-10 at Exhibit 3. Moreover, she testified that the stolen jaguar was towed to Hans Towing. She also testified that Mary Turner, with MPD's Crime Scene Search Unit, and Officer Rachlin with MPD's Hit and Run Unit, did the follow- up investigation and Officer Battle reviewed with you the evidence report produced. *See* Evidence Report at Exhibit 4. Moreover, she also reviewed with you the chronology of the 911 tape and the reference to the Manassas, Virginia Police Department and Cruiser 8632.

> As a result, your letter incorrectly states that Officer Battle could not provide any information as to the circumstances involved in the theft of the car and/or accident Again, the District does not have any information concerning the circumstances involved in the theft of the car, except that it was reported to have taken place in Manassas, Virginia. As a result, there was no additional information that she could provide.

…. In addition, as mentioned at the deposition, there were 2 radio channels that were used to respond to the traffic accident and we have produced the 911 tape channel and a transcribed chronology of it. However, <u>the tactical channel that Officer Battle referred to was</u> <u>not recorded and as result, we do not have any additional documents or tapes to produce</u>. Lastly, we have confirmed with the Officers of Cruiser 8632 that this traffic accident was not the result of a police chase.

… the District provided you with all documents pertaining to the accident and investigation in instant matter – as it has been reported - that the jaguar was reported stolen from Manasses, Virginia. Again, we refer you to the Virginia Police Department for information surrounding the theft of the jaguar that occurred in Virginia. They can be reached at: 9518 Fairview Ave, Manassas, VA 20110, phone: 703-257-8000.

See *Id*.

Accordingly, it is clear that MPD complied with Plaintiff's request and the Court should not order MPD to produce any additional witness. As explained above, there is no additional information for MPD to provide. As such, there is no other person from MPD who can testify to the how the car was stolen.

Lastly, Plaintiff has not met its burden of demonstrating the willfulness required for the imposition of sanctions. *See Dada v. Children's National Medical Center,* 715 A.2d 904, 909 (D.C. 1998) (one of nonexclusive list of factors to be considered is whether party allegedly failing to comply with discovery did so "inadvertently or willfully"). In our case, the record reflects the good-faith efforts of a non party - the MPD- to comply with Plaintiff's discovery request.

## CONCLUSION

The MPD has fully complied with Plaintiff's request and has demonstrated that there are no additional documents, tapes, or witnesses, to be produced that could provide Plaintiff with any additional information to his request. Accordingly, the MPD respectfully requests that the Court deny the Plaintiff's Motion to Compel.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

/S/ Carol A. Connolly
CAROL A. CONNOLLY (468126)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S012
Washington, D.C. 20001
(202) 724-5611
(202) 727-0431 (fax)
E-mail:  carol.connolly@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JOAN CLARK ,                                          )
                                                      )
                                                      )
                    Plaintiff,                        )        C.A. No. 07-CV-00883
                                                      )        Judge Richard J. Leon
          v.                                          )
                                                      )
TIDEWATER MACK, INC. *et al.*                         )
                                                      )
          Defendants.                                 )
_____)

ORDER

     Upon consideration of Plaintiff's Motion to Compel, the MPD's Opposition thereto, and the entire record herein, it is by the Court this _____ day of _____, 2007,

     ORDERED: that Plaintiff's Motion is hereby DENIED.

 

_____
JUDGE RICHARD J. LEON
UNITED STATES DISTRICT COURT

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of the Attorney General**

★ ★ ★



**Section II**
**Civil Litigation Division**

October 9, 2007

Mr. Ernest W. McIntosh, Esq.
7315 Wisconsin Avenue, 700E
Bethesda, Maryland, 20814

**Re.: *Joan Clark v. Tidewater Mack, et al, Case No 1:07 CV-000883***

Dear Mr. McIntosh,

I am writing this letter in response to your letter dated September 7, 2007, in which you complain that the Metropolitan Police Department failed to comply with your Subpoena dated June 26, 2007. It appears from your letter that you have three separate issues and I will try to address them accordingly. However, as discussed in detail below, the District completely disagrees with your assertion and has fully complied with your Subpoena and 30(B)(6) Notice.

First, you assert that you have made several calls to the 7D Auto Theft Unit and sent a letter on December 9, 2005, but received no written response. However, since then you have been in contact with Brenda Wilmore, Assistant General Counsel for the Metropolitan Police Department. Ms. Wilmore has spoken with you on several occasions and has provided you with photographs, the 911 tape, and any all documents pertaining to the accident. Moreover, she has confirmed and reported to you on more than one occasion that the MPD has no additional documents that specifically pertain to the stolen jaguar. As such, there are no additional documents that 7D Auto Theft Unit possess.

Second, you assert that in April of 2007, your office sent a FOIA request, but did not receive a response. However, Brenda Wilmore again informed you that the MPD did not have any documents responsive to your FOIA request (documents that pertain to the investigation of the stolen jaguar). In addition, Ronald Harris, the Freedom of Information Officer, from the Metropolitan Police Department,

sent you a letter dated September 11, 2007, formally responding to your request and again informing you that they did an investigative search and that they had no documents pertaining to your request. *See* FOIA Letter attached as Exhibit 1.

Third, you appear to be challenging the competency of Officer Laverne Battle to testify, on behalf of the District at deposition. Your (30)(B)(6) request states "that the Plaintiff wishes to examine the witness as to matters relating to their investigation of a stolen Jaguar automobile involved in an accident with Plaintiff on May 13, 2005, referenced in the District of Columbia Metropolitan Police Department PD-10." *See* Request at Exhibit 2.

The District designated Officer Leverne Battle, and she appeared for deposition on August 28, 2007. Office Battle had first hand knowledge of the accident, as she completed the PD-10, and was the responding officer to the accident. Accordingly, she was the best witness in this matter. Officer Battle testified that she was at the accident scene and completed the PD-10. *See* PD-10 at Exhibit 3. Moreover, she testified that the stolen jaguar was towed to Hans Towing. She also testified that Mary Turner, with MPD's Crime Scene Search Unit, and Officer Rachlin with MPD's Hit and Run Unit, did the follow up investigation and Officer Battle reviewed with you the evidence report produced. *See* Evidence Report at Exhibit 4. Moreover, she also reviewed with you the transcript of the 911 tape and the reference to the Manassas, Virginia Police Department and Cruiser 8632.

As a result, your letter incorrectly states that Officer Battle could not provide any information as to the circumstances involved in the theft of the car and/or accident. Again, the District does not have any information concerning the circumstances involved in the theft of the car, except that the theft was reported to have taken place in Manasses, Virginia. As a result, there was no additional information that she could provide.

Moreover, you fail to clarify that after the deposition was completed, as a courtesy to you, Officer Battle mentioned that Officer Rachlin, from the Hit and Run Unit, may have additional information. She did not testify that he had additional information. Nonetheless, there is no additional information regarding the investigation of the stolen jaguar.

In addition, as mentioned at the deposition, there were 2 radio channels that were used to respond to the traffic accident and we have produced the 911 tape channel and a transcribed chronology of it. However, the tactical channel that

Officer Battle referred to was not recorded and as result, we do not have any additional documents or tapes to produce. Lastly, we have confirmed with the Officers of Cruiser 8632 that this traffic accident was not the result of a police chase.

In sum, it is clear from the documents produced and the deposition Testimony of Officer Battle, that the District has fully complied with your subpoena and 30(B)(6) Notice. Again, the District provided you with all documents pertaining to the accident and investigation in instant matter – as it has been reported - that the jaguar was reported stolen from Manasses, Virginia. Again, we refer you to the Virginia Police Department for information surrounding the theft of the jaguar that occurred in Virginia.  They can be reached at: 9518 Fairview Ave, Manassas, VA 20110, phone: 703-257-8000.


Please call me if you have any questions at (202) 724-6511.


Sincerely,


LINDA SINGER
Attorney General for the District of Columbia


By  *Carol A. Connolly*
       Carol A. Connolly
          Assistant Attorney General



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## METROPOLITAN POLICE DEPARTMENT

September 11, 2007

Mr. Ernest McIntosh
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, Ste 700 East Tower
Bethesda, Maryland 20814                    FOIA #295-07

Dear Mr. McIntosh:

This letter is to inform you that we did a thorough search regarding your request and found that we have no investigative documents pertaining to your request.

Sincerely,

Ronald Harris
Freedom of Information Officer
Office of the General Counsel
Metropolitan Police Department



DEFENDANT'S
EXHIBIT
1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN CLARK                          )
                                    )
              Plaintiff,            )
                                    )
      v.                            )     Case No. 1:07-cv-00883-RJL
                                    )     Honorable Richard J. Leon
TIDEWATER MACK, INC et al.          )
                                    )
              Defendants.           )

PLAINTIFF'S NOTICE OF DEPOSITION
FOR THE TESTIMONY OF A CORPORATE REPRESENTATIVE
OF DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT
PURSUANT TO Fed.R.Civ.P. 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Fed.R.Civ.P. 30(b)(6), the Plaintiff Joan Clark, by and through counsel, will take the deposition of a person designated by the District of Columbia Metropolitan Police Department, on **Friday, August 24, 2007, beginning at 11:00 am** at the office of the Attorney General For The District of Columbia, 441 4th Street, N.W., 6th Floor South, Washington, D.C. 20001, for the purposes of discovery and/or evidence at the trial of the above cause or for other purposes as permitted under the rules of this court. The deposition will continue from day to day until completed. Said deposition is to be taken before a Notary Public or other person authorized to administer oaths in the District of Columbia.

The plaintiff wishes to examine the witness so designated in the following matters: Matters relating to their investigation of a stolen Jaguar automobile involved in an accident with Plaintiff on May 13, 2005 referenced in the District of Columbia Metropolitan Police Department PD-10, Complaint no. 061-468, and matters relating to the investigation of the stolen vehicle and



DEFENDANT'S EXHIBIT
2

accident.

The witness is instructed that the deposition will be duces tecum and the designated representative is requested to bring originals of any and all documents, records, procedures and manuals relating to:

1. All records and any documents relating to the investigation of the stolen vehicle involved in a motor vehicle collision with Plaintiff on May 13, 2005 and referenced in Plaintiff's FOIA request to the District of Columbia Metropolitan Police Department's FOIA Office dated April 30, 2007 and assigned FOIA 295-07.

2. All records and any documents relating to the investigation of the motor vehicle accident on May 13, 2005 referenced in the PD-10 complaint no. 061 -468 involving the Plaintiff.

3. All records and any documents indicating the owner of and insurance coverage for the stolen vehicle.

4. All records and any documents relating to the circumstances surrounding the theft of the vehicle And any witnesses thereto including information regarding who towed the stolen vehicle, where it was towed and the final disposition of the vehicle.

Respectfully Submitted,

s/Ernest McIntosh

_____

Ernest W. McIntosh, Jr.
Newman, McIntosh & Hennessey
7315 Wisconsin Avenue
Suite 700E
Bethesda, Maryland 20814
(301) 654-3400
Attorney for Plaintiff

- 2 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Notice of Deposition was

delivered, this 16th day of August, 2007 to:


Nicole Lynch, Esq.
Office of the Attorney General
For The District Of Columbia
441 4th Street, N.W
6th Floor South
Washington, D.C. 20001

Anand V. Ramana, Esq.
McGuireWoods
1750 Tysons Boulevard
Suite 1800
McLean, VA 22102

Stephen A. Horvath, Esq.
Trichilo, Bancroft, McGavin
Horvath & Judkins, P.C.
3920 University Drive
Fairfax, VA 22030

                                        S/Ernest McIntosh

                                _____
                                Ernest E. McIntosh, Jr.


- 3 -

TRAFFIC INVESTIGATION

Complaint No. 0461 468

**46. NARRATIVE** — Give a concise statement, in your own words, of the facts that are not entered in this report, or PD 119 (compl./witness Statement). If accident occurred in a construction zone, describe type of construction.

ON (D) 13-15 AT APPROXIMATELY 1335 HOURS, I WAS TRAVELING EAST IN THE 800 BLOCK OF SOUTHERN AVENUE S.E. AT A HIGH RATE OF SPEED, PASSED OVER THE DOUBLE YELLOW LINE STRIKING V-2'S VEHICLE CAUSING IT TO SPIN OUT OF CONTROL. V-1'S VEHICLE ALSO SPUN OUT OF CONTROL THERE BEING IN A COMPLETE SPIN AT WHICH TIME V-1 AND THE PASSENGER JUMPED OUT OF THE VEHICLE AND INTO THE ZONE IN THE WOOD'D AREA IN THE 800 BLOCK OF SOUTHERN AVENUE S.E.

DEFENDANT'S EXHIBIT 3

TRAFFIC ACCIDENT REPORT

Metropolitan Police Department, Washington, D. C.

PD 10 Rev. 7/86   Prescribing Directive G.O 401.3

| Name of Injured Person | Where Taken (Hospital) | By Whom | Status | TEB Notified (Name) | Teletype Notified (Name) | Relative Notified (Name) |
|---|---|---|---|---|---|---|

Status:
- 01 Admitted / Released
- 02 Admitted / Released
- 01 Admitted / Released
- 02 Admitted / Released
- 01 Admitted / Released
- 02 Admitted / Released

**49. DIAGRAM:** THIS SEGMENT REMAINED NORTH IN THE TOP RIGHT HAND CORNER OF THE DIAGRAM. THIS SECTION SHALL NOT BE CHANGED. WHEN THE "X" OR THE TOP OF THE DIAGRAM MUST CORRESPOND TO ITEM NO. 41 AND THE DIAGRAM SHALL BE TAKEN BY AN OFFICER AFTER THE FACT. IN WHICH THE ACCIDENT OCCURRED. FREEWAY ACCESS RAMPS, EXIT RAMPS, AND BRIDGES SHALL BE INDICATED.

25 mph

NORTH

- PEDESTRIAN ○
- BIKE/MOTORCYCLE ⊕
- VEHICLE ▯

= INDICATE TYPE OF FIXED OBSTRUCTION
= INDICATE DIRECTION
= INDICATE POSTED SPEED
= INDICATE VEHICLES BY NO.

Complaint No. 16-1-468

**VEHICLE NO. 1**
- 43. DIRECTION OF TRAVEL AND STREET (MUST BE SAME AS IN NARRATIVE) DIAGRAM
- 44. VEHICLE WAS: 01 LEFT ON SCENE 02 TOWED BY 01 DRIVEN AWAY BY
- NAME:
- 47. LOCATION TOWED TO
- 45. CIRCLE ALL NUMBERS WHERE THERE IS DAMAGE
  - 1 2 3 4 5 6
  - 12 11 10 9 8 7
  - 13 Hood
  - 14 Roof
  - 15 Trunk
  - 16 Undercarriage
  - 17 Overturned
  - 18 Other (Explain in Narrative)
  - AFTER IMPACT
- 46. SKID MARKS
- TO IMPACT

**VEHICLE NO. 2**
- 43. DIRECTION OF TRAVEL AND STREET (MUST BE SAME AS IN NARRATIVE) DIAGRAM
- 44. VEHICLE WAS: 01 LEFT ON SCENE 02 TOWED BY 01 DRIVEN AWAY BY
- NAME:
- 47. LOCATION TOWED TO
- 45. CIRCLE ALL NUMBERS WHERE THERE IS DAMAGE
  - 1 2 3 4 5 6
  - 12 11 10 9 8 7
  - 13 Hood
  - 14 Roof
  - 15 Trunk
  - 16 Undercarriage
  - 17 Overturned
  - 18 Other (Explain in Narrative)
  - AFTER IMPACT
- 46. SKID MARKS
- TO IMPACT

**VEHICLE NO. 3**
- 43. DIRECTION OF TRAVEL AND STREET (MUST BE SAME AS IN NARRATIVE) DIAGRAM
- 44. VEHICLE WAS: 01 LEFT ON SCENE 02 TOWED BY 01 DRIVEN AWAY BY
- NAME:
- 47. LOCATION TOWED TO
- 45. CIRCLE ALL NUMBERS WHERE THERE IS DAMAGE
  - 1 2 3 4 5 6
  - 12 11 10 9 8 7
  - 13 Hood
  - 14 Roof
  - 15 Trunk
  - 16 Undercarriage
  - 17 Overturned
  - 18 Other (Explain in Narrative)
  - AFTER IMPACT
- 46. SKID MARKS
- TO IMPACT

**VEHICLE NO. 4**
- 43. DIRECTION OF TRAVEL AND STREET (MUST BE SAME AS IN NARRATIVE) DIAGRAM
- 44. VEHICLE WAS: 01 LEFT ON SCENE 02 TOWED BY 01 DRIVEN AWAY BY
- NAME:
- 47. LOCATION TOWED TO
- 45. CIRCLE ALL NUMBERS WHERE THERE IS DAMAGE
  - 1 2 3 4 5 6
  - 12 11 10 9 8 7
  - 13 Hood
  - 14 Roof
  - 15 Trunk
  - 16 Undercarriage
  - 17 Overturned
  - 18 Other (Explain in Narrative)
  - AFTER IMPACT
- 46. SKID MARKS
- TO IMPACT

INJURED TO HOSPITAL

**NOTE:** This report is the statistical analysis of vehicular accidents and the prevention thereof. The data given represent the opinion and conclusions of the reporting officer based on his/her judgment after considering all of the facts disclosed through his/her investigation of this accident.

CONTINUATION SHEET *(List item number of section continued with required information.)*

Complaint No.

Item No.

## METROPOLITAN POLICE DEPARTMENT
## CRIME SCENE EXAMINATION SECTION

# EVIDENCE REPORT

PD 668 REV. 03/91

| CES NUMBER | COMPLAINT NUMBER | TECHNICIAN | UNIT | DATE |
|---|---|---|---|---|
| 05-4529 | 061-671 | Mary Turner | Mobile Crime Unit | 05-13-05 |

| COMPLAINANT OR DECEDENT | OFFENSE | TIME |
|---|---|---|
| Slach, David | Hit & Run / Recovered Stolen Auto | 1640 hours |

| LOCATION OF OFFENSE |
|---|
| 1909 14th St. S.E.   PSA 706 |

| TO: Commanding Officer O.S.D. | FROM: Commander Forensic Science Division |
|---|---|
| ATTENTION: Investigator | SECTION: Crime Scene Search Unit |
| THRU: Special Services Command | UNIT / DIVISION: Forensic Science Division |

**NARRATIVE:**

On Friday, May 13th, 205 the undersigned technician  received a radio run to respond to the listed location to process the scene of a hit and run with a stolen auto. Upon arrival to the scene I was briefed by Ofc. Rachlin and the following services were rendered.

One roll of Kodak color photos were taken of the scene.
        Film strip # Y07-098

The listed vehicle was processed for prints and evidence with the following results.

2003 Silver 4dr. Jaguar, VIN.# SAJDA2YC73LF5476

The listed items and print were recovered as evidence.

Item #01-----One black and silver pocket knife was recovered from the rear middle console between the two front seats.
Item #02-----One latent print was recovered from the blade of item #01.
Item #03-----One latent print was recovered from the blade of item #01.
Item #04-----One latent print was recovered from the exterior of the drivers door.
Item #05-----One latent print was recovered from the exterior of the drivers door.

| NAME OF MEMBER PREPARING REPORT: Mary Turner | BADGE NO. 2716 | REVIEWING OFFICER: | UNIT |
|---|---|---|---|

### FOR ID USE ONLY

| LATENTS ARE OF NO VALUE: | FOLLOWING LATENTS PRINTS ARE OF VALUE: | |
|---|---|---|
| PER _____ | ☐ FINGERS   ☐ PALMS   ☐ TIPS | FORWARDED _____ BY _____ |
| PER _____ | PER _____ | ENTERED _____ BY _____ |
| | PER _____ | PROPERTY BOOK NO. _____ |

**DEFENDANT'S EXHIBIT 4**

92-1383

P.D. 0LBA 702

| METROPOLITAN POLICE DEPARTMENT WASHINGTON, D.C. | OFFENSE Hit & Run / RSA | COMPLAINT NUMBER 061-671 |
|---|---|---|
| CONTINUATION OF EVIDENCE REPORT | LOCATION 1909 14th St. S.E. | CSES NUMBER 05-4529 |

NARRATIVE:

Item #06-----One latent print was recovered from the exterior of the drivers door.
Item #07-----One latent print was recovered from the exterior of the drivers door.
Item #08-----One latent print was recovered from the exterior of the drivers door.
Item #09-----One latent print was recovered from the interior of the front passenger door wood panel.
Item #10-----One latent print was recovered from the interior of the front passenger door wood panel.

Technician Notes.
Item 01 was placed on property book 1391 page 76. Items 02-10 will be forwarded to the Fingerprint Examiation Section for further processing. The vehicle was stolen from Va. on 04-26-05.

MAY 3 3 2006

| SIGNATURE OF REPORTING OFFICER | ORG. ELEMENT | | SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|
| | | | |

# METROPOLITAN POLICE DEPARTMENT
## IDENTIFICATION AND RECORDS DIVISION
### District of Columbia Automated Fingerprint Identification Section

## IDENTIFICATION REPORT

Date: June 1, 2005

TO:   Commanding Officer
      Office of Superintendent of Detectives

ATTENTION: Detective Assigned

FROM:       D.C.A.F.I.S. S

RE: Brown, Eric Jerome    PDID# 568764

| C.S.E.S. File Number 05-4529 | CCN#: 061-671 | D.C.A.F.I.S. File Number 1101587 04529 |
|---|---|---|
| Date of Offense May 13, 2005 | Type of Offense Hit & Run/ Recovered Stolen Auto | |
| Location of Offense 1909 14th Street SE  PSA 706 | | |

The latent impressions marked item # 8 , recovered in the above captioned offense, were found to be impressions made by the left middle and left ring fingers of Brown, Eric Jerome, PDID# 568764.

The D.C.A.F.I.S. Section will maintain custody of the latent and inked impressions.

(a)    Officer Mary Turner of the Mobile Crime Unit recovered the physical evidence.

(b)    Officer Jones of the Juvenile Processing Section took the known inked impressions.

(c)    Fingerprint Specialist Gloria V. Graves of the Identification Branch effected the identification. This witness should be notified five working days, prior to any court appearance, allowing proper preparation of the physical evidence for court presentation. Note C.S.E.S. # 05-4529 on all court notifications.

Additional Item: The latent impressions marked item# 4, recovered in the above captioned offense, were found to be impressions made by the left middle, left ring and left little fingers of Brown, Eric Jerome, PDID# 568764.

_____
Gloria V. Graves
(Fingerprint Specialist, D.C.A.F.I.S.)