UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOAN CLARK | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 1:07-cv-00883 |
| | : | Judge Richard J. Leon |
| TIDEWATER MACK, INC. et al. | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT G&H SALES ASSOCIATES,
INC.'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Plaintiff, by and through her attorneys, submits this opposition to Defendant G&H

Sales Associates, Inc.'s (hereinafter "Defendant") Motion to Dismiss for Lack of

Jurisdiction and states as follows:

## I.    PROCEDURAL HISTORY

**A.    Pre Suit**

On May 13, 2005, Plaintiff was a passenger in a vehicle traveling along Southern

Avenue S.E., in the District of Columbia. Suddenly a stolen car, with Virginia tags,

crashed into the vehicle in which Plaintiff was riding.  The occupants of the stolen car

fled the scene.  They have never been identified. Plaintiff was severely injured.  She

suffered a severed aorta, fractured left elbow, right leg, left hip and left eye socket.  She

was in the hospital for three months.  She has been unable to walk since the accident and

is still receiving medical treatment for her injuries.

In 2005, Plaintiff's counsel reviewed the accident report and conducted an

investigation regarding the stolen car.  Plaintiff's counsel received information from then

co-counsel indicating that Defendant has or had an interest in the vehicle that hit Plaintiff.

Additionally, counsel spoke to police officials and sent a letter requesting information

regarding the theft of the car and the accident.  Counsel never received a response.

Counsel filed a Freedom of Information Act Request on April 30, 2007, seeking

information about the circumstances of the theft and the accident.  Plaintiff did not

receive a response to her inquiry.[1]

**B.**    **Law Suit**

Plaintiff filed her complaint on May 10, 2007.  As stated above, the named

defendants had been identified in her initial investigation.  Plaintiff needed information

that only the police department had, so she served the police department with a subpoena

*duces tecum*, pursuant to F.R.Civ. Pr. 30(b)(6) on June 25, 2007, setting a June 29, 2007

date for deposition.

The subpoena directed the police department to produce all records and

information concerning the theft of the vehicle and the circumstances of the accident.

The subpoena also directed the police department to designate a person who could

explain the documents and explain the circumstances of the theft and the accident.

Plaintiff received no response to her subpoena so she contacted the Office

of General Counsel for the police department on June 27, 2007.  The police department

had not planned to attend the deposition on June 29, 2007, had not produced any

documents and had not contacted Plaintiff's counsel.  After a discussion, it was agreed

that the police department would call Plaintiff and comply with the subpoena

Plaintiff made approximately 34 phone calls to the police department's general

counsel's office from June 27, 2007 until August 2007.  The general counsel's office

---

[1] Plaintiff received a reply on September 11, 2007; however it was not responsive to her requests.

made some documents available in July 2007. Depositions were scheduled on several

occasions and canceled. Plaintiff reviewed the documents and found them not to be

responsive to the subpoena. Plaintiff sent a letter to the police department about the

"incomplete" response.

On or about August 23, 2007, Plaintiff was contacted by the Attorney General's

office of the District of Columbia. Plaintiff was informed that a new deposition date

would be set in the Attorney General's Office. The first date was scheduled on August

24, 2007. It was cancelled and rescheduled for August 28, 2007.

At the end of the deposition Plaintiff's counsel stated that the police department

did not provide the information requested in the subpoena. Counsel for the police

department took the position that the department had complied. On September 7, 2007,

plaintiff's counsel wrote to the Office of the Attorney General for the District of

Columbia in an attempt to resolve the outstanding issues regarding the subpoena. As of

this date, Plaintiff has not received the information requested in her subpoena. Plaintiff

filed a Motion to Compel, for Contempt and for Sanctions against the police department

on October 1, 2007. At present, the parties are waiting for a police department response

and a Court ruling.

## II.    ARGUMENT

### A.    Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the

burden of establishing a factual basis for the Court's exercise of personal jurisdiction over

the defendant. _Schutter v. Herskowitz_, 2007 WL 1954416, *2 (D.D.C. 2007) (citing

_Crane v. N.Y. Zoological Soc'y_, 894 F.2d 454, 456 (D.C.Cir.1990)). In determining

whether a factual basis for personal jurisdiction exists, the court should resolve factual

discrepancies in the record in favor of the plaintiff. *Id.* (citing *Crane*, 894 F.2d at 456).

**B.**     **This Court Should Not Grant Defendant's Motion to Dismiss Because This Court Has Jurisdiction to Hear Plaintiff's Claims.**

This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332(a)(1) as

there is complete diversity among the parties and Plaintiff is seeking more than

$75,000.00 in damages.  Further, venue is proper in this Court pursuant to 28 U.S.C.A.

§1391(a)(2).

Although Defendant asserts that this Court has no *in personam* jurisdiction, the

facts and the law prove otherwise.  Under the District's long-arm statute:

> a District of Columbia court may exercise personal jurisdiction over a
> non-resident defendant who either (1) transacting any business in the
> District of Columbia; (2) contracting to supply services in the District of
> Columbia; (3) causing tortious injury in the District of Columbia by an act
> or omission in the District of Columbia…

D.C.Code § 13-423(a) (2001).  In order to establish specific *in personam* jurisdiction

under the District's long-arm statute, which is "a precise and intentionally restricted tort

section which stops short of the outer limits of due process," requires that both act and

injury occur in the District of Columbia. *Helmer v. Doletskaya*, 393 F.3d 201, 208

(C.A.D.C. 2004) (citing *Moncrief v. Lexington Herald-Leader Co.*, 807 F.2d 217, 221

(D.C.Cir.1986) (quoting *Margoles v. Johns*, 483 F.2d 1212, 1219 (D.C.Cir.1973); *Davis*

*v. Costa-Gavras*, 580 F.Supp. 1082, 1087 (S.D.N.Y.1984)).  Plaintiff has met her burden.

The facts known to Plaintiff at the present time indicate that Defendant, either directly or

through negligence, caused tortious injury in the District of Columbia through its acts.

Defendant, according to Plaintiff's investigation, was the owner of the vehicle that hit

Plaintiff and caused her injuries in the District of Columbia.  Plaintiff's investigation also

showed that the vehicle may have been stolen at the time of the accident. Plaintiff's

repeated attempts to ascertain the details surrounding the theft of the vehicle have been

thwarted by the police department.  Plaintiff is unable to determine if Defendant's

assertions that they had no ownership interest in the vehicle and were not involved in the

tortious acts giving rise to Plaintiff's complaint until the police department complies with

her subpoena.  However, until that information can be discovered,[2] the facts known to

Plaintiff and alleged in her complaint demonstrate a prima facie case for *in personam*

jurisdiction over Defendant.

### III.    CONCLUSION

Plaintiff has met her burden of establishing a prima facie case that Defendant's

acts caused Plaintiff's injuries and that both occurred within the District of Columbia.

Discovery has not been completed and the police department continues to obstruct

discovery.  Any motion to dismiss is premature at this stage.  Wherefore, for the above

cited reasons, this Court should deny Defendant's Motion to Dismiss for Lack of

Jurisdiction.

Respectfully Submitted,

   /s/ Ernest W. McIntosh
Ernest W. McIntosh, Jr.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, MD 20814
(301) 654-3400
Attorney for Plaintiff

---

[2] Discovery has not been completed in this case.  Therefore, any motion to dismiss based on factual information is premature at this point.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendant G&H Sales Associates, Inc.'s Motion to Dismiss for Lack of Jurisdiction was served electronically on October 18, 2007 using the EM/EFC system to:

Anand V. Ramana, Esq.
McGuire Woods, LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102

and

Stephen A. Horvath, Esq.
Trichilo, Bancroft, McGavin, Horvath and Judkins, PC
3920 University Drive
Fairfax, VA 22030

   /s/ Ernest W. McIntosh
Ernest W. McIntosh

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOAN CLARK** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:07-cv-00883** |
| | ) | **Judge Richard J. Leon** |
| **TIDEWATER MACK, INC., et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| _____ | ) | |

## <u>ORDER</u>

Upon consideration of Defendant G&H Sales Associates, Inc.'s Motion to Dismiss for Lack of Jurisdiction, Plaintiff's Opposition thereto, and the entire record herein it is hereby

**ORDERED** that Defendant's Motion be **DENIED**.

_____        _____
Date                                                                    Judge Richard J. Leon

Copies to:

Ernest W. McIntosh, Esq.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue
Suite 700E
Bethesda, MD 20814

Anand V. Ramana, Esq.
McGuire Woods, LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102

and

Stephen A. Horvath, Esq.
Trichilo, Bancroft, McGavin, Horvath and Judkins, PC
3920 University Drive
Fairfax, VA 22030