UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:07-cv-00883 |
| : | Judge Richard J. Leon |
| TIDEWATER MACK, INC. et al. : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S REPLY TO NON PARTY, THE METROPOLITAN POLICE DEPARTMENT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, FOR CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA AND FOR SANCTIONS**

## I.   INTRODUCTION

The Metropolitan Police Department ("DC MPD") mistakenly asserts that Plaintiff has no basis to compel them to produce documents requested in her subpoena or to produce a competent witness to testify about an auto theft and accident involving Plaintiff on May 13, 2005.  First, Officer Laverne Battle, the 30(b)(6) witness DC MPD provided for deposition, had no knowledge of the circumstances of the theft.  Second, Officer Battle had no knowledge of the facts leading up to the accident.  Third, it is very unlikely that DC MPD does not have any documents to produce regarding the theft and accident.  A review of Officer Battle's deposition and the documents produced by DC MPD show that DC MPD has additional documents and information regarding the circumstances of the theft and accident. There is only one conclusion.  On the facts of this case, the record shows DC MPD has not complied with Plaintiff's subpoena issued under the authority of this Court.

## II.  ARGUMENT

### A.  Requiring DC MPD to Produce a Witness With Corporate Knowledge Is Not Burdensome and Plaintiff Does Not Have a Burden to Demonstrate Willfulness.

DC MPD's legal authority for their positions that producing an additional 30(b)(6) witness would be burdensome and that Plaintiff must show willfulness for contempt sanctions is incorrect.

First, DC MPD's position that producing another 30(b)(6) witness and producing additional documents would be burdensome without explaining why it would be burdensome is simply not sufficient.  Recently, this Court stated that "[t]he party objecting to discovery requests *must justify its objections by explaining them in detail* as opposed to relying on general assertions. *Meijer, Inc. v. Warner Chilcott Holdings Co., III, Ltd.*, 2007 WL 2752142, *3 (D.D.C.,2007) (citing *United States ex rel. Pogue v. Diabetes Treatment Centers of America*, 235 F.R.D. 521, 523-24 (D.D.C.2006) (citing *Alexander v. FBI*, 192 F.R.D. 50, 53 (D.D.C.2000) ("[A] party objecting to an interrogatory on [the] basis [of undue burden] *must explain in detail how the interrogatory is burdensome*.") (emphasis added in both).  DC MPD stated that it "should not have the burden of producing any additional 30(b)(6) witnesses."  (DC MPD Opp., p. 3).

However, DC MPD does not state why producing a witness with corporate knowledge would be unduly burdensome.  Plaintiff only took one hour and fifteen minutes to depose Officer Battle.  There is no reason to believe that a competent 30(b)(6) witness would need to be available for more than two hours to complete this discovery and fulfill the obligations imposed on the DC MPD by Plaintiff's subpoena.

Second, DC MPD's position that willfulness is required to impose sanctions for contempt is incorrect. DC MPD cites to <u>Dada v. Children's National Medical Center</u>, 715 A.2d 904, 909 (D.C. 1998) for its position that willfulness is required for a party who fails to comply with discovery. A reading of this case shows that is not the holding. In <u>Dada</u>, dealt specifically with factors to consider when deciding whether to allow expert testimony not included in a 26(b)(4) statement. <u>Id.</u> In that case, the court should consider, among other factors, "whether the party seeking to introduce the testimony ***failed to comply with the evidentiary rules*** inadvertently or willfully." <u>Id.</u> (emphasis added). That is not the case here.

This Court has held that there is no willfulness requirement in considering sanctions for failure to comply with a court order. "The absence of wilfulness does not relieve from civil contempt.... Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act."). <u>Food Lion, Inc. v. United Food and Commercial Workers Intern. Union, AFL-CIO-CLC</u>, 103 F.3d 1007, 1016-1017 (C.A.D.C.,1997). The Court also stated:

> "[W]e see no reason why a district court should not be authorized to include legal fees specifically associated with the contempt as part of the compensation that may be ordered to make the plaintiff whole, even absent a showing of willful disobedience by the contemnor. Numerous courts have so held. (See, e.g., <u>Motley v. Yeldel</u>l, 664 F.Supp. 557, 558 (D.D.C.1987) ("[I]n a case involving civil contempt, there need be no finding of willful contempt for a Court to award Attorneys' fees and costs to the prevailing party. Although the Court of Appeals for the District of Columbia Circuit has not addressed this question, the Fifth, Sixth, Seventh and Ninth Circuits have all allowed fee awards in civil contempt proceedings in which the contempt was not found to be willful.")); <u>Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.</u>, 793 F.2d 1529, 1535 (11th Cir.1986) (explaining that Fleischmann "did not say, and certainly did not hold, that a fee award cannot be made in the absence of willful disobedience"))

*Id.* at 1017. Therefore, DC MPD's position that their "efforts" to comply with Plaintiff's discovery requests were in "good-faith" is irrelevant.

### B. Officer Battle Did Not Have Corporate Knowledge, a Requirement Under Fed. R. Civ. P. 30(b)(6).

As stated in Plaintiff's Motion, Officer Battle was not a competent 30(b)(6) witness as defined in the Rules. A 30(b)(6) witness has to have **corporate knowledge**; personal knowledge is irrelevant. See *Alexander v. FBI*, 186 F.R.D. 148, 151-152 (D.D.C. 1999) (setting forth specific impositions on an organization for a 30(b)(6) witness including the requirement to set forth more than one deponent if it is necessary to convey all the information requested in the subpoena).

As DC MPD stated in their opposition, Officer Battle arrived at the scene and completed the PD-10 accident report and was the responding officer to the accident. This statement shows exactly why she is not the only 30(b)(6) witness required. She showed up *after* the accident. She testified that she got some information from the other officers on the scene. Further, Officer Battle was not involved in the follow-up investigation and stated that an Officer Rachlin of DC MPD's Auto Theft Unit would have more information about the theft and accident. That alone demonstrates the necessity for DC MPD to provide another 30(b)(6) witness who can testify as to the circumstances of the theft and accident.

### C. There Must Be More Documents About the Investigation Into the Theft of the Vehicle and the Accident.

DC MPD's statement that there are no additional documents or tapes to be produced is highly unlikely. As stated above, Officer Battle testified that DC MPD did an investigation, yet DC MPD has produced no reports or notes regarding an investigation.

Further, Plaintiff's counsel has consulted with experts in police procedures who confirmed that DC MPD's Auto Theft Unit would have written a supplemental report to Officer Battle's PD-10; there would have been a watch commander and shift supervisor with knowledge about the facts leading up to the accident including information available to the officers in pursuit of the vehicle; DC MPD would have prepared a CID or traffic accident follow-up report. None of these documents were ever produced. Additionally, DC MPD identified a suspect from fingerprints yet DC MPD produced no documents indicating what, if any, follow-up efforts were made to locate the suspect, whether he was ever located and/or interviewed etc.

It is more likely than not that there are additional documents not produced by DC MPD. By failing to produce these documents and failing to produce a competent 30(b)(6) witness who could facilitate locating and identifying these documents is in blatent contempt of the subpoena and DC MPD should be compelled to produce this information.

### III.   Conclusion

The law and facts justify the finding of contempt as to the DC MPD. The police department has willfully failed to comply with the Rules of the Court. Plaintiff should not have had to come to the Court to order the DC MPD to comply with her Subpoena *Duces Tecum*. This Court should compel DC MPD to produce an appropriate designated agent under Rule 30(b)(6) to testify as to the subject areas on Plaintiff's Subpoena *Duces Tecum* and to produce the requested documents. Further, this Court should levy the sanctions and grant any other relief the Court deems appropriate.

          Respectfully Submitted,

            /s/ Ernest W. McIntosh
          Ernest W. McIntosh, Jr.
          Newman, McIntosh & Hennessey, LLP
          7315 Wisconsin Avenue, Suite 700E
          Bethesda, MD 20814
          (301) 654-3400

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Reply to Non-Party, Metropolitan Police Department's Opposition to Plaintiff's Motion to Compel, for Contempt for Failure to Comply with Subpoena and for Sanctions was served electronically on October 22 2007 using the EM/EFC system to:

Timothy E. Fizer, Esq.

and

Stephen A. Horvath, Esq.
Trichilo, Bancroft, McGavin, Horvath and Judkins, PC
3920 University Drive
Fairfax, VA 22030

and was mailed postage pre-paid to:

Linda Singer, Esq.
Attorney General for the District of Columbia
Office of the Attorney General
441 4th Street NW, Suite 1060N
Washington, DC 20001

Nicole Lynch, Esq.
Chief, General Litigation, Section III
District of Columbia Office of the Attorney General
441 4th Street NW, 6th Floor South
Washington, DC 20001

and

Terrance Ryan, Esq.
Office of the General Counsel for the Metropolitan Police Department
300 Indiana Avenue, Room 4115
Washington, DC 20001

                                                                        /s/ Ernest W. McIntosh  
                                                                        Ernest W. McIntosh