IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN CLARK

    Plaintiff,

v.                                                     Civil Action No. 1:07cv-00883
                                                     Judge Richard J. Leon

TIDEWATER MACK, INC. *et.al.*

    Defendants,
_____/

**DEFENDANT, G& H SALES ASSOCIATES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF *IN PERSONAM* JURISDICTION**

**I.**    **Introduction**

This matter arises out of a claim for personal injuries for an incident which occurred on May 13, 2005 in the District of Columbia. The plaintiff alleges that she was injured as a result of the conduct of an unknown driver who was driving a 2003 Jaguar. She further alleges that "Upon information and belief, the Jaguar was owned by one or more of the defendants". The plaintiff does not allege any specific facts as to how the defendants were negligent. There is no allegation that this defendant, G&H Sales Associates, Inc. was negligent in the handling of its vehicle; negligently entrusted the vehicle; nor are there any allegations that G&H Sales Associates, Inc. engaged in any act or omission in the District of Columbia. Finally, there is no allegation that G&H Sales Associates, Inc. regularly did or solicited business in the District of Columbia, engaged in any other persistent course of conduct in the District of Columbia; derived any revenue from the District of Columbia; or used or consumed services rendered in the District of Columbia.

The lawsuit was filed on or about May 10, 2007. After it was filed, service was obtained on G&H Sales Associates, Inc., and counsel for the plaintiff indicated that he would extend the time within which a responsive pleading had to be filed. Counsel for the plaintiff further indicated to the undersigned counsel that he was unsure who owned the vehicle, and he needed to obtain information from third parties to find out who owned the motor vehicle. As a result, an extension of time was given until August 6, 2007 in which to file a responsive pleading.

Counsel for the plaintiff was advised that, according to G&H Sales Associates, Inc.'s investigation, it never owned the vehicle in question and the fact that it has never even owned a Jaguar. The vehicle in question, the 2003 Jaguar, was not owned by this defendant.

A second Agreed Motion to Extend the Time within which to File a Responsive Pleading to give the plaintiff's counsel additional time to investigate the matter was also filed on this matter. In that Consent Motion, it was represented that the attorneys had been working together to address the issue concerning the ownership of the vehicle, and that counsel for the plaintiff had been attempting to verify the fact that G&H Sales Associates, Inc. did not, in fact, own the vehicle in question.

Despite the fact that the issue concerning the determination of the ownership of the vehicle should be fairly simply, and could be done by simply looking at the records in Manassas, Virginia, the site of the theft of the vehicle or checking the title for the vehicle, the plaintiff has still not identified a single fact in this case which shows that G&H Sales Associates, Inc. ever owned the vehicle in question.

When the second extension of time within which to file a responsive pleading expired, G&H Sales Associates, Inc. filed an Answer, which also contained a Motion to Dismiss for Lack of *in Personam* Jurisdiction.

G&H Sales Associates, Inc. now requests that this Court dismiss the matter for lack of *in personam* jurisdiction. There is no evidence that G&H Sales Associates, Inc. committed any act which would allow for this Court to exercise *in personam* jurisdiction.

## II.   Allegations

The only allegations in the Complaint concerning G&H Sales Associates, Inc. are as follows:

- G&H Sales Associates, Inc. is and at all times herein mentioned was a duly licensed corporation incorporated in Virginia with its principal place of business located in Virginia. (¶ 2)

- Two unknown individuals driving a 1002 Jaguar, which upon information and belief, was owned by one or more of the defendants, operated the vehicle in an easterly direction .... (¶ 10)

- The collision referred to herein was caused by the negligence of one or more of the defendants who failed to secure and/or control their vehicle, failed to obey the laws, rules and regulations of the District of Columbia, then and there in full force and effect.

Notably absent are any allegations showing how this Court has *in personam* jurisdiction over G&H Sales Associates, Inc.

## III.   Facts

Attached to this pleading is an Affidavit from Dennis Taylor, the General Manager of G&H Sales Associates, Inc., Inc. Mr. Taylor, who is familiar with the operation of the business of G&H Sales Associates, Inc., has stated in his Affidavit that G&H Sales Associates, Inc. never owned the 2003 Jaguar, and did not own the vehicle which is the

subject of this lawsuit. It is a used car dealership located in Norfolk, Virginia. It has been in business since 1985 in Norfolk, Virginia, and does not do business in the District of Columbia. It specializes in some handling vehicles in the age of ten years and older. G&H Sales Associates, Inc. has no agents or employees in the District of Columbia, does not do business in the District of Columbia, is not engaged in any sort of conduct, let alone a persistent course of conduct, in the District of Columbia, derives no revenues from the District of Columbia, and does not use goods or services or consume goods or services in the District of Columbia.

## IV.     Discussion of Law

The District of Columbia Long-Arm Statute, D.C. Code Annotated § 13-423 (a) provides personal jurisdiction can be based upon conduct arising from causing tortious injury in the District of Columbia by an act or omission in the District of Columbia, or causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the District of Columbia. D.C. Code § 13-423 (a) (3) and (4). To be constitutionally fit and sufficient still requires that there must be "some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of the law". _Hanson v. Denckla_, 357 U.S. 235, 153 (1958). See also _World-Wide Volkswagen Corporation v. Woodson_, 444 U.S. 286, 297 (1980). See _Tavoulares v. Comnas_, 232 U.S. App. D.C. 17, 720 F. 2d 192 (D.C. App. 1984).

> "Plaintiffs must bear the burden of establishing jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936); *Stone v. United States*, 221 U.S. App. D.C. 130, 683, F. 2d 449, 454 (D.C. Cir. 1982) (dictum), and it must appear on the face of the complaint, Fed. R. Civ. P., P. 8 (a) (1); *Schultz v. Cally*, 528 F. 2d 470, 474 (3rd Cir. 1975)."

*Tavoulares v. Comnas*, 232 U.S. App. D.C. 17, 720 F. 2d 192, 195.

Here, the plaintiff has not established jurisdiction based on the face of the Complaint. The plaintiff has not made any of the necessary allegations to support jurisdiction, and it is the plaintiff who bears this burden. If the plaintiff fails to meet the burden, then the claims against the defendant must be dismissed. See *Skinner v. United States*, 207 U.S. Dist. LEXIS 15594 (D.D.C. 2007).

In the case at bar, neither the allegations in the Complaint, nor the allegations as stated in the Memorandum filed by the plaintiff in support of its claim for jurisdiction establishes that there are any facts which would allow this Court to exercise jurisdiction. In fact, the only statement that has been made is that "Plaintiff is unable to determine if the defendant's assertion that they have no ownership interest in the vehicle and were not involved in any tortious acts giving rise to the Complaint until the Police Department complies with their Subpoena" shows that at this time, the plaintiff does not have the facts to even allow this case to go forward.

A plaintiff may not file a suit on the "mere hope that pretrial discovery will provide a basis for his case." *Simpson v. Chesapeake & Potomac Telephone Company, Inc.*, 522 A. 2d 880, 884 (D.C. App. 1987). An attorney has a duty under Rule 11, Fed. R. Civ. P. to make an investigation to ascertain that the claim is meritorious. *Rhinehart v. Stauffer*, 638 F. 2d 1169, 1171 (9th Cir. 1979). Plaintiff's hope to find facts to support the claim does

not justify this Court asserting *in personam* jurisdiction.

        Respectfully submitted,

        **G&H SALES ASSOCIATES, INC.**

        <u>/s/ Stephen A. Horvath</u>
        Stephen A. Horvath, Esquire
        D.C. Bar No. 417137
        Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C.
        3920 University Drive
        Fairfax, Virginia 22030
        Phone: (703) 385-1000;
        Fax: (703) 385-1555
        Shorvath@vadctriallaw.com
        *Counsel for G&H Sales Associates, inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Memorandum of Points and Authorities in Support of Motion to Dismiss for Lack of *in Personam* Jurisdiction** was served electronically on the 26th day of October, 2007 using the EM/EFC system, which will then send a notification of such filing (NEF) to the following:

Ernest W. McIntosh, Jr.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue
Suite 7003
Bethesda, Maryland 20814
*Counsel for Plaintiff, Joan Clark*

Timothy E. Fizer, Esquire
Krause, Fizer, Crogan & Lopez
P.O. Box 926
Baltimore, Maryland 21203
*Counsel for Defendant Tidewater Mack, Inc.*

/s/ Stephen A. Horvath
D.C. Bar No. 417137
Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C.
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000;
Fax: (703) 385-1555
Shorvath@vadctriallaw.com
*Counsel for G&H Sales Associates, inc.*

IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN CLARK

        Plaintiff,

v.

        Civil Action No. 1:07cv-00883
        Judge Richard J. Leon

TIDEWATER MACK, INC. et.al.

        Defendants,

## AFFIDAVIT

I, DENNIS TAYLOR, having been first duly sworn, do hereby depose and state as follows:

1. This Affidavit is based on personal knowledge, and my knowledge learned as the General Manager of G&H Sales Associates, Inc.

2. I am the General Manager at G&H Sales Associates, Inc., and was the General Manager of G&H Sales Associates, Inc. in 2003.

3. I have read the allegations in the complaint concerning the alleged theft of a 2003 Jaguar. G&H Sales Associates, Inc. did not own a 2003 Jaguar at any time, and, in fact, has never owned a Jaguar. G&H Sales Associates, Inc. is a used car dealership located in Norfolk, Virginia, and most of the cars that it handles are older cars, ten years old and older.

4. G&H Sales Associates, Inc. has been in business since approximately 1985 in Norfolk, Virginia. It has no offices in the District of Columbia. It has no agents or employees in the District of Columbia. It does not do business in the District of Columbia.

It does ~~place~~ ⟨not⟩ advertising in the District of Columbia, and does not seek or solicit business from the District of Columbia. It does not engage in any sort of conduct of going into the District of Columbia, and does not derive any revenues from goods used or consumed or services rendered in the District of Columbia. It is a locally based used car dealership, without ties or connections to the District of Columbia.

_____
Dennis Taylor

STATE OF __Virginia__;
CITY/COUNTY OF __Norfolk__, to-wit;

Subscribed, sworn, and acknowledged to before me on this __25th__ day of __October__, 2007 by Dennis Taylor, in person and with proof of true identity.

[Notary Seal: STEPHANIE A. SPALTRO, Notary Public, Commonwealth of Virginia, 355121, My Commission Expires Jan 31, 2009]

My Commission Expires: __1-31-09__
Registration Number: __355121__

__Stephanie A. Spaltro__
Notary Public
Name: __Stephanie A. Spaltro__
(Please Print)

2

Phone: (703) 385-1000;
Fax: (703) 385-1555
Shorvath@vadctriallaw.com
Counsel for G&H Sales Associates, inc.

4

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

TOTAL P.05

IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOAN CLARK

    Plaintiff,

v.                                            Civil Action No. 1:07cv-00883
                                                Judge Richard J. Leon

TIDEWATER MACK, INC., *et.al.*

    Defendants,

_____/

# O R D E R

UPON CONSIDERATION of the Motion of G&H Sales Associates, Inc.'s Motion to Dismiss for Lack of *in Personam* Jurisdiction, and the Memorandum and supporting documents,

IT APPEARING to the Court that it has failed to allege or identify any facts which would support this Court's *in personam* jurisdiction, it was this _____ day of _____, 2007,

ORDERED that G&H Sales Associates, Inc. be and the same hereby is dismissed.

                                                             _____
                                                             Judge

Copies to:

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
*Counsel for G&H Sales Associates, Inc.*
Trichilo, Bancroft, McGavin,
Horvath & Judkins, P.C.
3920 University Drive

Fairfax, Virginia 22030
Phone: (703) 385-1000;
Fax: (703) 385-1555
Shorvath@vadctriallaw.com


Ernest W. McIntosh, Jr.
*Counsel for Plaintiff, Joan Clark*
 Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue
Suite 7003
Bethesda, Maryland 20814

Timothy E. Fizer, Esquire
Krause, Fizer, Crogan & Lopez
*Counsel for Defendant Tidewater Mack, Inc.*
P.O. Box 926
Baltimore, Maryland 21203