UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK : | |
| : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 1:07-cv-00883 (RJL) |
| : | Before the Honorable |
| TIDEWATER MACK, INC. et al. : | Deborah A. Robinson |
| : | Magistrate Judge |
|     Defendants. : | |

**PLAINTIFF'S HEARING BRIEF**

Plaintiff submits this brief in anticipation of the hearing on Plaintiff's Motion to Compel, for Contempt for Failure to Comply with Subpoena and for Sanctions. This brief outlines the posture of the case and the basic factual and legal contentions of the Plaintiff.

## I.   INTRODUCTION

This case involves a hit and run accident where Plaintiff, while a passenger in a vehicle, was struck by a stolen car. The central issue in this case involves the identity of the owner of the vehicle that struck Plaintiff as well as the circumstances surrounding the theft of the vehicle and facts leading up to the crash. Plaintiff's investigation revealed that this information is in the possession of the Metropolitan Police Department for the District of Columbia ("DC MPD"). After failing to obtain this information, Plaintiff filed suit and served DC MPD with a subpoena *duces tecum* pursuant to F.R.Civ.P. 30(b)(6). When the deposition occurred on August 28, 2007, DC MPD's corporate representative had no knowledge about the subject areas specifically set forth in Plaintiff's subpoena *duces tecum*. In response

to Plaintiff's request for additional witnesses and information, DC MPD told Plaintiff to file a motion.

## II. FACTS

### A. Pre Suit

On May 13, 2005, Plaintiff was a passenger in a vehicle traveling along Southern Avenue S.E., in the District of Columbia. A stolen car crashed into the vehicle in which Plaintiff was riding.  The occupants of the stolen car fled the scene.  They have never been identified. Plaintiff was severely injured. She has been unable to walk since the accident and is still receiving medical treatment.

Plaintiff's counsel conducted an investigation regarding the stolen car.  Counsel spoke to police officials and sent a letter requesting information regarding the theft of the car and the accident.  Counsel also filed a Freedom of Information Act Request seeking information about the circumstances of the theft and the accident.  Plaintiff did not receive responses to her inquiries.[1]

### B. Law Suit

Plaintiff filed her complaint on May 10, 2007.  The Defendants had been identified in her initial investigation.  Plaintiff needed information that only the DC MPD had, so she served

---

[1] Plaintiff received a reply on September 11, 2007; however it was not responsive to her requests.

the police department with a subpoena *duces tecum*, pursuant to F.R.Civ. Pr. 30(b)(6).[2]

The subpoena directed the police department to produce all records and information concerning the theft of the vehicle and the circumstances of the accident. The subpoena also directed the police department to designate a person who could explain the documents and explain the circumstances of the theft and the accident.

Plaintiff made approximately 34 phone calls to the general counsel's office from June 27, 2007 until August 2007. The general counsel's office made some documents available in July 2007. Depositions were scheduled on several occasions and canceled. Plaintiff reviewed the documents and found them not to be responsive to the subpoena. Plaintiff sent a letter to the police department about the "incomplete" response. The deposition was finally held on August 28, 2007.

Officer Laverne Battle was designated to testify. Officer Battle's testimony about recorded tapes concerning the events leading up to the accident showed that one of the tapes had not been produced. She did not have sufficient knowledge or information to address the subpoena's requests. Officer Battle testified as follows:

She did not know how the car was stolen.

> (Battle depo., p. 46, ll 15-20; p. 47, ll 1-8)

---

[2] Defendants provided information which casts doubt on their involvement in this case. It was imperative that Plaintiff obtain information from the police department so that these matters could be resolved as soon as possible.

> Q: Officer Battle, based upon your presence at the accident scene and based upon your review of the records you've testified before, can you tell me how this Jaguar was stolen?
> A: I don't know exactly how the Jaguar was stolen, but according to this Event Chronology Report it states that the ORI, which is the originating agency in reference to the stolen vehicle, is Manassas Police Department. They have it listed as stolen on 4/27 of 2005 from Manassas, Virginia.

She could not provide information about the facts leading up to the accident.

> (*Id.* at p. 21, ll 3-22; p. 22, ll 1-3)
> Q: I understand. When we go down to the narrative, it states that "On May 13th at approximately 1355 hours the Jaguar, D1, was traveling eastbound in the 800 block of Southern Avenue at a high rate of speed, crossed over double yellow lines striking D2, Ms. Clark's vehicle, causing it to spin out of control. D1, the Jaguar, also spun out of control before coming to a complete stop, at 12   which time D1 and the passenger jumped out of the vehicle and fled the scene in a wooded area of the 800 block of Southern Avenue, Southeast." Did you actually observe this?
> A: No.
> Q: How did you get this information?
> A: Once I got to the scene -- I can't recall right off the top of my head exactly who I spoke with. I know some of the   information came from the dispatcher as far as the suspect information, the driver. As I say, this accident has been some time ago and I've had several accidents since then, so I can't –
>
> (*Id.* at p. 48, ll 10-18; p. 49, ll 1-9)
> Q: Now the Event Chronology indicated that a cruiser was   following this vehicle before it crashed. Do you have any information about what caused these officers to start following this vehicle, what went on when they were following this vehicle, and what went on before this vehicle hit the car in which Ms. Clark was riding?
> A: I can only elaborate on the Event Chronol-

>ogy record which states that the Cruiser 8632 was behind the stolen vehicle; the vehicle refused to stop. And I'm not certain if the vehicle eluded 8632 -- Cruiser 8632 because it doesn't state here, but it does state that the vehicle was involved in a motor vehicle accident and it gives the location of Southern Avenue and Chesapeake Street, Southeast.

She could not fully explain the documents the police department produced in response to the subpoena

>(*Id.* at p. 34, ll 4-8)
>Q: Okay. And then I come down under that it has complainant or decedent, David Slack. Where does that information come from?
>A: That information I wouldn't have because I didn't prepare this report.
>
>(*Id.* at p. 34, ll 15-20)
>Q: Then we come down, it says "To commanding officer OSD." What does OSD mean?
>A: It's a specialized unit. I assume that it's a part of the Forensic Science Division. It doesn't say here exactly what it stands for and I don't work for that unit so I wouldn't be able to tell you.
>
>(*Id.* at p. 36, ll 3-11)
>Q: So, it would be safe to assume that some detective has worked on this case?
>A: That information I wouldn't be able to elaborate on because it doesn't state in this identification Report. It just said it was assigned to a detective, but, because it doesn't give a name of a detective, I'm not aware who would have done the follow-up or who it would have been forwarded to.
>
>(*Id.* at p. 47, ll 20-22 – p. 48, ll 1-7)
>Q: And also I showed you the Evidence Technician report which indicated a subject, Eric Jerome Brown. Do you have any knowledge as to what is going on with that?
>A: No. I don't have any knowledge of it, but it does say that a subject was identified according to the latent prints. Now what his status is as of today's date, I wouldn't have that information.

At the end of the deposition Plaintiff's counsel stated that the police department did not provide the information requested in the subpoena. Counsel for the police department took the position that the department had complied. On September 7, 2007, plaintiff's counsel wrote to the Office of the Attorney General for the District of Columbia in an attempt to resolve the issues regarding the subpoena. Plaintiff has not received the information requested in her subpoena.

### III.   PLAINTIFF'S POSITION

#### A.   DC MPD failed to meet the burden imposed on them by Federal Rule of Civil Procedure 30(b)(6).

DC MPD's corporate designee did not meet the burden to satisfy the requirements for FRCP 30(b)(6). DC MPD had an obligation to: 1) designate a deponent who is knowledgeable on the subject matter identified as the area of inquiry; 2) designate more than one deponent if it is necessary to convey all the information requested in the subpoena; 3) prepare the deponent to testify on all matters reasonably known by the designating party, not just those within that particular deponent's personal knowledge; and 4) substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry. **Alexander v. FBI, 186 F.R.D. 148, 151-152 (D.D.C. 1999).**

DC MPD failed to comply with the **Alexander** requirements. Unlike the plaintiffs in **Alexander** who failed to demonstrate why the witness in that case was not competent, Plaintiff has demon-

strated why DC MPD's witness failed to meet any of the four requirements.

Officer Battle, DC MPD's corporate designee, had no knowledge about the theft of the vehicle, the facts leading to the accident and any follow-up investigation. Officer Battle testified that there were other individuals in DC MPD who would have additional information.  DC MPD failed to prepare Officer Battle by failing to provide information that other departments within DC MPD had on the matter. DC MPD's response to Plaintiff's request to produce additional 30(b)(6) witnesses was that Plaintif should file a motion. Despite DC MPD's assertion that Officer Battle "was the best and most competent designee of the District" her own testimony and the glaring omissions of documentary evidence prove that not to be the case.  (Def. Opp., p. 1). DC MPD's argument that Officer Battle had "first-hand knowledge" of the accident is irrelevant for purposes of Rule 30(b)(6). (Def. Opp., p. 3).  Personal knowledge does not suffice for a 30(b)(6) witness.  The Rule is clear that the knowledge is that of the corporation, not the individual witness. **McKesson Corp. V. Islamic Republic of Iran, 185 F.R.D. 70, 79 (D.D.C. 1999)** (stating that the designee "should not only testify about matters within his or her own personal knowledge, but also matters which the receiving entity has reasonable knowledge and access.").

> Rule 30(b)(6), F.R.Civ.P. contemplates a corporation designating 'one or more officers, directors, or managing agents' with the view that the person designated will by **fully knowledgable, with access to the records and**

> **to other corporate agents and employees, to be able to testify on all relevant matters not privileged... it does not contemplate that such a person be deprived of the means of giving meaningful testimony at such a deposition, and that, in effect, such a deposition be a mere sham or charade.**

**Weaver v. Gross**, 1986 WL 2396, *1 (D.D.C. 1986)(emphasis added). Officer Battle's testimony that she didn't have knowledge of information from other divisions within the DC MPD is just the sort of answer that the **Weaver** Court held unacceptable.

DC MPD admitted in both their Opposition and in a letter to Plaintiff's counsel that Mary Turner, with MPD's Crime Scene Search Unit, and Officer Rachlin, with MPD's Hit and Run Unit, did a follow-up investigation. However, Officer Battle testified that she had no knowledge of that and had no documents. In spite of this deficiency, DC MPD has produced no documents or witnesses concerning this follow-up investigation.

As the **McKesson** Court stated, it is the corporation's burden to produce proper witnesses regarding the subject matters identified in the subpoena and, if they know of more than one individual, they have to produce them or provide the court with an adequate explanation. **185 F.R.D. at 81.** It is obvious that there are additional fact witnesses with discoverable information.

> **B.   DC MPD should be compelled to produce a competent deponent and the documents identified in Plaintiff's Subpoena *Duces Tecum* and should be held in Contempt and sanctioned for their refusal to produce discoverable information.**

As this Court recently stated:

> When the possibility of imposing serious sanctions on the parties arises, the Court need not fire a warning shot over the bow of a party before doing so. In fact, there is no condition precedent in the Federal Rules of Civil Procedure requiring the Court give such warning, for the Court has broad discretion. See Bonds v. District of Columbia, 93 F.3d 801, 807 (D.C.Cir.1996); Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir.1991).

**Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1, 6 (D.D.C.,2007).** This Court should exercise its discretion and impose sanctions for DC MPD's wilful failure to meet their burden under the Rules and their refusal to comply with the subpoena.

Plaintiff was injured when she was hit by a stolen car. The facts surrounding the theft, accident and investigation are in DC MPD's exclusive control. The named defendants have filed motions to dismiss and have threatened Plaintiff's counsel with Rule 11 motions if they are not dismissed. However, Plaintiff is not in a position to dismiss defendants until DC MPD provides the information requested in her subpoena. Plaintiff has been forced to defend numerous motions as well as to move this Court to compel DC MPD to provide what it should have provided years ago.

An order from the court compelling DC MPD to produce additional witnesses and information would not sufficiently address Plaintiff's damages incurred as a result of their failure to comply. Therefore, Plaintiff requests that the Court: 1) set a time, within 10 days, for DC MPD to comply with the subpoena; 2)

levy an appropriate fine for each day, beyond the 10 days, that DC MPD has not complied; 3) order DC MPD to reimburse Plaintiff for expenses incurred in taking the deposition on August 28, 2007 and to pay for all future depositions; 4) to pay Plaintiff's attorney's fees and costs for the time expended in attempting to get the department to comply with the subpoena; and 5) to pay Plaintiff's attorney's fees and costs for any time expended in responding to motions by any Defendant in this action as a result of DC MPD's continued failure to provide discovery.

## V.   CONCLUSION

DC MPD failed to meet its burden under FRCP 30(b)(6).  It failed to produce a competent witness or witnesses and refused to produce additional documents.  As a result of DC MPD's failure to comply with the subpoena, Plaintiff has been forced to expend time and resources defending motions from other Defendants regarding ownership of the vehicle as well as time and expenses in attempting to have DC MPD comply with the subpoena.  Therefore, this Court should grant Plaintiff's motion and impose appropriate sanctions on DC MPD.

Respectfully submitted,

 /s/ Ernest W. McIntosh
Ernest W. McIntosh
Bar No. 315309
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue
Suite 700E
Bethesda, MD  20814
(301) 654-3400
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Plaintiff's Hearing Brief was served electronically on December 11, 2007 using the EM/EFC system to:

Anand V. Ramana, Esq.
McGuire Woods, LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102

and

Stephen A. Horvath, Esq.
Trichilo, Bancroft, McGavin, Horvath and Judkins, PC
3920 University Drive
Fairfax, VA 22030

and was mailed postage pre-paid to:

Linda Singer, Esq.
Attorney General for the District of Columbia
Office of the Attorney General
441 4th Street NW, Suite 1060N
Washington, DC 20001


Nicole Lynch, Esq.
Chief, General Litigation, Section III
District of Columbia Office of the Attorney General
441 4th Street NW, 6th Floor South
Washington, DC 20001

and


Terrance Ryan, Esq.
Office of the General Counsel for the Metropolitan Police Department
300 Indiana Avenue, Room 4115
Washington, DC 20001

and hand-delivered to counsel for the Metropolitan Police Department on December 11, 2007.

                                        /s/ Ernest W. McIntosh
                                        Ernest W. McIntosh