**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOAN CLARK, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-CV-00883 |
| ) | Judge Richard J. Leon |
| v. ) | |
| ) | |
| TIDEWATER MACK, INC. *et al.* ) | |
| ) | |
| Defendants. ) | |

**NON-PARTY METROPOLITAN POLICE DEPARTMENT'S MOTION TO STAY ORDER OF MAGISTRATE JUDGE PENDING A RULING ON ITS OBJECTION**

Non-Party, the Metropolitan Police Department ("MPD"), by and through its undersigned counsel, respectfully requests that the Court stay Magistrate Judge Robinson's Order dated April 17, 2008, requiring Non-Party MPD to produce for a third time 30(b)(6) testimony and pay Plaintiff's attorney's fees and costs for appearing at the April 17, 2008 hearing. In support of its Motion Non-Party MPD states that it has filed an Objection of this Order pursuant to Fed. R. Civ. P. 72 and LCvR 72.2 and requests that the Court stay the matter until a decision is made on its Objection.

As discussed in its Objection, Non-Party MPD has fully complied with Plaintiff's 30(b)(6) notice of deposition to "examine the witness as to matters relating to their investigation of a stolen jaguar automobile involved in an accident with Plaintiff on May 13, 2005, referenced in the District of Columbia Metropolitan Police Department PD-10 and matters relating to the investigation of the stolen vehicle and accident " *See* Notice of Deposition. On August 27, 2007, Non-Party MPD produced Officer Laverne Battle, who had first - hand knowledge of the accident and prepared the PD-10 accident report. In

addition, on April 15, 2008, pursuant to Magistrate Judge Robinson's February 27, 2008, Order, MPD produced Officer Kevin Rachlin, a second designee, with 24 years experience with MPD, assigned to the Auto Theft Unit, who was also present at the accident scene. Furthermore, MPD already produced all documents, pictures, and the tape of the radio run of the traffic accident, and MPD does not have any other documents concerning the investigation of the alleged stolen jaguar.

Wherefore, Non-Party MPD moves the Court to Stay Judge Robinson's Order until a decision on MPD's Objection to the Order of the Magistrate Judge is reached.

Pursuant to LCvR 7(m), undersigned counsel was unsuccessful in her attempt to contact opposing counsel regarding the relief sought in the instant motion.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

/S/ Carol A. Connolly
CAROL A. CONNOLLY (468126)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S012
Washington, D.C. 20001
(202) 724-5611
(202) 727-0431 (fax)
E-mail: carol.connolly@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-CV-00883 |
| ) | Judge Richard J. Leon |
| v. ) | |
| ) | |
| TIDEWATER MACK, INC. *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NON-PARTY MPD'S MOTION TO STAY**

A court has inherent power to stay a proceeding in control to its docket, after balancing the compelling interests. *See Dellinger v. Mitchell*, 442 F.2d 782 (D.C. Cir. 1971). "The power to stay a proceeding is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *See Lanis v North American Co., 299 U.S. 24(1936).*

In exercising its inherent powers, court have frequently stayed litigation pending dispositive motions because the litigation may become unnecessary. Moreover, a stay would prevent the potential unrecoverable expenditure of taxpayers resources, and would by temporality allowing the District to avoid diverting needed funds to comply here, "preserv[e] the economic viability of existing public services…." *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F. 2d 972, 978 (D.C. Cir. 1985).

As such, in the interest of justice and judicial economy, Non-Party MPD respectfully requests that the Court stay Judge Robinson's Order requiring Non-Party MPD to produce for a third time 30(b)(6) testimony and pay Plaintiff's attorney's fees and costs for that day until a decision is made by this Court on its Objection.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


NICOLE L. LYNCH (471953)
Chief, General Litigation Section II


/S/ Carol A. Connolly
CAROL A. CONNOLLY (468126)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S012
Washington, D.C. 20001
(202) 724-5611
(202) 727-0431 (fax)
E-mail: carol.connolly@dc.gov

Case 1:07-cv-00883-RJL-DAR    Document 30    Filed 04/28/2008    Page 5 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIDEWATER MACK, INC. *et al.* )<br>)<br>Defendants. )<br>) | C.A. No. 07-CV-00883<br>Judge Richard J. Leon |

## ORDER

Upon consideration of MPD's Motion to Stay, its memorandum of points and authorities in support thereof, and the entire record herein, it is this _____day of

_____, 2008,

**ORDERED** that the motion be, and the same hereby is, **GRANTED**; and it is

**FURTHER ORDERED** that Magistrate Judge Robinson's Order dated April 17, 2008, is stayed pending a decision on Non-Party MPD's Objection.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE