UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOAN CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-CV-00883 |
| | ) | Judge Richard J. Leon |
| v. | ) | |
| | ) | |
| TIDEWATER MACK, INC. *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**NON-PARTY METROPOLITAN POLICE DEPARTMENT'S OBJECTION TO ORDER OF MAGISTRATE JUDGE**

Non-Party, the Metropolitan Police Department ("MPD"), by and through its undersigned counsel, respectfully requests *de novo* review, pursuant to Fed. R. Civ. P. 72 and LCvR 72.2, of Magistrate Judge Robinson's Order dated April 17, 2008, regarding Plaintiff's Motion to Compel and for Sanctions. *See* Docket at 4/18/08.

MPD submits that the Magistrate Judge's Minute Order "to compel additional 30(b)(6) testimony and pay Plaintiff's attorney's fees and costs for appearing on April 17, 2008" is clearly erroneous in that (1) This Court has no jurisdiction in this case as Plaintiff voluntarily dismissed with prejudice the two named Defendants in January 2008 and the case should be closed; (2) Magistrate Judge Robinson already ruled on February 27, 2008, on Plaintiff's Motion to Compel and for Sanctions and denied in part Plaintiff's request for sanctions as Moot (*See* Docket at 2/27/08); and (3) Non-Party MPD already produced two competent designees pursuant to Rule 30(b)(6) in this case and should not be compelled to produce additional witnesses.

As discussed more fully below, this Court lacks jurisdiction of this case because on January 31, 2008, Plaintiff filed a consent motion to dismiss with prejudice and on February 19, 2008, Magistrate Judge Robinson approved the stipulation and dismissal with prejudice both Defendants Tidewater Mack Inc., and G & H Sales Associates, Inc. The case is essentially closed and remains open without proper jurisdiction only as to Defendant Unknown John Doe and Defendant Unknown Jane Doe. "John Doe and Jane Doe" have never been named and no individual has ever been served. Plaintiff filed this negligence action against Defendants Tidewater Mack Inc., G & H Sales Associates, and John Doe and Jane Doe, on the basis of diversity jurisdiction. However, since February 2008, there has been no named defendant and no defendant to establish diversity of citizenship. Even given the closed status of the case, Magistrate Judge Robinson has still scheduled and held hearings since this time and issued an Order against Non-Party MPD on April 17, 2008, which is the subject of this litigation. As such, since there is no jurisdiction in this case, which should have been closed, there can be no jurisdiction as to Non-Party MPD.

In addition, on February 27, 2007, Magistrate Judge Robinson already ruled on Plaintiff's Motion to Compel and for Sanctions. Plaintiff's oral renewal of his Motion on April 17, 2008, was improper and failed to comply with Fed. R. Civ. P. 37, since Magistrate Judge Robinson already ruled on Plaintiff's motion. Plaintiff had not filed a new written motion and there was no motion before her to rule upon.

Furthermore, MPD complied with Plaintiff's 30(b)(6) notice of deposition. On August 27, 2007, MPD produced Officer Laverne Battle, who had first - hand knowledge of the accident, and prepared the PD-10 accident report. In addition, on April 15, 2008,

pursuant to Magistrate Judge Robinson's February 27, 2008 Order, MPD produced Officer Kevin Rachlin, a second designee, with 24 years experience with MPD, assigned to the Auto Theft Unit, who was also present at the accident scene.

Accordingly, the Order compelling MPD to produce another designee for deposition and awarding Plaintiff attorney's fees or cost for appearing on April 17, 2008 is improper.

## FACTUAL BACKGROUND

The case underlying this dispute involves a car accident that took place on May 13, 2005, in the District of Columbia, between Plaintiff and two unknown individuals driving a 2003 Jaguar. *See* Complaint at ¶¶ 10-14. Plaintiff filed this negligence cause of action against Defendants Tidewater Mack Inc., G & H Sales Associates, as the owners of the vehicle, and John Doe and Jane Doe. *Id* at ¶10. Plaintiff alleged that Defendants Tidewater Mack Inc., G & H Sales Associates were located in Virginia and filed suit in this Court based on diversity of citizenship.

On February 19, 2008, Magistrate Judge Robinson approved a stipulation and dismissal with prejudice as to both Defendants Tidewater Mack Inc., and G & H Sales Associates, Inc. It stated:

> MINUTE ORDER by Magistrate Judge Deborah A. Robinson on 2/19/08 APPROVING 28 Stipulation and Dismissal with Prejudice as to Defendant Tidewater Mack Inc. and G&H Sales Associates, Inc. (lcdar1) (Entered: 02/19/2008)

*See* Docket Entry 28. Defendant Unknown John Doe and Defendant Unknown Jane Doe are only the remaining Defendants but have never been named or served.

On June 25, 2007, Plaintiff served the MPD, who is not a party to this litigation, with a subpoena requesting documents and a 30(b)(6) notice of deposition. Specifically,

Plaintiff stated: "Plaintiff wishes to examine the witness as to matters relating to their investigation of a stolen jaguar automobile involved in an accident with Plaintiff on May 13, 2005, referenced in the District of Columbia Metropolitan Police Department PD-10 and matters relating to the investigation of the stolen vehicle and accident." *See* Notice of Deposition.

In July of 2007, MPD responded to the subpoena and produced all of its records responsive to the subpoena. On several occasions thereafter, MPD informed Plaintiff that the MPD already produced all documents, pictures, and the tape of the radio run of the traffic accident, and that MPD did not have any other documents concerning the investigation of the alleged stolen jaguar. Notwithstanding this fact, the District designated Officer Battle, who appeared for the 30(b)(6) deposition on August 28, 2007. Officer Battle gathered all relevant information at the accident and completed the PD-10 accident report.

Subsequently, in a letter dated September 7, 2007, Plaintiff's counsel challenged Officer Battle's testimony. MPD responded and set forth its reasons supporting its position that MPD had fully complied with Plaintiff's Subpoena and 30(B)(6) Notice. The reasons were that MPD had produced all of its documents of the accident and had produced a witness to testify regarding these documents. Moreover, the District explained that MPD did not have any records of the alleged theft of the jaguar as the theft apparently took place in Virginia. It stated in part:

> … the District provided you with all documents pertaining to the accident and investigation in the instant matter – as it has been reported - that the jaguar was reported stolen from Manasses, Virginia. Again, we refer you to the Virginia Police Department for information surrounding the theft of the jaguar that occurred in Virginia. They can be reached at: 9518 Fairview Ave, Manassas, VA 20110, phone: 703-257-8000.

4

*See* October 9, 2007 Letter.

Notwithstanding this, on October 1, 2007, Plaintiff filed a Motion to Compel and for Sanctions against Non-Party MPD challenging the competency of Officer Battle. On October 18, 2007, Non-Party MPD filed its opposition and stated in part that: "In this case, MPD is not a party to this action, but has worked with Plaintiff's counsel and produced any and all documents pursuant to Plaintiff's request. As explained on many occasions to Plaintiff's counsel, there are no additional documents or tapes to be produced." *See* Opp. at 3. Moreover, MPD referred to the Letter it sent on October 9, 2007, which addressed the competency of Officer Battle to testify. It stated in part:

> …Office Battle had first-hand knowledge of the accident, as she completed the PD-10, and was the responding officer to the accident. Accordingly, she was the best witness in this matter. Officer Battle testified that she was at the accident scene and completed the PD-10. *See* PD-10 at Exhibit 3. Moreover, she testified that the stolen jaguar was towed to Hans Towing. She also testified that Mary Turner, with MPD's Crime Scene Search Unit, and Officer Rachlin with MPD's Hit and Run Unit, did the follow- up investigation and Officer Battle reviewed with you the evidence report produced. *See* Evidence Report at Exhibit 4. Moreover, she also reviewed with you the chronology of the 911 tape and the reference to the Manassas, Virginia Police Department and Cruiser 8632.
>
> …Again, the District does not have any information concerning the circumstances involved in the theft of the car, except that it was reported to have taken place in Manassas, Virginia. As a result, there was no additional information that she could provide.

*See Id.*

On October 30, 2007, the case was referred to Magistrate Judge Deborah A. Robinson. MPD did not consent to this referral. A status conference was held on December 11, 2007, and Magistrate Judge Robinson issued the following Minute Entry on December 12, 2007:

5

>Proceedings held before Magistrate Judge Deborah A. Robinson : Based on the agreement of counsel, the court continues the hearing on Plaintiff s Motion to Compel (Document No. 14). Counsel for the Interested Party may file a response to Plaintiffs Hearing Brief (Document No. 25) by December 31, 2007. Both sides expressed a desire for additional time to use their best efforts to resolve the disputed matter without the courts intervention. The parties shall file a joint praecipe, no later than January 10, 2008, if the dispute is resolved. If warranted, oral arguments will be held Monday, January 14, 2008 at 3:30 p.m. in Courtroom 4. (Court Reporter Pro-Typists.) (EW) (Entered: 12/12/2007)

Plaintiff's Counsel requested that the status conference set for January 14, 2008, be continued and Non-Party MPD consented. Magistrate Judge Robinson granted his motion and continued the matter to February 11, 2008. Again, Plaintiff's counsel requested that the matter be continued on February 11, 2008, and Non-Party MPD consented.

In the interim, in an effort to resolve the matter, Non-Party MPD offered to produce Officer Rachlin as an additional 30(b)(6) witness. However, Plaintiff refused MPD's offer and argued that he needed at least three additional 30(B)(6) designees.

Ultimately, a status conference was held on February 27, 2008, and Judge Robinson issued the following minute entry:

>Motion Hearing held on 2/27/2008 re 14 MOTION to Compel; Part one of the motion granted for reasons set forth on the record; deposition for which this order provides shall be completed by 3/12/08; Part (2) and (3) DENIED AS MOOT.(Court Reporter Pro Typists.) (EW) (Entered: 02/27/2008).

However, undersigned counsel notes and memory of this hearing was that Magistrate Judge Robinson's Order was to identify a designee by March 12, 2008 but not that the deposition was to occur by that date. As such, undersigned counsel sent an e-mail to Plaintiff's Counsel on March 11, 2008 and thereafter suggested several dates for the second deposition including April 2, 2008. However, Plaintiff's counsel was out of

6

the country on an extended vacation and his assistant sent an e-mail that he would still be out of the country until April 2, 2008.  Officer Rachlin was eventually deposed as an additional deponent on April 15, 2008. He testified that has been with MPD for 24 years and was assigned to the Auto Theft Unit.  He testified that he was at the scene of the accident and was fully prepared to answer questions regarding of the events that occurred on May 13, 2005.  As such, he was an adequate and competent 30(b)(6) designee.

Non-Party MPD and Plaintiff appeared on April 16, 2008, before Judge Robinson for another status hearing, however the matter was reset for the following day April 17, 2008.  On April 17, 2008, Plaintiff orally moved to Compel and for Sanctions arguing that MPD had still not complied with the notice of 30(b)(6) deposition and that MPD should be sanctioned.  However, on February 27, 2008, Magistrate Judge Robinson already ruled in part that his Motion for Sanctions was denied as Moot.  *See* Docket at 2/27/08.

Non-Party MPD objected and requested that the matter be continued so that she could obtain a copy of the transcript of Officer Rachlin's deposition that was taken two days before the hearing, however the Court denied its request and granted Plaintiff's oral motion.  The following minute order was issued by Magistrate Judge Deborah A. Robinson:

> Status Conference held on 4/17/08. For the reasons stated on the record, the court GRANTS Plaintiff's oral motion to compel additional 30(b)(6) testimony. The deposition for which this order provides shall be completed by Monday, April 28, 2008. The parties shall file a joint status report on the disposition of the deposition on Monday, May 5, 2008. The court also GRANTS Plaintiff's oral motion for sanctions; Plaintiff is awarded attorney's fees and costs for counsel's appearance on April 17, 2008, said costs are to be paid no later than May 30, 2008. (lcdar1) (Entered: 04/18/2008).

As such, this objections follows.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) permits a party to "serve and file specific, written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b). When encountering such an objection, "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . ." *Id.*

Here, Non-Party MPD asserts that Plaintiff failed to provide any basis to support his oral motion that MPD had not complied with the notice of deposition. As such, Non-Party MPD requests that it not be required to produce any additional 30(b)(6) witness or pay Plaintiff's attorneys fees or costs for April 17, 2008.

## II. ARGUMENT

### A. The Court Lacks Proper Jurisdiction To Order Non-Party MPD To Produce Additional 30(B)(6) Testimony And To Pay Sanctions.

On May 10, 2007, Plaintiff filed this negligence action involving a car accident that took place on May 13, 2005, in the District of Columbia, between Plaintiff and two unknown individuals driving a 2003 Jaguar. *See* Complaint at ¶¶10-14. Plaintiff filed suit against Tidewater Mack Inc., G & H Sales Associates as the alleged owners of the Jaguar claiming they were located in Virginia. Plaintiff claimed "jurisdiction of this Court is invoked in accordance with 28 USCA Section 1332 (a)(1)" alleging Plaintiff was a citizen of the District of Columbia and Defendants Tidewater Mack Inc., G & H Sales Associates were citizens of Virginia. *See* Complaint at ¶ 6.

However, on January 31, 2008, Plaintiff filed a consent motion to dismiss with prejudice Defendants' Tidewater Mack Inc., G & H Sales Associates. On February 19, 2008, Magistrate Judge Robinson approved the stipulation and dismissal with prejudice as to both Defendants Tidewater Mack Inc., and G & H Sales Associates, Inc. It stated:

> MINUTE ORDER by Magistrate Judge Deborah A. Robinson on 2/19/08 APPROVING 28 Stipulation and Dismissal with Prejudice as to Defendant Tidewater Mack Inc. and G&H Sales Associates, Inc. (lcdar1) (Entered: 02/19/2008)

*See* Docket Entry 28. John Doe and Jane Doe remain on the caption of the docket but have never been named and no person has ever been served. As such, the case is essentially closed and remains open without proper jurisdiction since February 2008. Magistrate Judge Robinson has continued to schedule and hold hearings and enter the disputed Order of April 17, 2008, even though there has been no defendant in this case. Further, Plaintiff's basis for diversity of citizenship no longer exists and this Court has not had jurisdiction since February of 2008.

      **B. Magistrate Judge Robinson Did Not Have A Basis To Enter The Order Of April 17, 2008, As She Had Already Ruled On Plaintiff's Motion To Compel And Sanctions On February 27, 2008.**

On October 1, 2007, Plaintiff filed a Motion to Compel and for Sanctions against Non-Party MPD challenging the competency of Officer Battle, the MPD's 30(b)(6) deponent. On October 18, 2007, Non-Party MPD filed its opposition and stated in part that: "In this case, MPD is not a party to this action, but has worked with Plaintiff's counsel and produced any and all documents pursuant to Plaintiff's request. As explained on many occasions to Plaintiff's counsel, there are no additional documents or tapes to be

9

produced." *See* Opp. at 3.  Moreover, MPD referred to the Letter it sent on October 9, 2007, which addressed the competency of Officer Battle to testify.

On October 30, 2007, the case was referred to Magistrate Judge Deborah A. Robinson. MPD did not consent to this referral.  In an effort to resolve the matter, Non-Party MPD offered to produce Officer Rachlin as an additional 30(b)(6) witness. However, Plaintiff refused MPD's offer and argued that he needed at least three additional 30(B)(6) designees.  Ultimately, a status conference was held on February 27, 2008, and Judge Robinson issued the following minute entry:

> Motion Hearing held on 2/27/2008 re 14 MOTION to Compel; Part one of the motion granted for reasons set forth on the record; deposition for which this order provides shall be completed by 3/12/08; Part (2) and (3) DENIED AS MOOT.(Court Reporter Pro Typists.) (EW) (Entered: 02/27/2008).

Accordingly, on April 15, 2008, MPD produced Officer Rachlin as an additional 30(b)(6) designee. On April 17, 2008, a status conference was held and Plaintiff improperly was allowed to orally renew his motion to compel and for sanctions. However, Plaintiff failed to comply with the guidelines set forth in Fed. R. Civ. P. 37. It clearly states that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Plaintiff filed no motion nonetheless a certificate certifying that he conferred with Non-Party MPD.  Moreover, even if Plaintiff followed the proper procedures, the Court had already ruled on his motion on February 27, 2008.  It was clearly erroneous for the Magistrate Judge to reverse itself and make a second ruling on the same motion it had already heard and ruled upon without Plaintiff filing a new motion after having complied with Rule 37.

10

### C.  Plaintiff Has Not Provided Adequate Information To Support His Motion That MPD Did Not Comply With Rule 30(B)(6).

On April 15, 2008, pursuant to Magistrate Judge Robinson's February 27, 2008 Order, Non-Party MPD produced Officer Kevin Rachlin, a second designee. Plaintiff had alleged that Office Battle, the District's first designee, was not competent because she could not answer certain questions. On page 5 of Plaintiff's Motion to Compel he asserted that Officer Battle could not answer who David Slack was or what "OSD" means or explain what Detective was referred to on the Identification report. *See* Motion at 5. However, when Non-Party MPD produced its second designee, Officer Rachlin, with 24 years experience with MPD, assigned to the Auto Theft Unit, who was present at the accident scene, Plaintiff's counsel did not ask him any of the questions listed above that he complained Officer Battle failed to answer.

Nonetheless, on April 17, 2008, two days after Officer Rachlin's deposition, at the status conference, Plaintiff's counsel also challenged Officer Rachlin's competency and referred the Court to 3 summarized questions that he believed Officer Rachlin could not answer. Non-Party MPD objected that without specific reference to question and answer in its completeness that Non-Party MPD could not proceed. Undersigned counsel also argued that these were not material questions and Plaintiff's counsel could have followed up on these in the depositions and that they are outside the notice of deposition. The Court denied Non-Party MPD's request to continue the matter. First, Plaintiff's counsel incorrectly argued that Officer Rachlin could not identify who from the Hit and Run unit was assigned to the case. However, after looking at the transcript with

11

Plaintiff's counsel, at the hearing, there was no specific question to Officer Rachlin asking him who from the Hit and Run unit was assigned to the case.  Nonetheless, this is irrelevant as there was no officer form the Hit and Run Unit assigned to the case. Second, Plaintiff's counsel incorrectly argued that Officer Rachlin could not identify the officers at the scene.  However, Plaintiff's counsel was only able to refer to one question to Officer Rachlin where he responded there were several officers at the scene. There was no follow-up question to him. Third, Plaintiff's counsel asked Officer Rachlin the identity of the Officer in cruiser 8632 and Officer Rachlin did not know his name but on the pages proceeding the question or about page 26, 27, and 28, of the Transcript, Officer Rachlin was able to testify to what Officer in cruiser 8632 said and did on the date of the accident.

At any rate, these questions clearly go beyond the scope of Plaintiff's Rule 30(b)(6) request.  Non-Party MPD is being extremely prejudiced in this situation by being forced to produce an additional 30(b)(6) designee to testify to matters outside the scope of  Plaintiff's request.  The request asked to examine the witness as to matters relating to their investigation of a stolen jaguar automobile involved in an accident with Plaintiff on May 13, 2005, referenced in the District of Columbia Metropolitan Police Department PD-10 and matters relating to the investigation of the stolen vehicle and accident. *See* Notice of Deposition, which MPD provided.  MPD did not conduct the investigation of the stolen Jaguar as it occurred in Virginia but did provide the name of the driver through both the MPD reports provided and the 30(b)(6) testimony.  MPD is  being treated unfairly by having to proceed as if it were in the discovery process without being afforded the protections it would normally be provided if it were a Defendant.

Plaintiff has made clear that despite deposition testimony from both District designees as to their investigation into this automobile accident as requested in the notice of deposition he is still not satisfied. MPD has produced all records of the accident and testimony from the investigating officers. There is simply no basis to further compel Non-Party MPD in this case.

In support of his oral motion on April 17, 2008, Plaintiff relied on *Alexander v. FBI,* 186 F.R.D. 148 (D.D.C. 1999), to support his unfounded position that additional witnesses were needed. However, undersigned counsel argued in open court that the Court in *Alexander*, denied Plaintiff's request to compel re-designation of a witness pursuant to Rule 30(b)(6). Undersigned counsel quoted from *Alexander* that "The designating party has a duty to substitute an appropriate deponent when it becomes apparent than the pervious deponent is unable to respond to certain relevant areas of inquiry." Citing to *United States v. Taylor* 166 F.R.D. 356, 360 (M.D. N. C. 1996). As discussed above, Plaintiff failed to ask Non-Party MPD's second designee, Officer Rachlin, any of the questions that he complained Officer Battle could not answer and failed to specify any specific area that Officer Rachlin was unable to respond to. Moreover, Fed. R. Civ. P. 26(b)(2) permits a court to limit discovery that is, *inter alia*, burdensome. "Non-party status is one of the factors the court uses in weighing the burden of imposing discovery." *Wyoming v. United States Dep't of Agriculture*, 208 F.R.D. 449, 452 (D.D.C. 2002), citing *Katz v. Batavia Marina & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).

In this case, MPD is not a party to this action, but has worked with Plaintiff's counsel and produced all documents it has responsive to the subpoena. Moreover, Non-

Party MPD has already produced for deposition the most knowledgeable MPD witnesses, Officer Battle and Office Rachlin, and should not now have the burden of producing any additional 30(b)(6) testimony as none such exists.

Lastly, Plaintiff has not complied with Fed. R. Civ. P. 37 in orally renewing his motion to compel without following the proper procedures nor has he met its burden of demonstrating that he is entitled to sanctions. *See Dada v. Children's National Medical Center,* 715 A.2d 904, 909 (D.C. 1998) (one of nonexclusive list of factors to be considered is whether party allegedly failing to comply with discovery did so "inadvertently or willfully"). In our case, the record reflects the good-faith efforts of a Non-Party - the MPD- to fully comply with Plaintiff's request. Moreover, at the February 27, 2008 hearing, Plaintiff asserted that he no longer was requesting sanctions and the Court denied this part of his motion as Moot. Further, on April 17, 2008, the Plaintiff stated no grounds on which the Court should award sanctions and the Court gave no justification in its minute entry for awarding him both costs and fees for his appearance that day.

## CONCLUSION

Non- Party MPD has fully complied with Plaintiff's request. Accordingly, Non-Party MPD respectfully requests that the Court reconsider Magistrate Judge Robinson's Order and deny Plaintiff's renewed oral Motion to Compel and for Sanctions.

Respectfully submitted,

                              PETER J. NICKLES
                              Interim Attorney General
                              for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


NICOLE L. LYNCH (471953)
Chief, General Litigation Section II


<u>/S/ Carol A. Connolly</u>
CAROL A. CONNOLLY (468126)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S012
Washington, D.C. 20001
(202) 724-5611
(202) 727-0431 (fax)
E-mail:  carol.connolly@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOAN CLARK, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-CV-00883 |
| ) | Judge Richard J. Leon |
| v. ) | |
| ) | |
| TIDEWATER MACK, INC. *et al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of Non-Party MPD's Objection to Magistrate Judge Robinson's Order dated April 17, 2008 Order, its memorandum of points and authorities in support thereof, and the entire record herein, it is this _____day of _____, 2008,

**ORDERED** that the Objection be, and the same hereby is, **GRANTED**; and it is

**FURTHER ORDERED** that Non-Party MPD shall not be required to produce any additional 30(b)(6) testimony and pay Plaintiff's attorney's fees and costs for appearing on April 17, 2008.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE