IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | | |
|---|---|---|
| JOAN CLARK | ) | |
| | ) | |
| | ) | |
| v. | ) | CA NO. 0:07-cv-00883 |
| | ) | Judge Richard J. Leon |
| JOHN DOE, et al. | ) | |

-----------------------------------------------------

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

COME NOW Plaintiff Joan Clark, by and through her attorney, and respectfully moves this Court to allow Plaintiff to amend her complaint pursuant to Federal Rules of Civil Procedure Rule 15(a)(2) and District Court for the District of Columbia Local Rule 7(i). As grounds for this motion, Plaintiff states the following:

    I.    **FACTUAL AND PROCEDURAL HISTORY**

        A.    **FACTUAL HISTORY**

On May 13, 2003, Plaintiff was struck by a stolen 2003 Jaguar while traveling as a passenger in another vehicle in the 800 block of Southern Avenue SE in the District of Columbia. The 2003 Jaguar was being pursued by officers of the Metropolitan Police Department of the District of Columbia. Plaintiff's initial investigation determined that two Virginia corporations owned the 2003 Jaguar. Accordingly, Plaintiff named the two Virginia corporations as defendants. Plaintiff, under Court rules, also named a John Doe and Jane Doe, Inc. as defendants in the event that further investigation revealed additional defendants.

Discovery conducted by the corporate defendants produced evidence that the owner of the 2003 Jaguar may have been David Flach, Sr., a resident of the Commonwealth of Virginia. Due to obstruction by the Metropolitan Police Department of the District of Columbia, Plaintiff did

not learn the identity of additional defendants until on or about February 25, 2008. Upon further investigation, Plaintiff learned that Defendant David Flach, Sr. died on August 20, 2006 and an estate was opened in the Circuit Court of Prince William County in the Commonwealth of Virginia on September 8, 2006 (Court File No. W-12193) naming Lawrence D. Hughes as the executor of the estate.

Further information from the Manassas Police Department report indicated that David Flach, Sr. had loaned his car, a 2003 Jaguar matching the description of the vehicle that collided with Plaintiff, to Defendant Anita Lacey. Defendant Anita Lacey stated that she had fallen asleep at a party and someone had taken the car.

Plaintiff continued to conduct discovery and was able to obtain some documents from the Metropolitan Police Department a relating to the circumstances of the theft of the vehicle and the accident. Plaintiff then conducted a Fed.R.Civ.P. 30(b)(6) deposition of a corporate designated representative of the Metropolitan Police Department on August 28, 2007. At that deposition, Plaintiff attempted to ascertain the facts surrounding the theft of the vehicle and the circumstances of the accident.

After litigation with the Metropolitan Police Department, Plaintiff was able to take a Fed. R.Civ.P. 30(b)(6) deposition of a Metropolitan Police Department Auto Theft Officer who was alleged to have information about the theft and circumstances of the accident. On April 15, 2008, Plaintiff took the deposition of Officer Kevin Rachlin. The information elicited from discovery indicates that the District of Columbia is also liable for claims resulting from Plaintiff's injuries.

B.   PROCEDURAL HISTORY

Plaintiff filed her original complaint on May 10, 2007. At that time, Plaintiff did not have sufficient information to name all of the proper defendants or to assert all of the applicable claims. Plaintiff, from the time of filing her original complaint, undertook all reasonable efforts to ascertain the necessary information to determine what occurred and to amend her complaint. During the course of this case, the corporate defendants produced sufficient evidence to show that they did not have control of the car at the time of the accident. Accordingly, Plaintiff voluntarily dismissed the claims against the corporate defendants upon their request.

Plaintiff was forced to involve the Court to elicit necessary information from the Metropolitan Police Department. (See Motion to Compel, filed October 1, 2007; three hearings before the Court regarding DC police's failure to provide discovery: December 11, 2007; February 27, 2008; and April 17, 2008) To date, Plaintiff is still attempting to depose appropriate police officers to ascertain further information concerning the circumstances of the accident.

II.   ARGUMENT

Federal Rule of Civ. P. 15(a) states that, once an answer has been filed, a party may amend a complaint with leave of court and "leave shall be freely given when justice so requires." Rule 15(a) of the Federal Rules of Civil Procedure states in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party ... and leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). This Court has stated that a "district court should grant a motion to amend unless there is a clear and solid justification for denying it." **Monroe v. Williams,** 705 F.Supp. 621, 622 -623 (D.D.C. 1988).

The Supreme Court defined the term "when justice so requires" to mean that absent any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " **Foman v. Davis, 371 U.S. 178, 182-183 (1962).**

Plaintiff, since filing her Complaint, has been able to conduct limited discovery, including receipt of police documents, estate documents of David S. Flach, Sr. and conducting depositions of two officers of the Metropolitan Police Department. With that discovery, Plaintiff is now able to amend her Complaint to name the proper defendants in substitution for John and Jane Doe and to plead the applicable counts against the proper defendants.

### III.   CONCLUSION

As there has been no undue delay, bad faith or dilatory motive on the part of Plaintiff, no repeated failure to cure deficiencies by amendments previously allowed, no undue prejudice to any opposing party, the Court should, as the rules state, grant Plaintiff's Motion to Amend Complaint. Pursuant to Federal Rule of Civ. P. 15 and Local Civil Rule 7(i), a copy of Plaintiff's Amended Complaint is attached to this Motion.

Respectfully submitted,
By:   /s/ Ernest W. McIntosh
Ernest W. McIntosh
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400
*Counsel for Plaintiff*

**CERTIFICATE OF GOOD FAITH**

      In accordance with Federal Rules of Civil Procedure 37 and Local Rule of Civil Procedure7(m), Plaintiff states that there were no named parties, other than John and Jane Doe at the time of this filing and, therefore, no good faith efforts to obtain consent could be made.

                                  ___/s/ Ernest W. McIntosh_____
                                  Ernest W. McIntosh


**CERTIFICATE OF SERVICE**

      Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Motion to Amend Complaint was sent via USPS first-class postage prepaid on May 2, 2008 to:


Carol Connolly, Esq.
General Litigation, Section III
District of Columbia Office of the Attorney General
441 4th Street NW, 6th Floor South
Washington, DC 20001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| JOAN CLARK ) | |
| ) | |
| ) | |
| v.          ) | CA NO. 0:07-cv-00883 |
| ) | Judge Richard J. Leon |
| JOHN DOE, et al.      ) | |

---

### ORDER

UPON CONSIDERATION of the Plaintiffs Motion to Amend Complaint, and any Opposition and Reply thereto, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED**, that the Plantiffs' Motion to Amend Complaint is hereby **GRANTED**.

_____
The Honorable Richard J. Leon
United States District Court for the District of Columbia

**Copies to**:

Ernest W. McIntosh
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

and

Carol Connolly, Esq.
General Litigation, Section III
District of Columbia Office of the Attorney General
441 4th Street NW, 6th Floor South
Washington, DC 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | | |
|---|---|---|
| **JOAN CLARK** | ) | |
| **612 North Street Ext.** | ) | |
| **Milford, DE 19963** | ) | |
| | ) | |
| v. | ) | **CA NO. 0:07-cv-00883** |
| | ) | **Judge Richard J. Leon** |
| **ESTATE OF DAVID FLACH, SR.** | ) | |
| **9520 Bennett Street** | ) | |
| **Manassas, VA 20110** | ) | |
|     Serve: | ) | |
|     **Lawrence D. Hughes** | ) | |
|     **9443 Flowerden Lane** | ) | |
|     **Manassas, VA 20110** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ANITA LACEY** | ) | |
| **aka ANITA LYNETTE VANDAMME** | ) | |
| **aka DANELLA VANDAMME** | ) | |
| **aka ANITA LYNETTE CONSIGLIA** | ) | |
| **9448 Scarlet Oak Drive** | ) | |
| **Manassas, VA 20110** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GEICO** | ) | |
| **One Geico Blvd.** | ) | |
| **Fredericksburg, VA 22412** | ) | |
|     Serve: | ) | |
|     **John Dahut, Esq.** | ) | |
|     **962 Wayne Avenue, Ste. 200** | ) | |
|     **Silver Spring, MD 20910** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **THE DISTRICT OF COLUMBIA,** | ) | |
| **A Municipal Corporation** | ) | |
| **441 4th Street, N.W.** | ) | |
| **Washington, DC 20001,** | ) | |
|     Serve: | ) | |
|     **Mayor Adrian Fenty** | ) | |

| | |
|---|---|
| **1350 Pennsylvania Ave., NW** | ) |
| **Room 419** | ) |
| **Washington, DC  20001** | ) |
| | ) |
| **and** | ) |
| | ) |
| **Attorney General Peter Nickles** | ) |
| **Office of Attorney General** | ) |
| **District of Columbia** | ) |
| **441 4th Street, N.W.** | ) |
| **Washington, DC  20001** | ) |
| | ) |
| **Defendants.** | ) |

-------------------------------------------------

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Joan Clark, by and through her attorney, Ernest W. McIntosh, and respectfully represents as follows:

### PARTIES

1. Plaintiff Joan Clark is a resident of the State of Delaware.

2. Defendant David Flach, Sr. (deceased August 20, 2006) was at all times relevant to this action a resident of the Commonwealth of Virginia.  The Estate of David Flach, Sr. (opened in the Circuit Court of Prince William County, Court File No. W-12193, on September 8, 2006) is an estate in the Commonwealth of Virginia.  Lawrence D. Hughes was appointed and is serving as the executor of the Estate of David Flach, Sr.

3. Upon information and belief, Defendant Anita Lacey, aka Anita Lynette Vandamme, aka Danella Vandamme aka Anita Lynette Consiglia, is a resident of the Commonwealth of Virginia.

4. Defendant GEICO is a duly licensed corporation incorporated in the State of Maryland with its principle place of business in the Commonwealth of Virginia and is licensed to do business in the Commonwealth of Virginia.

5. Defendant D.C. is a governmental body located in the District of Columbia and organized pursuant to the laws of the United States.

## JURISDICTION AND VENUE

6. Jurisdiction of this court is invoked in accordance with 28 U.S.C.A. §1331(a)(1).

7. Venue is proper pursuant to 28 U.S.C.A. §1391(a)(2).

## FACTS COMMON TO ALL COUNTS

8. Plaintiff re-pleads and incorporates by reference herein each and every allegation set forth above and states as follows:

9. On May 13, 2005, Plaintiff Joan Clark was a passenger in a vehicle that was traveling westbound in the 800 block of Southern Avenue SE in the District of Columbia.

10. At all relevant times herein, the driver of the car in which Plaintiff was a passenger exercised due care and acted in a reasonable manner while operating her motor vehicle free of negligence or contributory negligence.

11. Two unknown individuals driving a stolen 2003 Jaguar drove their vehicle at a high rate of speed in an easterly direction on Southern Avenue SE in the District of Columbia in such a manner as to cause it to collide with the front of the vehicle in which Plaintiff was a passenger.

12. Upon information and belief, at the time of the collision, the 2003 Jaguar was being pursued by officers of the Metropolitan Department of the District of Columbia Police Department.

13. The impact of the collision caused both vehicles to spin out of control and come to a complete stop.

14. Both individuals in the 2003 Jaguar jumped out of the vehicle and fled into the wooded area in the 800 block of Southern Avenue SE in the District of Columbia. They were pursued by

officers of the Metropolitan Police Department of the District of Columbia, but were not apprehended.

15.     As a result of the collision, Plaintiff Joan Clark suffered severe and permanent injuries, including a severed aorta, fractures to her left elbow, right leg, left hip and left eye socket as a result of the collision.  She has been unable to walk since the accident.

16.     The 2003 Jaguar was owned by Defendant David Flach, Sr.  He had loaned his car to Defendant Anita Lacey.

17.     Defendant Anita Lacey had possession of Defendant David Flach, Sr.'s vehicle.  She also stated she had fallen asleep at a party on and someone took the vehicle.

## COUNT I – NEGLIGENCE  - ESTATE OF DAVID FLACH, SR.

18.     Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

19.     At all times relevant herein, Defendant David Flach, Sr. owed a duty to the public to maintain control and security over his vehicle. Any driver of Mr. Flach's car is deemed to be his agent. ("Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner. DC ST § 50-1301.08)  Defendant Anita Lacey was, therefore, an agent of Defendant David Flach, Sr.

20.     The collision resulting in Plaintiff's severe and permanent injuries was the direct and proximate result of the negligence of Defendant David Flach, Sr. in consenting to lend his

vehicle to Defendant Anita Lacey who, in turn, failed to maintain control and security of the vehicle, which crashed into the car in which Plaintiff was a passenger.

21. As a direct and proximate result of the negligence of Defendant David Flach, Sr., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

22. The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the negligence of Defendant David Flach, Sr.

WHEREFORE, Plaintiff Joan Clark demands judgment against the Estate of David Flach, Sr., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE BY ANITA LACEY

23. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

24. At all times relevant herein, Defendant Anita Lacey owed a duty to the public to maintain control and security over David Flach Sr.'s vehicle.

25. Defendant Anita Lacey breached that duty when she failed to maintain control and security by allowing another driver to take the car.

26. The collision resulting in Plaintiff's severe and permanent injuries was the direct and proximate result of the negligence of Defendant Anita Lacey in failing to maintain control and security over the vehicle and allowing another driver to take the car who collided with the vehicle

in which Plaintiff was a passenger.

27. As a direct and proximate result of the negligence of Defendant Anita Lacey, Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

28. The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the negligence of Defendant Anita Lacey.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant Anita Lacey, jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT III – BREACH OF CONTRACT BY DEFENDANT GEICO

29. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

30. Defendant David Flach, Sr. was insured with the Defendant GEICO through a contract of automobile insurance (GEICO policy number 2300000169) which provided liability coverage for any claims that may have been brought against Mr. Flach, Sr. resulting from the use of his vehicle.

31. Plaintiff Joan Clark was injured as a result of the use of Mr. Flach's vehicle. Defendant GEICO had a duty to defend and provide coverage for any claims Ms. Clark may make as a result of her injuries.

32. Upon information and belief, Defendant GEICO has breached their duty by not providing coverage for Plaintiff Joan Clark's claims.

33.    As a direct and proximate result of Defendant GEICO's breach of the terms and conditions of the contract of insurance with Defendant David Flach, Sr., Plaintiff Joan Clark has not been compensated for her damages and injuries.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant GEICO, jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

**COUNT IV – GROSS NEGLIGENCE BY DEFENDANT DISTRICT OF COLUMBIA**

34.    Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

35.    Upon information and belief, the collision resulting in Plaintiff's severe and permanent injuries was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003 Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

36.    As a direct and proximate result of the negligence of Defendant D.C., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur

significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

37. The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

### COUNT V – GROSS NEGLIGENCE IN HIRING, TRAINING AND SUPERVISION BY DEFENDANT DISTRICT OF COLUMBIA

38. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

39. At all times relevant herein, the police officers, agents and servants of Defendant D.C. involved in the accident that is the subject of this Amended Complaint, were acting under the direction and control of, and pursuant to the rules, regulations, policies, and procedures of Defendant D.C..

40. Defendant D.C. was grossly negligent by failing to properly hire, train, supervise, control, direct, and monitor its police officers in their duties and responsibilities.  Defendant D.C. knew, or in the exercise of reasonable care should have known, of the acts of gross negligence of its officers under their employ, and had the power, authority, and responsibility to prevent such acts and/or to discontinue such acts by the exercise of reasonable care, but neglected and/or refused to do so.

41. The collision and resulting severe injuries to Plaintiff were the direct and proximate result

of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003 Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

42. As a direct and proximate result of the negligence of Defendant D.C., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

43. The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

**COUNT VI – RESPONDEAT SUPERIOR – DEFENDANT DISTRICT OF COLUMBIA**

44. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

45. The collision and Plaintiff's severe and permanent injuries were the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003 Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

46. As a direct and proximate result of the negligence of Defendant D.C., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

47. The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

        Respectfully Submitted,

        By:  /s/ Ernest W. McIntosh
        Ernest W. McIntosh, DC Bar No. 315309
        NEWMAN, MCINTOSH & HENNESSEY, LLP
        7315 Wisconsin Ave., Suite 700E
        Bethesda, MD 20814
        (301) 654-3400
        *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all counts.

        /s/ Ernest W. McIntosh
        Ernest W. McIntosh
        *Counsel for Plaintiff*