IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| JOAN CLARK ) | |
| ) | |
| ) | |
| v.        ) | CA NO. 1:07-cv-00883 |
| ) | Judge Richard J. Leon |
| JOHN DOE, et al.   ) | |

-----------------------------------------------------

**PLAINTIFF'S OPPOSITION TO NON-PARTY METROPOLITAN POLICE DEPARTMENT'S MOTION TO STAY ORDER OF MAGISTRATE JUDGE PENDING A RULING ON ITS OBJECTION**

COMES NOW Plaintiff Joan Clark, by and through her attorney, and, pursuant to the Local Rules of the United States District Court for the District of Columbia 7(b) respectfully submits the following memorandum of points and authorities in opposition to Non-Party Metropolitan Police Department's ("MPD") Motion to Stay Order of Magistrate Judge Pending a Ruling on its Objection:

**I.     INTRODUCTION**

Plaintiff has been attempting to obtain discovery from MPD since June 2007. Since that time, Magistrate Judge Robinson has received written pleadings from Plaintiff and MPD and held multiple hearings concerning MPD's continued refusal to provide a competent corporate designee witness pursuant to Fed.R.Civ.P. 30(b)(6). At the most recent hearing on April 17, 2008, Magistrate Robinson heard arguments, yet again, about how Plaintiff has still not received the information requested in her subpoena *duces tecum*. As a result of that hearing, Magistrate Robinson ordered MPD to produce a third deponent to testify about matters in the subpoena and issued sanctions against MPD.

Now, MPD is attempting to further stall the discovery process by asking the Court to stay Magistrate Judge Robinson's order. Plaintiff has waited for almost a year to elicit this discovery from MPD. There is nothing in the record or in the law that requires the Court to issue such a stay and to do so would not be in the interests of justice or in furtherance of the resolution of this case.

## II.     ARGUMENT

A look at MPD's case law and the facts of this case show why the Court should not stay Magistrate Judge Robinson's order. Conspicuously absent from MPD's motion is the second criteria the United States Supreme Court laid out when considering whether to issue a stay:

> The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, **if there is even a fair possibility that the stay for which he prays will work damage to some one else.**

*Dellinger v. Mitchell,* 442 F.2d 782, 786 (C.A.D.C. 1971) (citing *Landis v. North America Co.*, 299 U.S. 248 (1936). MPD has not made out any clear case of hardship or inequity in being required to produce a competent Rule 30(b)(6) witness for a deposition. In their motion, MPD made no showing *at all* that there would be any hardship or inequity if they were required to abide by the Court's order. Magistrate Judge Robinson's order requires MPD to do no more than it was required to do in the first place.

The fact that MPD has produced two witnesses with personal knowledge is utterly irrelevant where, pursuant to Fed.R.Civ.P. 30(b)(6), MPD must produce a witness with *corporate* knowledge and not personal knowledge. (See *Alexander v. F.B.I.*, 186 F.R.D. 148, 152(D.D.C. 1999) "the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating

-2-

party. See FED.R.CIV.P. 30(b)(6) ("The persons so designated shall testify as to matters known or reasonably available to the organization.")"). Throughout each of their depositions, MPD's corporate designees stated that they did not know the answers to Plaintiff's questions because they did not have knowledge outside of their personal knowledge. (E.g.: "Q: Okay. And then I come down under that it has complainant or decedent, David Slack. Where does that information come from? A: That information I wouldn't have because I didn't prepare this report."(August 28, 2007 deposition of Officer LaVerne Battle, p. 34, ll 4-8); "Q: Then we come down, it says 'To commanding officer OSD.' What does OSD mean? A: It's a specialized unit. I assume that it's a part of the Forensic Science Division. It doesn't say here exactly what it stands for and I don't work for that unit so I wouldn't be able to tell you." (p. 34, ll 15-20)) (E.g. "Q: Can you please identify, again, who was in Cruiser 8632? A: If I couldn't do it five minutes ago, I can't do it now" (Deposition of Officer Kevin Rachlin, April 15, 2008, p. 32, ll 11-14); "Q: "Who was the watch commander on May 13, 2005? A: At this point in time, three years later, I wouldn't be able to answer that." (p. 35, ll 15-21); "Q: During that period of time, do you know how many 7D officers were on patrol on that date? A: It would be easy to find out but I don't have that information with me, no." (pp. 48-49, ll 21-22; 1-3)

MPD's other authority for their motion also proves that the Court should not issue a stay. The portion of *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 978 (D.C.Cir. 1985) cited by MPD dealt with the impact on the public if the Long Island Lighting Company were allowed to proceed with low power testing at the Shoreham Nuclear Power Station. Id. at 974. The *Cuomo* Court held that the stay was not warranted because the movant had not shown that "the balance of equities or the public interest strongly favors the granting of a stay." Id. at 978. MPD has made no showing here. To say that the MPD will collapse

economically because they are forced to submit to another deposition is nothing short of ridiculous.  Further, the award of sanctions in the amount of attorney's fees is not tantamount to bankrupting the MPD.  MPD has provided no evidence other than a conclusory statement that allowing discovery will cause a disruption in the "economic viability of existing public services."

>MPD has a 4-prong burden of proof for a motion to stay. As set forth in *Cuomo*:

>>The factors to be considered in determining whether a stay is warranted are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Id.* at 974. (citing *WMATA v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977). While the first prong isn't particularly relevent where MPD is not yet a party in this litigation, MPD has failed to meet their burden of showing that they will be irreparably harmed absent a stay or that there is any public interest in granting the stay.

On the other hand, Plaintiff is being harmed and will continue to be harmed if this Court grants a stay and allows MPD to delay further.  As stated above, Plaintiff has been trying for almost an entire year to get discovery from MPD.  To allow yet another delay would be a further detriment to the resolution of Plaintiff's case.

### III.    CONCLUSION

The Court should not stay the Magistrate Judge's order requiring MPD to comply with Plaintiff's discovery requests.  There is no compelling reason for the stay and Plaintiff will be further harmed by yet another delay in these proceedings.

Therefore, Plaintiff respectfully requests that MPD's motion be denied.[1]

> Respectfully submitted,
> By:    /s/ Ernest W. McIntosh
> Ernest W. McIntosh
> NEWMAN, MCINTOSH & HENNESSEY, LLP
> 7315 Wisconsin Ave., Suite 700E
> Bethesda, MD 20814
> (301) 654-3400
> *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to the United States District Court Local Rule for the District of Columbia 5.4(d), I hereby certify that a copy of the foregoing Opposition to Non-Party MPD's Motion to Stay Order of Magistrate Judge Pending a Ruling on its Objection was served via the CM/ECF filing system to:

Carol Connolly, Esq.
General Litigation, Section III
District of Columbia Office of the Attorney General
441 4th Street NW, 6th Floor South
Washington, DC 20001

---

[1] Despite MPD's assertion that they tried to contact opposing counsel regarding their motion, Plaintiff's counsel never received any communication from MPD prior to receiving service on April 28, 2008. In fact, Plaintiff's counsel sent a letter to Ms. Connolly on April 28, 2008 stating that he had not heard from MPD yet concerning the court's order. (See April 28, 2008 letter to Carol Connolly, Esq. from Ernest W. McIntosh, Esq. attached hereto as Exhibit 1)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| JOAN CLARK ) | |
| ) | |
| ) | |
| v. ) | CA NO. 1:07-cv-00883 |
| ) | Judge Richard J. Leon |
| JOHN DOE, et al. ) | |

-----------------------------------------------------

### ORDER

UPON CONSIDERATION of Non-Party Metropolitan Police Department's Motion to Stay Order of Magistrate Judge Pending a Ruling on its Objection, Plaintiff's Opposition thereto, Motion to Amend Complaint, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED**, that Non-Party Metropolitan Police Department's Motion to Stay Order of Magistrate Judge Pending a Ruling on its Objection is hereby **DENIED**.

_____
The Honorable Richard J. Leon
United States District Court for the District of Columbia

**Copies to**:

Ernest W. McIntosh
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814

and

Carol Connolly, Esq.
General Litigation, Section III
District of Columbia Office of the Attorney General
441 4th Street NW, 6th Floor South
Washington, DC 20001

# NEWMAN MCINTOSH & HENNESSEY, LLP

Anthony G. Newman (DC, MD)
Ernest W. McIntosh (DC, MD, MI)
Joseph A. Hennessey (DC, MD)
Wendy Wyeth (MD)

THE AIR RIGHTS BUILDING
7315 Wisconsin Avenue, 700E
Bethesda, Maryland 20814

Main: (301) 654-3400
Fax: (301) 907-2975
www.nmhlaw.com

April 28, 2008

Carol Connolly, Esquire
Assistant Attorney General
Office of the Attorney General
441 4th Street NW, Suite 600 South
Washington, DC 20001

RE: Clark v. Tidewater Mack, Inc., et al.,
Case No. 1:07-cv-00883-RJL

Dear Ms. Connolly:

I am writing this letter because I have not heard from you since the court hearing on April 16, 2008. The court granted my motion to compel additional 30(b)(6) testimony. That deposition is to be completed by April 28, 2008. The court also ordered that the Parties file a joint status report by May 5, 2008, and further ordered that your client pay attorney fees and costs for my appearance at the hearing. Payment is to be made no later than May 30, 2008. You will find a copy of the court's order enclosed.

I called your office and received no response so I will now attempt to communicate with you through e-mail and this letter. Please contact me immediately so that we can try to resolve these matters. You can call office, my cell phone (202) 669-6843 or e-mail me at: emcintosh@nmhlaw.net

Sincerely,

Ernest W. McIntosh

Enclosure