UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIDEWATER MACK, INC. *et al.* )<br>)<br>Defendants. )<br>) | C.A. No. 07-CV-00883<br>Judge Richard J. Leon |

**THE DISTRICT OF COLUMBIA'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

The District of Columbia (hereinafter the "District") by and through undersigned counsel, and pursuant to FED. R. CIV. P. 15(a), respectfully move this Honorable Court to deny Plaintiff's Motion for Leave to File An Amended Complaint.

On May 10, 2007, Plaintiff filed her complaint arising out of a car accident that took place on May 13, 2005, in the District of Columbia, between Plaintiff and two unknown individuals driving a 2003 Jaguar. *See* Complaint at ¶¶ 10-14. In her original Complaint Plaintiff filed a negligence cause of action against Defendants Tidewater Mack Inc., G & H Sales Associates, as the owners of the vehicle, and John Doe and Jane Doe. *Id* at ¶10. Plaintiff alleged that Defendants Tidewater Mack Inc. and G & H Sales Associates were located in Virginia and filed suit in this Court based on diversity of citizenship.

However, on February 19, 2008, Magistrate Judge Robinson approved a stipulation and dismissal with prejudice as to both Defendants Tidewater Mack Inc., and G & H Sales Associates, Inc.  It stated:

>MINUTE ORDER by Magistrate Judge Deborah A. Robinson on 2/19/08 APPROVING 28 Stipulation and Dismissal with Prejudice as to Defendant Tidewater Mack Inc. and G&H Sales Associates, Inc. (lcdar1) (Entered: 02/19/2008)

*See* Docket Entry 28. Defendant Unknown John Doe and Defendant Unknown Jane Doe were the only remaining Defendants. Those Defendants were not named until May 1, 2008 – nearly three years after the accident.

In her Amended Complaint, Plaintiff now seeks to add the District as a Defendant and alleges gross negligence, gross negligence in hiring, training, and supervision, and respondent superior. *See* Amended Complaint, at ¶¶34-47. Specifically, Plaintiff alleges that the collision resulting in Plaintiff's injuries was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase. *See Id.* at ¶35. In addition, Plaintiff alleges that "Defendant D.C. was grossly negligent by failing to properly hire, train, supervise, control, and monitor its police officers in their duties and responsibilities." *Id.* at ¶41. Furthermore, Plaintiff alleges that Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and or employees of the District of Columbia, acted grossly negligent. *See Id.* at ¶45.

I. ARGUMENT

A.   Standards for Allowing Amendments to Pleadings

Under Rule 15 of the Federal Rules of Civil Procedure, once a complaint has been answered, it may only be amended "by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a). Rule 15(a) further directs that "leave shall be freely given when justice so requires." *Id.* As stated by the D.C. Circuit Court of Appeals, there are

"multifarious reasons for denying leave to amend," including the "'futility of the amendment.'"  *Harris v. Secretary, U. S. Department of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

    B.    <u>Plaintiff's Motion Should Be Denied Because Amendment is Futile</u>

Plaintiff's motion must be denied because the amendment would be futile.  D.C. Official Code §12-309 precludes Plaintiff's claim against the District.  According to that statute,

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The requirement of compliance with the time limit specified in § 12-309 is absolute, strict, and unqualified.  In *District of Columbia v. Dunmore*, the D.C. Court of Appeals[1] held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations.  Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District." [citations omitted]

662 A.2d 1356, 1359 (D.C. 1995).  The *Dunmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury."  *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming dismissal of action for false arrest where §12-309 letter arrived one day late); *Kelton v. District of Columbia*, 413 A.2d 919,

---

[1] Because D.C. Code § 12-309 is in derogation of sovereign immunity, and applies only to non-federal claims, this argument should be analyzed under local precedent.  *See Kelton v. District of Columbia*, 413 A.2d  981 (D.C. 1980).

3

921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the injury or damage was sustained'").

Here, Plaintiff's claims arise out of an automobile accident that occurred on May 13, 2005. Because the deadline for filing a Rule 12-309 notice has since long passed, the case should be dismissed, and the motion should be denied as futile. *See* Affidavit from Mia Powell Liley attached hereto as Def. Ex.1. Any attempt by Plaintiff to assert that the 12-309 period was "tolled" until some later point would be unavailing. The D.C. Court of Appeals has held that the 12-309 period begins to run on the date an injury is sustained, not the date the Plaintiff became aware of the existence of a cause of action against the defendant. *See District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C. 1995)(12-309 period in lawsuit against D.C. General Hospital was when Plaintiff's leg was amputated, not the date the Plaintiff found information that indicated the amputation was actionable).

> The Court explained:
>
> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District." *Hardy, supra*, 616 A.2d at 340; *see Gwinn, supra*, 434 A.2d at 1378 ("Unless timely notice is given, no 'right of action' or 'entitlement to maintain an action' accrues").

*Id.* at 1359. The Court further explained that it had no authority to apply the discovery rule to § 12-309, because:

> the language Congress chose … is clear and unequivocal. Section 12-309 specifically limits the District's waiver of its immunity to cases in which sufficient notice is given to the Mayor "within six months after the injury or damage was *sustained*" (emphasis added). By contrast, our statute of limitations, D.C. Code § 12-301 (1989), to which the discovery rule has thus far been exclusively applied, begins calculating the period within

4

which a suit must be filed "from the time the right to maintain the action *accrues*" (emphasis added). "Our discovery rule has been fashioned by construing the words 'accrued' or 'accrual' contained in our Statutes of Limitation . . . ." *Stager v. Schneider*, 494 A.2d 1307, 1316 (D.C. 1985) (citations omitted). Consequently, the rule has been invoked in those cases in which the accrual of a cause of action is not altogether clear. *See, e.g., Colbert v. Georgetown University*, 641 A.2d 469, 472-473 (D.C. 1994) (en banc) (discovery rule applies "where the relationship between the fact of injury and the alleged tortious conduct may be obscure").

The same analysis simply does not apply to section 12-309. The point in time when a cause of action accrues is immaterial for purposes of triggering the statutory notice requirement. Instead, under section 12-309, the six-month clock begins to run from the moment the plaintiff sustains the injury, not from the moment a cause of action accrues. *DeKine v. District of Columbia*, 422 A.2d 981, 985 (D.C. 1980). Indeed, as we stated in *Gwinn*, a cause of action against the District does not even "accrue" until timely statutory notice has been given. 434 A.2d at 1378. Any other conclusion would be inconsistent with the plain language of the statute and contrary to its overriding purpose of providing the District with prompt notice of claims against it. *Pitts v. District of Columbia*, *supra*, 391 A.2d at 807.

Here, it is indisputable that the injury which is the basis of this lawsuit was "sustained" the moment the accident occurred on May 13, 2003. *See* Amended Complaint, ¶ 9. As a result, the six-month notice clock began to run on May 13, 2005. *Dunmore*, 622 A.2d at 1359-1360; *Ross*, 697 A.2d at 18. Because Plaintiff failed to notify the Mayor of any anticipated claim within the six-month period, Plaintiff's claims against the District of Columbia, all of which are non-federal, are barred. Accordingly, her claims against the District are futile and Plaintiff's Motion to Amend must be denied.

## II. CONCLUSION

For the foregoing reasons, the District respectfully request that Plaintiff's Motion for Leave to Amend her Complaint be denied.

5

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Samuel C. Kaplan
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

/s/ Carol A. Connolly
CAROL A. CONNOLLY (468126)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S012
Washington, D.C. 20001
(202) 724-5611
(202) 727-0431 (fax)
E-mail:  carol.connolly@dc.gov

**CERTIFICATE OF SERVICE**

Copies filed and served electronically through eFiling for Courts, this 12th day of May 2008 to: Ernest Macintosh.

/s/ Carol A. Connolly
CAROL A. CONNOLLY (468126)
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-CV-00883 |
| ) | Judge Richard J. Leon |
| v. ) | |
| ) | |
| TIDEWATER MACK, INC. *et al.* ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF MIA POWELL LILEY

I, MIA POWELL LILEY, being duly sworn, states that the following is true to the best of my knowledge, information and belief:

1. I am the Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2. Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3. Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to the Office of Risk Management and recorded in its claims management system.

1

4. I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management. The result of this search has revealed that the Tort Liability Division of the District of Columbia Office of Risk Management has not received a claim notice from Joan Clark that refers to the claims described in her Complaint in Civil Action No. 07-00883 namely, that on May 13 2005, the Plaintiff, was in an automobile accident while traveling as a passenger in the 800 block of Southern Avenue Southeast until April 30, 2008.

MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I Susana Suarez, a Notary Public in and for the District of Columbia, do hereby certify that MIA POWELL LILEY, whose name is signed to the foregoing affidavit, bearing the date of the ___12___ day of ___May___, 2008, personally appeared before me and executed the said release, and acknowledged the same to be her act and deed. Given under my hand and official seal this ___12___ day of ___May___, 2008.

Susana Suarez
Notary Public
My Commission Expires

SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
NOTARY PUBLIC OF COLUMBIA
My Commission Expires   August 14, 2010

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIDEWATER MACK, INC. *et al.* )<br>)<br>Defendants. )<br>) | C.A. No. 07-CV-00883<br>Judge Richard J. Leon |

## **ORDER**

Upon consideration of Plaintiff's Motion to Amend, the District of Columbia's opposition thereto and the entire record herein, it is this _____day of

_____, 2008,

**ORDERED** that the Motion be, and the same hereby is, **DENIED**; and it is

**FURTHER ORDERED** that the Motion shall be denied with prejudice as to the the District of Columbia.

                                                          _____
                                                          RICHARD J. LEON
                                                          UNITED STATES DISTRICT JUDGE