UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| JOAN CLARK , ) | |
| ) | |
|        Plaintiff, ) | C.A. No. 07-CV-00883 |
| ) | Judge Richard J. Leon |
|    v. ) | |
| ) | |
| ESTATE OF DAVID FLACH, SR., ) | |
| ) | |
|      and ) | |
| ) | |
| ANITA LACEY, ) | |
| ) | |
|      and ) | |
| ) | |
| GEICO, ) | |
| ) | |
|      and ) | |
| ) | |
| THE DISTRICT OF COLUMBIA. ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

The District of Columbia (hereinafter the "District") by and through undersigned

counsel, and pursuant to FED. R. CIV. P. 4(m), 4(j)(2) and D.C. Official Code § 12-309,

respectfully move this Honorable Court to dismiss Plaintiff's Amended Complaint brought

against the District on June 11, 2008.  The grounds for the motion are as follows:

1.        Plaintiff has failed to effectuate proper service of process on the District of

                Columbia pursuant to Fed. R. Civ. P. Rule 4(j)2); and

2.        Plaintiff failed to notify the District of her claim within the available six-

                month window, pursuant to D.C. Official Code § 12-309.

A memorandum of supporting points and authorities in support of this motion are attached. Undersigned counsel was unsuccessful in her attempt to contact Plaintiff's counsel, seeking his consent, prior to the filing of this motion.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

/s/_____
CAROL A. CONNOLLY (468126)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S012
Washington, D.C. 20001
(202) 724-5611
(202) 727-0431 (fax)
E-mail:  carol.connolly@dc.gov

## CERTIFICIATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion was sent via Casefilexpress, this 14th day of July 2008 to Plaintiff's Counsel, Ernest W. McIntosh.

/s/Carol A. Connolly
Carol A. Connolly
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
JOAN CLARK ,                                  )
                                              )
              Plaintiff,                      )      **C.A. No. 07-CV-00883**
                                              )      **Judge Richard J. Leon**
       v.                                     )
                                              )
ESTATE OF DAVID FLACH, SR.,                   )
                                              )
          and                                 )
                                              )
ANITA LACEY,                                  )
                                              )
          and                                 )
                                              )
GEICO,                                        )
                                              )
          and                                 )
                                              )
THE DISTRICT OF COLUMBIA.                     )
                                              )
       Defendants.                            )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**DEFENDANT'S MOTION TO DISMISS**

In support of its Motion to Dismiss Plaintiff's Complaint, this defendant herein submits

its memorandum of points and authorities, and states as follows:

**PRELIMINARY STATEMENT**

On May 10, 2007, Plaintiff filed her complaint arising out of a car accident that took

place on May 13, 2005, in the District of Columbia, between Plaintiff and two unknown

individuals driving a 2003 Jaguar.  *See* Complaint at ¶¶ 10-14.  In her original Complaint

Plaintiff filed a negligence cause of action against Defendants Tidewater Mack Inc., G & H

Sales Associates, as the owners of the vehicle, and John Doe and Jane Doe.  *Id* at ¶10.  Plaintiff

alleged that Defendants Tidewater Mack Inc. and G & H Sales Associates were located in Virginia and filed suit in this Court based on diversity of citizenship.

On February 19, 2008, Magistrate Judge Robinson approved a stipulation and dismissal with prejudice as to both Defendants Tidewater Mack Inc., and G & H Sales Associates, Inc. It stated:

> MINUTE ORDER by Magistrate Judge Deborah A. Robinson on 2/19/08 APPROVING 28 Stipulation and Dismissal with Prejudice as to Defendant Tidewater Mack Inc. and G&H Sales Associates, Inc. (lcdar1) (Entered: 02/19/2008)

*See* Docket Entry 28. Defendant Unknown John Doe and Defendant Unknown Jane Doe were the only remaining Defendants. Those Defendants were not named until May 1, 2008 – nearly three years after the accident.

On May 1, 2008, Plaintiff filed a Motion for Leave to Amend her Complaint. Plaintiff sought to add the District as a Defendant and alleged gross negligence, gross negligence in hiring, training, and supervision, and respondeat superior. *See* Amended Complaint, at ¶¶34-47. Specifically, Plaintiff alleged that the collision resulting in Plaintiff's injuries was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase. *See Id.* at ¶35. In addition, Plaintiff alleged that "Defendant D.C. was grossly negligent by failing to properly hire, train, supervise, control, and monitor its police officers in their duties and responsibilities." *Id.* at ¶41. Furthermore, Plaintiff alleged that Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and or employees of the District of Columbia, acted grossly negligent. *See Id.* at ¶45.

On May 5, 2008, Plaintiff filed Civil Action 08-3427V, in the District of Columbia Superior Court alleging the <u>same</u> <u>claims</u> and a Motion to Stay the proceedings pending the outcome of

this Federal Suit. *See* copy of Compliant and Motion at Def. Ex. 1.

On May 12, 2008, an Opposition to Plaintiff's Amended Complaint was filed by undersigned counsel on behalf of "the District of Columbia." *See* Motion at 1. It was titled "The District of Columbia's Opposition to Plaintiff's Motion for Leave to Amend." *See Id.* The District argued in part that the Court should deny Plaintiff's Motion because it was untimely, and futile. The District stated: "because Plaintiff failed to notify the Mayor of any anticipated claim within the six-month period, Plaintiff's claims against the District of Columbia, all of which are non-federal, are barred." *See* Opp. at 3-4.

Plaintiff did not file a reply brief in support of her motion, but instead on May 15, 2008, Plaintiff filed a Motion to Strike "Non-Party MPD's Opposition to Plaintiff's Motion for Leave to Amend the Complaint." *See* Motion at 1. In it, Plaintiff argued incorrectly that "Non-Party MPD is not a party to the lawsuit" and therefore cannot file an Opposition. *See* Memo at 1.

On May 27, 2008, The District filed an opposition to Plaintiff's Motion to Strike and argued that it should be denied because the District of Columbia, not "the Metropolitan Police Department" filed an Opposition to Plaintiff's Motion to Strike. In its Opposition the District stated:

> The District of Columbia (hereinafter the "District") by and through undersigned counsel, and pursuant to FED. R. CIV. P. 15(a), respectfully move this Honorable Court to deny Plaintiff's Motion for Leave to File An Amended Complaint.

*See* Id. at 2. The District argued it clearly was an adverse party and was permitted to file an opposition to Plaintiff's Motion to Strike. *Id.*

On June 11, 2008, in a minute order Magistrate Judge Robinson granted Plaintiff's Motion to Strike. *See* Docket at entry 41. That same day, Plaintiff filed her Amended Complaint. As such this motion follows.

## STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)); *see also Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)); *see also Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, while the court "must assume the truth of all statements proffered by the party opposing summary judgment," it need not consider wholly conclusory statements for which no supporting evidence is offered. *Greene v. Dalton*, 164 F.3d 671, 674–75 (D.C. Cir. 1999).

**I. Plaintiff Has Failed to Effectuate Proper Service of Process on the District of Columbia**

Rule 4(j)(2) governs the service of process upon, *inter alia*, municipal corporations such as the District of Columbia. Specifically, the rule provides that a "municipal corporation . . . that is subject to suit must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The Superior Court Civil Rules provide that:

> [s]ervice shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now Attorney General] of the District of Columbia (or designee). The Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.

SCR-Civil 4(j)(1).

Pursuant to Mayor's Order 2004-77 (May 14, 2004), the Mayor has designated the Secretary of the District as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas). The Secretary of the District, in turn, has designated Tabatha Braxton, Arlethia Thompson, and Erica Easter as the employees of the Office of the Secretary authorized to receive legal correspondence on behalf of the Mayor and Secretary. (Jan 16, 2007 Memorandum). The Attorney General has designated Civil Litigation Division employees Darlene Fields, Tonia Robinson, and Gale Rivers as designees to receive service of process on behalf of the Attorney General. (Attorney General Office Order 2005-19). Thus, pursuant to Fed. R. Civ. P. 4(j)(2), in order to effectuate proper service on the District of Columbia, service must be received by one of the Secretary's designees on behalf of the Mayor, who is the city's chief executive officer.

In this case, a copy of the summons and of the amended complaint was not served on the Mayor and no affidavits of service have been filed.  The burden of proving proper service falls squarely upon the Plaintiff; the District submits that Plaintiff did not met her burden.  *See Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003) ("If the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint under Rule 12(b)(4) and/or (5).  Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service.") (citations omitted). Accordingly, as the Mayor of the District of Columbia was not properly served, the District should be dismissed.

It should be noted that the fact that the summons and complaint may have been received at some point in the Office of the Attorney General or the Office of the Mayor is of no moment. In the case of *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004), the District of Columbia Court of Appeals addressed the issue of whether service on the Mayor and the Attorney General "is complete when a complaint is sent by certified mail and signed for as 'received' by anyone in their respective offices." *Id.* at 787.  The trial court in *Eldridge* concluded that it was not, finding that, "while service . . . can be effected by mail, it is clear that a properly designated employee is required to sign for [the] complaint, summons and initial order on behalf of the Mayor and the . . . Corporation Counsel . . ." *Id.* (quoting opinion of the trial court).

The Court of Appeals, in affirming the decision of the trial court, observed:

> As an institutional defendant, the District of Columbia is subject to many lawsuits.  The Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4(j)(1) provides the manner by which a plaintiff can satisfy this requirement.  In their official capacities the Mayor and the Corporation Counsel receive an enormous amount of mail.  Super. Ct. Civ. R. 4(j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination.  The flaw in appellant's argument is that,

> although the complaint was mailed to the Office of the Mayor and the Office of
> the Corporation Counsel and signed for by employees in those respective offices,
> they were not, however, signed for and received by the specific employees
> designated to receive service of process. This court, therefore, concludes that
> appellant did not effect proper service of process upon the Mayor or the
> Corporation Counsel in accordance with the strictures of Super. Ct. Civ. R.
> 4(j)(1).

*Id.* Indeed, this Court has observed that "*Eldridge* reaffirms established District of Columbia

precedent that service of process is invalid when the plaintiff sends a summons and complaint

by certified mail to a defendant's offices but the mail is signed for by a secretary, receptionist,

or other individual not specifically authorized to accept service of process." *Byrd v. District of*

*Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005) (Friedman, J.). Thus, Plaintiff has not properly

served the District of Columbia and this matter must be dismissed as to the District.

## II. Plaintiff Failed To Notify District Of The Claim Within The Available Six-Month Window, Pursuant To D.C. Official Code § 12-309

D.C. Official Code §12-309 precludes Plaintiff's claim against the District. According to

that statute,

> An action may not be maintained against the District of Columbia for unliquidated
> damages to person or property unless, within six months after the injury or damage was
> sustained, the claimant, his agent or attorney has given notice in writing to the Mayor of the
> District of Columbia of the approximate time, place, cause, and circumstances of the injury
> or damage.
> The requirement of compliance with the time limit specified in § 12-309 is absolute,

strict, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals[1] held

that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather,
> it imposes a notice requirement on everyone with a tort claim against the District

---

[1] Because D.C. Code § 12-309 is in derogation of sovereign immunity, and applies only to non-federal claims, this argument should be analyzed under local precedent. *See Kelton v. District of Columbia*, 413 A.2d 981 (D.C. 1980).

> of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District." [citations omitted]

662 A.2d 1356, 1359 (D.C. 1995). The *Dunmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury." *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming dismissal of action for false arrest where §12-309 letter arrived one day late); *Kelton v. District of Columbia*, 413 A.2d 919, 921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the injury or damage was sustained'").

Here, Plaintiff's claims arise out of an automobile accident that occurred on May 13, 2005. Because the deadline for filing a Rule 12-309 notice has since long passed, the case should be dismissed. *See* Affidavit from Mia Powell Liley attached hereto as Def. Ex. 2. Any attempt by Plaintiff to assert that the 12-309 period was "tolled" until some later point would be unavailing. The D.C. Court of Appeals has held that the 12-309 period begins to run on the date an injury is sustained, not the date the Plaintiff became aware of the existence of a cause of action against the defendant. *See District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C. 1995) (12-309 period in lawsuit against D.C. General Hospital was when Plaintiff's leg was amputated, not the date the Plaintiff found information that indicated the amputation was actionable).

The Court explained:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District." *Hardy, supra*, 616 A.2d at 340; *see Gwinn v. District of Columbia* 434 A.2d 1376, 1378 ("Unless timely notice is given, no 'right of action' or 'entitlement to maintain an action' accrues").

*Id.* at 1359. The Court further explained that it had no authority to apply the discovery rule to §

12-309, because:

> the language Congress chose … is clear and unequivocal. Section 12-309 specifically limits the District's waiver of its immunity to cases in which sufficient notice is given to the Mayor "within six months after the injury or damage was *sustained*" (emphasis added). By contrast, our statute of limitations, D.C. Code § 12-301 (1989), to which the discovery rule has thus far been exclusively applied, begins calculating the period within which a suit must be filed "from the time the right to maintain the action *accrues*" (emphasis added). "Our discovery rule has been fashioned by construing the words 'accrued' or 'accrual' contained in our Statutes of Limitation . . . ." *Stager v. Schneider*, 494 A.2d 1307, 1316 (D.C. 1985) (citations omitted). Consequently, the rule has been invoked in those cases in which the accrual of a cause of action is not altogether clear. *See, e.g.*, *Colbert v. Georgetown University*, 641 A.2d 469, 472-473 (D.C. 1994) (en banc) (discovery rule applies "where the relationship between the fact of injury and the alleged tortious conduct may be obscure").

Thus, the point in time when a cause of action accrues is immaterial for purposes

of triggering the statutory notice requirement. Instead, under section 12-309, the six-

month clock begins to run from the moment the plaintiff sustains the injury, not from the

moment a cause of action accrues. *DeKine v. District of Columbia*, 422 A.2d 981, 985

(D.C. 1980). Indeed, as stated in *Gwinn*, a cause of action against the District does not

even "accrue" until timely statutory notice has been given. 434 A.2d at 1378. Any other

conclusion would be inconsistent with the plain language of the statute and contrary to

its overriding purpose of providing the District with prompt notice of claims against it.

*Pitts v. District of Columbia*, *supra*, 391 A.2d at 807.

Here, it is indisputable that the injury which is the basis of this lawsuit was "sustained"

the moment the accident occurred on May 13, 2003. *See* Amended Complaint, ¶ 9. As a result,

the six-month notice clock began to run on May 13, 2005. *Dunmore*, 622 A.2d at 1359-1360;

*Ross*, 697 A.2d at 18. Because Plaintiff failed to notify the Mayor of any anticipated claim

within the six-month period, Plaintiff's claims against the District of Columbia, all of which are

non-federal, are barred.  Accordingly, her claims against the District are not within the

mandatory six-month period, and her case should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, the District respectfully requests that the Court dismiss the

Plaintiff's Amended Complaint against the District.


Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

/s/_____
CAROL A. CONNOLLY (468126)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S012
Washington, D.C. 20001
(202) 724-5611
(202) 727-0431 (fax)
E-mail:  carol.connolly@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| **JOAN CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 07-CV-00883** |
| | ) | **Judge Richard J. Leon** |
| **v.** | ) | |
| | ) | |
| **TIDEWATER MACK, INC.** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### ORDER

Upon consideration of the District's Motion to Dismiss, its memorandum of points and authorities in support thereof, and the entire record herein, it is this _____day of _____, 2008,

**ORDERED** that the motion be, and the same hereby is, **GRANTED**; and it is

**FURTHER ORDERED** that the case against Defendant District of Columbia is hereby DISMISSED WITH PREJUDICE.


SO ORDERED.


DATE: _____          _____

                                    RICHARD J. LEON
                                    United States District Judge

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
*Civil Division*

RECEIVED
Civil Clerk's Office
MAY 0 5 2008
Superior Court of the
District of Columbia
Washington D.C.

| | |
|---|---|
| JOAN CLARK<br>612 North Street Ext.<br>Milford, DE 19963 | )<br>)<br>)<br>) |
| v. | )<br>) | Civil Action No.    2008 )
| ESTATE OF DAVID FLACH, SR.<br>9520 Bennett Street<br>Manassas, VA 20110<br>    Serve:<br>    Lawrence D. Hughes<br>    9443 Flowerden Lane<br>    Manassas, VA 20110 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| ANITA LACEY<br>aka ANITA LYNETTE VANDAMME<br>aka DANELLA VANDAMME<br>aka ANITA LYNETTE CONSIGLIA<br>9448 Scarlet Oak Drive<br>Manassas, VA 20110 | )<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| GEICO<br>One Geico Blvd.<br>Fredericksburg, VA 22412<br>    Serve:<br>    John Dahut, Esq.<br>    962 Wayne Avenue, Ste. 200<br>    Silver Spring, MD 20910 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| THE DISTRICT OF COLUMBIA,<br>A Municipal Corporation<br>441 4th Street, N.W.<br>Washington, DC 20001,<br>    Serve:<br>    Mayor Adrian Fenty<br>    1350 Pennsylvania Ave., NW | )<br>)<br>)<br>)<br>)<br>)<br>) |

Room 419                              )
Washington, DC  20001                 )
                                      )
and                                   )
                                      )
Attorney General Peter Nickles        )
Office of Attorney General            )
District of Columbia                  )
441 4th Street, N.W.                  )
Washington, DC  20001                 )
                                      )
Defendants.                           )
-------------------------------------------------------

## COMPLAINT

COMES NOW the Plaintiff, Joan Clark, by and through her attorney, Ernest W.

McIntosh, and respectfully represents as follows:

### PARTIES

1.      Plaintiff Joan Clark is a resident of the State of Delaware.

2.      Defendant David Flach, Sr. (deceased August 20, 2006) was at all times relevant

to this action a resident of the Commonwealth of Virginia.  The Estate of David Flach,

Sr. (opened in the Circuit Court of Prince William County, Court File No. W-12193, on

September 8, 2006) is an estate in the Commonwealth of Virginia.  Lawrence D. Hughes

was appointed and is serving as the executor of the Estate of David Flach, Sr.

3.      Upon information and belief, Defendant Anita Lacey, aka Anita Lynette

Vandamme, aka Danella Vandamme aka Anita Lynette Consiglia, is a resident of the

Commonwealth of Virginia.

4.      Defendant GEICO is a duly licensed corporation incorporated in the State of

Maryland with its principle place of business in the Commonwealth of Virginia and is

licensed to do business in the Commonwealth of Virginia.

5.     Defendant D.C. is a governmental body located in the District of Columbia and organized pursuant to the laws of the United States.

## JURISDICTION

6.     This Court has jurisdiction over this matter pursuant to D.C. Code Section 11-921.

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff re-pleads and incorporates by reference herein each and every allegation set forth above and states as follows:

8.     On May 13, 2005, Plaintiff Joan Clark was a passenger in a vehicle that was traveling westbound in the 800 block of Southern Avenue SE in the District of Columbia.

9.     At all relevant times herein, the driver of the car in which Plaintiff was a passenger exercised due care and acted in a reasonable manner while operating her motor vehicle free of negligence or contributory negligence.

10.    Two unknown individuals driving a stolen 2003 Jaguar drove their vehicle at a high rate of speed in an easterly direction on Southern Avenue SE in the District of Columbia in such a manner as to cause it to collide with the front of the vehicle in which Plaintiff was a passenger.

11.    Upon information and belief, at the time of the collision, the 2003 Jaguar was being pursued by officers of the Metropolitan Department of the District of Columbia Police Department.

12.    The impact of the collision caused both vehicles to spin out of control and come to a complete stop.

13.    Both individuals in the 2003 Jaguar jumped out of the vehicle and fled into the wooded area in the 800 block of Southern Avenue SE in the District of Columbia. They were pursued by officers of the Metropolitan Police Department of the District of Columbia, but were not apprehended.

14.    As a result of the collision, Plaintiff Joan Clark suffered severe and permanent injuries, including a severed aorta, fractures to her left elbow, right leg, left hip and left eye socket as a result of the collision. She has been unable to walk since the accident.

15.    The 2003 Jaguar was owned by Defendant David Flach, Sr. He had loaned his car to Defendant Anita Lacey.

16.    Defendant Anita Lacey had possession of Defendant David Flach, Sr.'s vehicle. She also stated she had fallen asleep at a party on and someone took the vehicle.

## COUNT I – NEGLIGENCE  - ESTATE OF DAVID FLACH, SR.

17.    Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

18.    At all times relevant herein, Defendant David Flach, Sr. owed a duty to the public to maintain control and security over his vehicle. Any driver of Mr. Flach's car is deemed to be his agent. ("Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner. DC ST § 50-1301.08) Defendant Anita Lacey was, therefore, an agent of Defendant David Flach, Sr.

19.    The collision resulting in Plaintiff's severe and permanent injuries was the direct and proximate result of the negligence of Defendant David Flach, Sr. in consenting to lend his vehicle to Defendant Anita Lacey who, in turn, failed to maintain control and security of the vehicle, which crashed into the car in which Plaintiff was a passenger.

20.    As a direct and proximate result of the negligence of Defendant David Flach, Sr., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

21.    The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the negligence of Defendant David Flach, Sr.

WHEREFORE, Plaintiff Joan Clark demands judgment against the Estate of David Flach, Sr., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE BY ANITA LACEY

22.    Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

23.    At all times relevant herein, Defendant Anita Lacey owed a duty to the public to maintain control and security over David Flach Sr.'s vehicle.

24.    Defendant Anita Lacey breached that duty when she failed to maintain control and security by allowing another driver to take the car.

25.     The collision resulting in Plaintiff's severe and permanent injuries was the direct and proximate result of the negligence of Defendant Anita Lacey in failing to maintain control and security over the vehicle and allowing another driver to take the car who collided with the vehicle in which Plaintiff was a passenger.

26.     As a direct and proximate result of the negligence of Defendant Anita Lacey, Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

27.     The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the negligence of Defendant Anita Lacey.

        WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant Anita Lacey, jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT III – BREACH OF CONTRACT BY DEFENDANT GEICO

28.     Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

29.     Defendant David Flach, Sr. was insured with the Defendant GEICO through a contract of automobile insurance (GEICO policy number 2300000169) which provided liability coverage for any claims that may have been brought against Mr. Flach, Sr. resulting from the use of his vehicle.

30.     Plaintiff Joan Clark was injured as a result of the use of Mr. Flach's vehicle.

Defendant GEICO had a duty to defend and provide coverage for any claims Ms. Clark

may make as a result of her injuries.

31.     Upon information and belief, Defendant GEICO has breached their duty by not

providing coverage for Plaintiff Joan Clark's claims.

32.     As a direct and proximate result of Defendant GEICO's breach of the terms and

conditions of the contract of insurance with Defendant David Flach, Sr., Plaintiff Joan

Clark has not been compensated for her damages and injuries.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant

GEICO, jointly and severally, in an amount of ten million dollars ($10,000,000), plus

costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT IV – GROSS NEGLIGENCE BY DEFENDANT DISTRICT OF COLUMBIA

33.     Plaintiff restates and re-alleges each and every allegation set forth above as if

fully set forth herein.

34.     Upon information and belief, the collision resulting in Plaintiff's severe and

permanent injuries was the direct and proximate result of the gross negligence of police

officers in engaging in a high-speed chase through a residential neighborhood with

crowded streets in the District of Columbia. Defendant D.C.'s police officers, including

the patrol officers, supervisors, shift commanders, and all others involved in the chain of

command, acting within the course and scope of their employment as servants and/or

employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003

Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b)

failing to discontinue or safely discontinue the high-speed chase when it became obvious

that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

35.    As a direct and proximate result of the negligence of Defendant D.C., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish, disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

36.    The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT V – GROSS NEGLIGENCE IN HIRING, TRAINING AND SUPERVISION BY DEFENDANT DISTRICT OF COLUMBIA

37.    Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

38.    At all times relevant herein, the police officers, agents and servants of Defendant D.C. involved in the accident that is the subject of this Amended Complaint, were acting under the direction and control of, and pursuant to the rules, regulations, policies, and procedures of Defendant D.C..

39.    Defendant D.C. was grossly negligent by failing to properly hire, train, supervise, control, direct, and monitor its police officers in their duties and responsibilities. Defendant D.C. knew, or in the exercise of reasonable care should have known, of the acts of gross negligence of its officers under their employ, and had the power, authority, and responsibility to prevent such acts and/or to discontinue such acts by the exercise of reasonable care, but neglected and/or refused to do so.

40.    The collision and resulting severe injuries to Plaintiff were the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003 Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

41.    As a direct and proximate result of the negligence of Defendant D.C., Plaintiff suffered severe and permanent personal injuries. She incurred medical expenses in the past and will incur significant medical expenses in the future. Plaintiff has suffered and will continue to suffer other damages, including but not limited to mental anguish,

disfigurement, emotional and physical pain and suffering, a loss of income and a diminished opportunity to earn future income.

42.     The collision and resulting damages suffered by Plaintiff were the direct and proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C., jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and interest, and such other and further relief as this Court deems just and proper.

## COUNT VI – RESPONDEAT SUPERIOR – D.C. GOVERNMENT

43.     Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

44.     The collision and Plaintiff's severe and permanent injuries were the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the 2003 Jaguar at extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to apprehend a suspected criminal under these circumstances.

45.    As a direct and proximate result of the negligence of Defendant D.C., Plaintiff

suffered severe and permanent personal injuries. She incurred medical expenses in the

past and will incur significant medical expenses in the future. Plaintiff has suffered and

will continue to suffer other damages, including but not limited to mental anguish,

disfigurement, emotional and physical pain and suffering, a loss of income and a

diminished opportunity to earn future income.

46.    The collision and resulting damages suffered by Plaintiff were the direct and

proximate result of the gross negligence of Defendant D.C.

WHEREFORE, Plaintiff Joan Clark demands judgment against Defendant D.C.,

jointly and severally, in an amount of ten million dollars ($10,000,000), plus costs and

interest, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

By: _____

Ernest W. McIntosh, DC Bar No. 315309
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all counts.

_____
Ernest W. McIntosh
*Counsel for Plaintiff*

# SUPERIOR COURT OF THE
## DISTRICT OF COLUMBIA
### *Civil Division*

JOAN CLARK                )
                         )

**Plaintiff**                )
                         )

**v.**                      )     Civil Action No. 2008 CA 003427 V
                         )     Judge Brook Hedge

**ESTATE OF DAVID FLACH, SR. et al.**  )
                         )

**Defendants.**            )

-------------------------------------------------------

## MOTION TO STAY PROCEEDINGS
## PENDING OUTCOME OF FEDERAL SUIT

      Plaintiff, through counsel, submits the following Motion to Stay Proceedings Pending Outcome of Federal Suit.  As grounds for her motion, Plaintiff states the following:

### I. FACTS

      Plaintiff was severely injured in an automobile accident, in the District of Columbia, on May 13, 2005.  An initial investigation indicated that the vehicle which caused the accident was owned by two Virginia Corporations and/or individuals who were residents of the State of Virginia. Plaintiff filed a suit, Civil Action No. 07-CV-00883, in the United States District Court for the District of Columbia on May 10, 2007.[1]

      Information obtained during that case indicated that the District of Columbia as a result of a "high speed police chase" may have contributed to Plaintiff's injuries.  Plaintiff

---

[1]Plaintiff did not have full information about the circumstances of the accident on May 10, 2005; however a case was filed because their was sufficient information to support a claim and Plaintiff needed to preserve her rights against the 2 year statute of limitations in Virginia.

served the District of Columbia with a subpoena and a Rule 30(b)(6) deposition notice on June 27, 2007. As of the date of this motion, the District of Columbia has not complied with the subpoena. The issue is presently being litigated in federal court.

It became apparent that the dispute concerning Plaintiff's subpoena to the District of Columbia was not going to be resolved prior to the expiration of the District of Columbia's statute of limitations. Plaintiff was forced to file a new case in the United States District Court for the District of Columbia, Civil Action No. 1:08-cv-00779, on May 6, 2008, against the Virginia residents who had been identified and the District of Columbia.

On May 5, 2008, Plaintiff took the precaution of filing the instant claim in this Court, based on the same facts as the federal court litigation, because the statute of limitations would have expired prior to any resolution of the issues in Federal Court. Plaintiff, hoping for a decision in federal court, has not attempted to serve any of the parties. However, in compliance with the rules of this Court, Plaintiff is serving the parties contemporaneously with this motion.

## II. ARGUMENT

Plaintiff files this motion in the interest of judicial economy. She needs to preserve her claims; however she does not wish to litigate the same matter in this court. Plaintiff is prepared to dismiss the action in this court pending resolution of all her claims in federal court. Plaintiff's motion is well within the inherent authority of this Court. "The power to stay a proceeding is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of

judgment, which must weigh competing interests and maintain an even balance. See

*Lanis v North American Co.*, 299 U.S. 24 (1936).

Plaintiff's basis for filing her motion is exactly the type of basis for which this

Court has considered motions to stay.

> A motion to stay pending resolution of another proceeding
> may be filed for many reasons. For example, a party may
> acquiesce in a claim-splitting but may want to deal with the
> lawsuits one at a time. Or, the moving party may want to
> stay one action in the hopes of reaching a comprehensive
> settlement with the other party in the other action.

*Gilles v. Ware,* 615 A.2d 533, 547 (D.C.,1992).  Plaintiff hopes to reach a

comprehensive settlement or have a trial on the merits with the parties in the federal

action.

### III.  CONCLUSION

WHEREFORE, the foregoing considered, and in the interest of justice and

judicial economy, Plaintiff respectfully moves this Court to stay the proceedings pending

the resolution of her federal claims.

Respectfully Submitted,

By:  /s/ Ernest W. McIntosh
Ernest W. McIntosh, DC Bar No. 315309
NEWMAN, MCINTOSH & HENNESSEY, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to Stay was sent via first-class United States mail, postage pre-paid to:

ESTATE OF DAVID FLACH, SR.
9520 Bennett Street
Manassas, VA 20110
Serve: Lawrence D. Hughes
       9443 Flowerden Lane
       Manassas, VA 20110

ANITA LACEY
aka ANITA LYNETTE VANDAMME
aka DANELLA VANDAMME
aka ANITA LYNETTE CONSIGLIA
9448 Scarlet Oak Drive
Manassas, VA 20110

GEICO
One Geico Blvd.
Fredericksburg, VA   22412
Serve: John Dahut, Esq.
       962 Wayne Avenue, Ste. 200
       Silver Spring, MD 20910

THE DISTRICT OF COLUMBIA,
A Municipal Corporation
441 4th Street, N.W.
Washington, DC 20001,
Serve: Mayor Adrian Fenty
       1350 Pennsylvania Ave., NW, Room 419
       Washington, DC 20001

and

Attorney General Peter Nickles
Office of Attorney General
District of Columbia
441 4th Street, N.W.
Washington, DC 20001

               /s/ Ernest W. McIntosh
               Ernest W. McIntosh

**SUPERIOR COURT OF THE**
**DISTRICT OF COLUMBIA**
*Civil Division*

JOAN CLARK                           )
                                     )
Plaintiff                            )
                                     )
v.                                   )        Civil Action No. 2008 CA 003427 V
                                     )        Judge Brook Hedge
ESTATE OF DAVID FLACH, SR. et al.  )
                                     )
Defendants.                          )
--------------------------------------------------------

## ORDER

Upon consideration of Plaintiff Joan Clark's Motion To Stay Pending Federal

Court Proceedings, the Points and Authorities in support thereof, any opposition and the

entire record herein it is hereby

ORDERED that Plaintiff's Motion be **GRANTED**;

FURTHER ORDERED that all proceedings in this case are **STAYED** pending

outcome of United States District Court for the District of Columbia Civil Action No.

1:08-cv-00779.

_____          _____
Date                                 Judge Brook Hedge

Copies to:

Ernest W. McIntosh
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, MD 20814

ESTATE OF DAVID FLACH, SR.
9520 Bennett Street
Manassas, VA 20110

Serve:  Lawrence D. Hughes
        9443 Flowerden Lane
        Manassas, VA 20110

ANITA LACEY
aka ANITA LYNETTE VANDAMME
aka DANELLA VANDAMME
aka ANITA LYNETTE CONSIGLIA
9448 Scarlet Oak Drive
Manassas, VA 20110

GEICO
One Geico Blvd.
Fredericksburg, VA    22412
Serve:  John Dahut, Esq.
        962 Wayne Avenue, Ste. 200
        Silver Spring, MD 20910

THE DISTRICT OF COLUMBIA,
A Municipal Corporation
441 4th Street, N.W.
Washington, DC 20001,
Serve:  Mayor Adrian Fenty
        1350 Pennsylvania Ave., NW, Room 419
        Washington, DC  20001

and

Attorney General Peter Nickles
Office of Attorney General
District of Columbia
441 4th Street, N.W.
Washington, DC  20001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOAN CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIDEWATER MACK, INC. *et al.* | ) |
| | ) |
| Defendants. | ) |

C.A. No. 07-CV-00883
Judge Richard J. Leon

**AFFIDAVIT OF MIA POWELL LILEY**

I, MIA POWELL LILEY, being duly sworn, states that the following is true to the best of my knowledge, information and belief:

1. I am the Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2. Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3. Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to the Office of Risk Management and recorded in its claims management system.

1

4. I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management. The result of this search has revealed that the Tort Liability Division of the District of Columbia Office of Risk Management has not received a claim notice from Joan Clark that refers to the claims described in her Complaint in Civil Action No. 07-00883 namely, that on May 13 2005, the Plaintiff, was in an automobile accident while traveling as a passenger in the 800 block of Southern Avenue Southeast until April 30, 2008.

MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I Susana Suarez a Notary Public in and for the District of Columbia, do hereby certify that MIA POWELL LILEY, whose name is signed to the foregoing affidavit, bearing the date of the ___12___ day of __May__, 2008, personally appeared before me and executed the said release, and acknowledged the same to be her act and deed. Given under my hand and official seal this ___12___ day of __May__, 2008.

Notary Public
My Commission Expires
NOTARY PUBLIC OF COLUMBIA
My Commission Expires

SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
August 14, 2010

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **JOAN CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 07-CV-00883** |
| | ) | **Judge Richard J. Leon** |
| **v.** | ) | |
| | ) | |
| **TIDEWATER MACK, INC.** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

ORDER

Upon consideration of the District's Motion to Dismiss, its memorandum of

points and authorities in support thereof, and the entire record herein, it is this _____day

of _____, 2008,

    **ORDERED** that the motion be, and the same hereby is, **GRANTED**; and it is

    **FURTHER ORDERED** that the case against Defendant District of Columbia is

hereby DISMISSED WITH PREJUDICE.


    SO ORDERED.


    DATE: _____        _____
                                                        RICHARD J. LEON
                                                        United States District Judge