UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAN CLARK v. ESTATE OF DAVID FLACH, SR., *et al.* | Civil Case No. 07-883 (RJL) |
| JOAN CLARK v. ESTATE OF DAVID FLACH, SR., *et al.* | Civil Case No. 08-779 (RJL) |

MEMORANDUM OPINION
(March 24, 2009)

Before the Court are motions to dismiss filed by the Estate of David Flach, Sr. (the "Flach Estate"), GEICO, and the District of Columbia in connection with plaintiff Joan Clark's lawsuits alleging negligence and breach of contract arising out of a 2005 car accident. Upon review of the parties' briefs, the entire record, and the applicable law, the Court GRANTS the defendants' motions.

BACKGROUND

These cases arise out of a car accident that took place on May 13, 2005 in the 800 block of Southern Avenue SE in the District of Columbia. (Am. Compl., No. 07cv883 [Dkt. #42], ¶ 9; Compl., No. 08cv779 [Dkt. #1], ¶ 9 (collectively "Clark Compl.").) A stolen 2003 Jaguar crashed at high speed into the vehicle in which plaintiff was a passenger, causing plaintiff to suffer severe and permanent injuries. (*Id.* ¶¶ 11, 15.) The two unknown individuals operating the Jaguar fled the scene on foot and were not apprehended. (*Id.* ¶ 14.) Plaintiff alleges that DC Metropolitan Police Department ("MPD") officers were pursuing the Jaguar at the time of the accident. (*Id.* ¶ 12.)

1

Plaintiff further alleges that the Jaguar was owned by David Flach, Sr. ("Flach"), who had loaned the car to defendant Anita Lacey ("Lacey") at some point prior to the accident.[1] (*Id.* ¶ 16.)

Plaintiff filed an initial complaint on May 10, 2007 asserting negligence claims against two Virginia corporations and John and Jane Doe (the "2007 action"). (Compl., No. 07cv883 [Dkt. #1].) Upon conducting discovery, plaintiff stipulated to the dismissal of her claims against the corporations and moved to amend her complaint, which Magistrate Judge Robinson granted on June 11, 2008.[2] Following plaintiff's motion to amend her complaint, but before Magistrate Judge Robinson's ruling, plaintiff also instituted a new action in this Court (the "2008 action"), filing as her complaint a verbatim copy of her proposed amended complaint in the 2007 action (the "Complaint"). In the Complaint, plaintiff asserts negligence claims against the Flach Estate and Lacey, a breach of contract claim against Flach's insurance provider, GEICO, and two gross negligence claims against the District of Columbia.[3] (Clark Compl., Counts I-VI.) The Flach Estate, GEICO, and the District have each moved to dismiss plaintiff's claims

---

[1] Plaintiff confusingly alleges both that Lacey had possession of the vehicle and that "[s]he also stated she had fallen asleep at a party on [sic] and someone took the vehicle." (Clark Compl. ¶ 17.)

[2] The Court referred all non-dispositive motions in the 2007 action to Magistrate Judge Robinson by Minute Order on October 30, 2007.

[3] Flach passed away in between the time of the accident and the filing of plaintiff's amended complaint in the 2007 action. (Mot. to Amend Compl. at 2, No. 07cv883 [Dkt. #33].)

against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[4] Lacey has not yet been served.

## LEGAL STANDARD

When evaluating a motion to dismiss for failure to state a claim, a court must assume all factual allegations to be true and draw all reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008). However, the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). While a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a plaintiff must furnish "more than labels and conclusions" and the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

## ANALYSIS

### I.     The Flach Estate's Motion to Dismiss

Plaintiff's Complaint alleges that by loaning Lacey his vehicle, Lacey became Flach's agent pursuant to the District of Columbia Motor Vehicle Safety Responsibility

---

[4] Flach and GEICO have only moved to dismiss plaintiff's Complaint in the 2008 action, as it does not appear that they have been served in the 2007 action. The District, however, has filed motions to dismiss in both the 2007 and 2008 actions. Because the 2007 action and the 2008 action rely on the same complaint, the Court, on its own motion, consolidates the cases for efficiency purposes. Fed. R. Civ. P. 42(a)(2)-(3).

Act ("MVSRA"), D.C. Code §§ 50-1301.01 *et seq.*, and therefore the Flach Estate is liable for Lacey's failure to maintain control of the vehicle. (Clark Compl. ¶¶ 19-22.) The Flach Estate contends that MVSRA does not apply because plaintiff admits that the car was stolen at the time of the accident. For the following reasons, I agree.

Under MVSRA, when an automobile is involved in an accident in the District, the operator of the vehicle is deemed an agent of the vehicle's owner *if* the operator was driving the vehicle with either the express or implied consent of the owner.[5] D.C. Code § 50-1301.08. MVSRA further creates a rebuttable presumption that the vehicle's operator at any given time is operating the car with the owner's consent. *Id.*; *Athridge v. Rivas*, 312 F.3d 474, 477 (D.C. Cir. 2002). MVSRA, however, does not create an expansive agency relationship between the owner of a vehicle and the person to whom the owner lends the vehicle. Rather, by its plain terms, MVSRA premises vicarious liability on the person to whom consent was given being the person driving the car at the time of the accident. *See* D.C. Code § 50-1301.08 (creating agency relationship when vehicle is "operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied"); *id.* § 50-1301.02(2)

---

[5]     MVSRA provides in pertinent part:

> Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

D.C. Code § 50-1301.08.

(defining "operator" under MVSRA as "every person who drives or is in actual physical control of a motor vehicle upon a public highway"). Here, plaintiff alleges in the Complaint, and therefore admits, *Shear v. Nat'l Rifle Ass'n of Am.*, 606 F.2d 1251, 1253 (D.C. Cir. 1979), that at the time of the accident the car was stolen and was being driven by two unknown individuals, (Clark Compl. ¶ 11).[6] A stolen car, by definition, is one that is operated without the owner's consent. Accordingly, even assuming that Flach consented to Lacey's use of the Jaguar, MVSRA cannot create an agency relationship between Flach and Lacey upon which the Flach Estate can be liable for an accident caused by Lacey's failure to prevent the Jaguar's theft and collision with plaintiff. *See Athridge*, 312 F.3d at 477 ("Under District of Columbia law, an automobile owner is entitled to judgment as a matter of law if he or she asserts *without contradiction* that the vehicle was taken and used without consent."); *Curtis v. Cuff*, 537 A.2d 1072, 1073 (D.C. 1987) ("Because appellant offered uncontested evidence to rebut the statutory presumption of consent, she was entitled to judgment as a matter of law."). Plaintiff's claim against the Flach Estate in both actions therefore must be dismissed.[7]

---

[6] In plaintiff's opposition brief, she attempts to call into question whether the car was, in fact, stolen, stating that plaintiff "ha[s] evidence that Defendant Lacey may have been the one driving the vehicle at the time of the accident." (Pl.'s Opp'n to Def. Flach Estate's Motion to Dismiss at 8, No. 08cv779 [Dkt. #12].) The Court, however, when evaluating a Rule 12(b)(6) motion, may not consider facts alleged only in the briefs, particularly when they conflict with those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994).

[7] The Court also notes that, given plaintiff's admission that the car was stolen, plaintiff's complaint fails to allege facts sufficient to plead a *prima facie* negligence claim, which requires alleging a causal link between the defendant's acts and the plaintiff's injury. *See District of Columbia v. Frick*, 291 A.2d 83, 84 (D.C. 1972). In ordinary circumstances, an intervening act by a third party "breaks the chain if it is not reasonably foreseeable." *McKethean v. Wash. Metro. Area Transit Auth.*, 588 A.2d 708, 716 (D.C. 1991). But when the intervening act is

## II.   GEICO's Motion to Dismiss

In a related claim, plaintiff brings a breach of contract claim against GEICO on the basis that GEICO, through an automobile insurance contract, "provided liability coverage for any claims that may have been brought against [Flach] resulting from the use of his vehicle." (Clark Compl. ¶ 30.) Plaintiff alleges that GEICO breached its duty pursuant to that contract to defend and provide coverage for "any claims that [plaintiff] may make as a result of her injuries," and is thus liable for damages owed plaintiff. (*Id.* ¶¶ 31-33.) Even assuming GEICO had such a contractual duty, however, plaintiff, as discussed above, has failed to plead a valid claim for liability against Flach in connection with the accident, much less secure a judgment against Flach that would authorize a direct action

---

criminal, a "more heightened showing of foreseeability" is required. *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 641 (D.C. 2005) (quoting *Potts v. District of Columbia*, 697 A.2d 1249, 1252 (D.C. 1997)). Indeed, "[i]n such a case, the plaintiff bears the burden of establishing that the criminal act *was so foreseeable that a duty arises to guard against it.*" *Id.* (emphasis in original). Here, plaintiff's only factual allegation as to Lacey's alleged negligence is that "[s]he also stated that she had fallen asleep at a party on [sic] and someone took the vehicle." (Compl. ¶ 17.) Plaintiff does not make any allegations as to whether Lacey should have, or could have, foreseen that her actions would have resulted in the criminal act of the car being stolen. Nor does plaintiff make any allegations that Lacey violated any public safety ordinances that would support a claim of negligence *per se*. *See Bailey v. J & B Trucking Servs., Inc.*, 590 F. Supp. 2d 4, 8, 10-11 (D.D.C. 2008) (the act of leaving keys in an unlocked and unattended vehicle on public property can constitute negligence *per se* under D.C. law); *Ross v. Hartman*, 139 F.2d 14, 14-16 (D.C. Cir. 1943) (truck owner liable for negligence *per se* where agent of owner left truck "unattended in a public alley, with the ignition unlocked and the key in the switch," in violation of traffic ordinance). Accordingly, even if the Flach Estate could be held vicariously liable under MVSRA for Lacey's alleged negligence in allowing the car to be stolen, plaintiff has failed to allege facts sufficient to plead a *prima facie* claim. And finally, despite also characterizing her negligence claim in her opposition brief as one of negligent entrustment given Lacey's supposed "past history of untrustworthiness," (Pl.'s Opp'n to Def. Flach Estate's Motion to Dismiss at 6-7), plaintiff fails to plead any factual allegations as to whether Flach knew, or should have known, that Lacey intended or was likely to use his vehicle in such a manner as to create an unreasonable risk of harm to others. *See Athridge v. Rivas*, 141 F.3d 357, 363 (D.C. Cir. 1998).

against GEICO. Plaintiff's claim against GEICO in both actions therefore must also be dismissed for failure to state a claim.[8] *See Young Women's Christian Ass'n of Nat. Capital Area, Inc. v. All State Ins.*, 158 F.R.D. 6, 8 (D.D.C. 1994) ("[A] plaintiff seeking to secure the benefits of an insurance policy has the burden of pleading that he has a right to recover under the terms of the policy."); *A.S. Johnson Co. v. Atlantic Masonry Co.*, 693 A.2d 1117, 1119 n.1 (D.C. 1997) ("[L]iability policies are only required to afford a direct action by an injured party against an insurer after a judgment has been obtained against the assured, which is unsatisfied after execution." (quoting *Gorman v. St. Paul Fire & Marine Ins. Co.*, 121 A.2d 812, 815 (Md. 1956))).

### III.  The District's Motions to Dismiss

Finally, plaintiff's Complaint alleges that the District, through its police officers and employees, was grossly negligent by pursuing the stolen Jaguar at high speeds though crowded streets and by failing to properly hire, train, and control its police officers. (Clark Compl. ¶¶ 34-43.) The District contends that plaintiff's claims against it must be dismissed on account of plaintiff's failure to comply with the D.C. Code's notice requirement. D.C. Code § 12-309. For the following reasons, I agree.

D.C. Code § 12-309 requires potential tort plaintiffs to give written notice to the District within six months of an injury in order to bring suit.[9] The notice requirement's

---

[8] In this instance, because GEICO filed an answer prior to filing its motion to dismiss, the Court formally construes GEICO's motion as a motion for judgment on the pleadings pursuant to Rule 12(c). Fed. R. Civ. P. 12(c). However, because the same substantive standard applies for both motions, *Holt v. Davidson*, 441 F. Supp. 2d 92, 94-95 (D.D.C. 2006), the Court's analysis is unaffected.

[9] D.C. Code § 12-309 provides:

purpose is "to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978). Compliance with the notice requirement is mandatory and, because "it is in derogation of the common law principle of sovereign immunity," it is "construed narrowly against claimants." *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995); *see also Tucci v. District of Columbia*, 956 A.2d 684, 693-96 (D.C. 2008).

It is uncontested that plaintiff did *not* provide written notice to the District. (Pl.'s Opp'n to Def. District of Columbia's Motion to Dismiss at 3-4, No. 08cv779 [Dkt. #19].) Plaintiff argues, not surprisingly, that the District was nevertheless on actual notice "based on the police reports created contemporaneously with the accident." (*Id.* at 4.) Indeed, police reports created in the regular course of duty are permissible alternatives under the notice requirement. D.C. Code § 12-309 ("A report in writing by the [MPD], in regular course of duty, is a sufficient notice under this section."). However, whether any given police report satisfies § 12-309 is a question of law, *see Doe v. District of Columbia*, 697 A.2d 23, 24 (D.C. 1997), and, for the following reasons, the reports plaintiff relies on in this case did not!

---

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the [MPD], in regular course of duty, is a sufficient notice under this section.

In order for a police report to qualify as notice, it must "contain information as to time, place, cause and circumstances of injury or damage with at least the same degree of specificity required of a written notice." *Miller v. Spencer*, 330 A.2d 250, 252 (D.C. 1974). It must also provide the requisite information with enough particularity that "it could be reasonably anticipated that a claim against the District might arise." *Pitts*, 391 A.2d at 809; *see also Washington v. District of Columbia*, 429 A.2d 1362, 1366 (D.C. 1981) (a police report will suffice if it "describe[s] the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability"). When evaluating the content of a police report under § 12-309, courts must interpret the requirements liberally and resolve close cases in favor of finding compliance with the statute. *Wharton v. District of Columbia*, 666 A.2d 1227, 1230 (D.C. 1995). Disputes under § 12-309 are "an area where no 'bright line' tests are applicable" and courts must resolve them on a case-by-case basis. *Pitts*, 391 A.2d at 808.

Here, neither the police reports, nor the Event Chronology, on which plaintiff relies provided sufficient notice to satisfy § 12-309. The two police reports, a PD-10 Traffic Accident Report and a PD-66B Evidence Report, merely describe a hit-and-run traffic accident between plaintiff's vehicle and the stolen jaguar. (Pl.'s Opp'n to Def. District of Columbia's Motion to Dismiss, Exs. 2-3.) While the Traffic Accident Report documents plaintiff's injury and states that the Jaguar was traveling at "a high rate of speed" when it caused the accident, neither report indicates any involvement by the

9

District or its police officers in the events leading up to the accident.[10] (*Id.*) The Event Chronology, while providing more information about the District's conduct, does not cure this shortcoming. The chronology, which appears to be a computer-generated log documenting communications from officers in the field relating to the accident investigation, states in pertinent part: "GRAY JAGUAR WAS FOLLOWED" and "BOTH SUBJS CRASHED THE SILVER JAGUAR AND FLED THE SCENE INTO PG COUNTY THROUGH THE TIGERMART TOWARDS SOUTHERNVIEW APTS. SUBJS POSSIBLY ARMED, SUBJS WERE BEING FOLLOWED Y [sic] CR8632 ON SOUTHERN AVE AND REFUSED TO STOP." (Pl.'s Opp'n to Def. District of Columbia's Motion to Dismiss, Ex. 1, Event Chronology.) Unlike cases where the District's direct involvement in the injurious event is apparent on the face of the police report, such as when District employees directly cause an injury, *e.g.*, *Jones v. Ritter*, 587 F. Supp. 2d 152, 158-59 (D.D.C. 2008) (assault and battery during arrest), or the injury occurs on District property, *e.g.*, *Pitts*, 391 A.2d at 809-810 (slip-and-fall in public housing), the statements in the Event Chronology only reveal that a District police cruiser was *following* the Jaguar at the time of the accident. The chronology, on its face, does

---

[10] The narrative portion of the Traffic Accident Report states:

> On 05-13-05 at approximately 1355 hours, D-1 was traveling E/B in the 800 block of Southern Avenue, SE at a high rate of speed, crossed over the double yellow lines striking D-2's vehicle causing it to spin out of control. D-1's vehicle also spun out of control before coming to a complete stop at which time D-1 and the passenger jumped out of vehicle and fled the scene in the wooded area in the 800 block of Southern Ave., SE.

(Pl.'s Opp'n to Def. District of Columbia's Motion to Dismiss, Ex. 2 at 4.) The Evidence Report similarly only indicates that a hit-and-run accident involving a stolen vehicle occurred and documents the various items and prints recovered from the vehicle. (*Id.*, Ex. 3 at 1.)

not reveal whether the police were "pursuing" the Jaguar in a manner, or with an intent, to induce a traffic stop, or whether the cruiser even had its emergency lights on. Proximity to the accident does not, alone, indicate involvement by the District, and therefore any inference of potential liability based on the chronology is too remote to satisfy § 12-309, particularly given that the formal police report fails to reference police involvement in any capacity.[11] *Cf. Doe*, 697 A.2d at 27-29 (in case involving negligence claim for failure to intervene to remove child from abusive home environment, police reports insufficient where they "d[id] not refer to any direct involvement by the District in determining [child's] primary caretaker or residence"); *Braxton v. Nat'l Capital Hous. Auth.*, 396 A.2d 215, 217 (D.C. 1978) (police report failed to satisfy § 12-309 where it contained no indication that District employees were involved in the events leading up to the burglary and theft). Accordingly, because the police report and Event Chronology fail to "reveal, in [themselves], a basis for the District's potential liability," the Court will dismiss plaintiff's claims against the District in both actions.[12] *Washington*, 429 A.2d at 1366.

---

[11] The Court also notes, in any event, that it is not entirely clear that the Event Chronology qualifies as a type of police report sufficient to provide notice under § 12-309. While the District does not argue that the chronology was not created in the regular course of duty, the chronology's (apparent) automated nature raises questions as to whether it is, in fact, the type of "report in writing" contemplated in § 12-309. *See Doe*, 697 A.2d at 28 ("Section 12-309 makes clear that police reports are the only acceptable alternatives to a formal notice. The court is not free to go beyond the express language of the statute and authorize any additional documents to meet its requirements.").

[12] Plaintiff's argument that the purpose of § 12-309 was satisfied because the police reports indicate that the District was "afforded ample time to conduct an investigation" and that the District did, in fact, conduct an investigation misses the mark. (Pl.'s Opp'n to Def. District of Columbia's Motion to Dismiss at 5.) The purpose of § 12-309 is "to allow the District to

## CONCLUSION

Thus for all the foregoing reasons, the Court GRANTS the Estate of David Flach, Sr.'s, the District of Columbia's, and GEICO's motions to dismiss. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

conduct a prompt investigation *of the injured person's claim*," *Doe*, 697 A.2d at 27 (emphasis added), separate and apart from any investigation the District may conduct as a matter of course into a hit-and-run automobile accident involving a stolen vehicle, as the District performed here.